# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| NORTHERN ALASKA ENVIRONMENTAL CENTER, *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>SCOTT DE LA VEGA, in his official capacity as Acting Secretary of the Interior, *et al.*,<br><br>    Defendants,<br><br>    and<br><br>AMBLER METALS LLC, *et al.*,<br><br>    Intervenor-Defendants. | Case No. 3:20-cv-00187-SLG |

## ORDER RE STATE OF ALASKA'S MOTION TO INTERVENE

Before the Court at Docket 30 is the State of Alaska's motion to intervene in this action pursuant to Federal Rules of Civil Procedure 24(a) or 24(b). Plaintiffs filed an opposition to the motion at Docket 31, to which the State replied at Docket 34-3. No other party opposes the motion.[1]

The State seeks to intervene as of right pursuant to Rule 24(a) or, alternatively, to intervene by permission pursuant Rule 24(b). Rule 24(a)(2) requires a court to allow intervention as of right by a party who "claims an interest

---

[1] Docket 30 at 2.

relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."  A party seeking to intervene pursuant to Rule 24(a)(2) must meet four requirements:

> (1) the applicant must timely move to intervene; (2) the applicant must have a significantly protectable interest relating to the property or transaction that is the subject of the action; (3) the applicant must be situated such that the disposition of the action may impair or impede the party's ability to protect that interest; and (4) the applicant's interest must not be adequately represented by existing parties.[2]

Plaintiffs do not contest that the first three requirements are met.[3]  Instead, Plaintiffs maintain that the State's interest in this case is already adequately represented, as its interest is "indistinguishable from the interests of the [intervenor-defendant] Alaska Industrial Development and Export Authority ('AIDEA')."[4]  Plaintiffs add that "[t]he presumption of adequate representation applies because there is no difference between AIDEA's interests and the interests of the State and there is 'no possible divergence between their position[s] . . . on the primary issue.'"[5]

---

[2] *Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003), *as amended* (May 13, 2003) (citing *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998)).

[3] Docket 31 at 2.

[4] Docket 31 at 2.

[5] Docket 31 at 4 (second alteration in original) (quoting *Envtl. Def. Fund, Inc. v Higginson*, 631 F.2d 738, 739 (D.C. Cir. 1979)).

Case No. 3:20-cv-00187-SLG, *Northern Alaska Environmental Center, et al. v. de la Vega, et al.*
Order re State of Alaska's Motion to Intervene
Page 2 of 5
Case 3:20-cv-00187-SLG   Document 37   Filed 01/22/21   Page 2 of 5

The Court finds that there is a presumption of adequacy of representation because AIDEA and the State have the same ultimate objective in this case: The progression of the Ambler Access Project.[6] However, the Court also finds that the State has overcome this presumption, as it has made a compelling showing that its interests are considerably broader than AIDEA's interests.[7] Specifically, the State has an interest in more than just the Project, but in the greater management of the State's land through which the road is slated to run, management of numerous mining claims in the Ambler Mining District, and long-term management of Alaska's natural resources.[8] In contrast, AIDEA's narrower "purpose for the Project is to support mineral resource exploration and development in the Ambler Mining District" by "provid[ing] surface transportation access to the District . . . ."[9] Moreover, the State has a considerable economic interest in the Ambler Access Project because it maintains that road access to mines may generate hundreds of millions of dollars in revenue for the State and provide employment.[10] And the State asserts that it "has broader concerns regarding the NEPA and ANILCA Title

---

[6] *See* Docket 34-3 at 2-3 (citing *Sw. Ctr. for Biological Diversity v. Berg*, 268 F. 3d 810, 823 (9th Cir. 2001)).

[7] *See Perry v. Proposition 8 Official Proponents*, 587 F. 3d 947, 951 (9th Cir. 2009) (holding that proposed intervenor can rebut presumption of adequacy with "compelling showing").

[8] Docket 30-1 at 7; Docket 34-3 at 3.

[9] Docket 19 at 4.

[10] Docket 30-1 at 6.

Case No. 3:20-cv-00187-SLG, *Northern Alaska Environmental Center, et al. v. de la Vega, et al.*
Order re State of Alaska's Motion to Intervene
Page 3 of 5
Case 3:20-cv-00187-SLG   Document 37   Filed 01/22/21   Page 3 of 5

XI precedent that could be set by this litigation."[11]  AIDEA's interests are narrower, and focus on its commitment to the Ambler Access Project, as it has received authorizations and permits required to pursue the Project and "has invested millions of dollars in the Ambler Access Project."[12]  Due to these differences in interests, the State has overcome the presumption that AIDEA would adequately

A court is to consider three factors in determining the adequacy of representation:

> (1) Whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect.[13]

Having considered these factors, the Court finds that AIDEA is not certain to make all of the State's arguments regarding the State's broader interests and obligations; that AIDEA may not be able to capably make all of the State's arguments; and that that the State may be able to provide the Court with a perspective and information that AIDEA would not.  The State has persuasively demonstrated that "the administration of mining claims, transport corridors, or the day-to-day realities of

---

[11] Docket 30-1 at 18.

[12] Docket 19 at 9, 13.

[13] *Arakaki*, 324 F.3d at 1086  (citing *California v. Tahoe Reg'l Planning Agency*, 792 F.2d 775, 778 (9th Cir. 1986)).

Case No. 3:20-cv-00187-SLG, *Northern Alaska Environmental Center, et al. v. de la Vega, et al.*
Order re State of Alaska's Motion to Intervene
Page 4 of 5
Case 3:20-cv-00187-SLG   Document 37   Filed 01/22/21   Page 4 of 5

state land and natural resource management . . . are matters that only the State of Alaska can effectively advocate."[14]

In light of the foregoing, IT IS ORDERED that the motion at Docket 30 is GRANTED. However, in an effort to prevent cumulative arguments and enhance the efficient conduct of this case, IT IS FURTHER ORDERED (1) that the opposition briefing of all Intervenor-Defendants shall be filed one week after Federal Defendants' merits briefing, unless otherwise ordered; and (2) that AIDEA and the State shall meet and confer prior to the filing of any motion, responsive filing, or merits brief to determine whether their positions may be set forth in a consolidated document—separate filings by these Intervenors shall include a certificate of compliance with this requirement and briefly describe the need for separate filings.

The State shall file a clean copy of its answer within 7 days of the date of this order.

DATED this 22nd day of January, 2021, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[14] Docket 30-1 at 18.

Case No. 3:20-cv-00187-SLG, *Northern Alaska Environmental Center, et al. v. de la Vega, et al.*
Order re State of Alaska's Motion to Intervene
Page 5 of 5

Case 3:20-cv-00187-SLG   Document 37   Filed 01/22/21   Page 5 of 5