Kyle W. Parker, ABA No. 9212124
David J. Mayberry, ABA No. 9611062
HOLLAND & HART LLP
1029 W. 3rd Avenue, Suite 550
Anchorage, Alaska 99501
Telephone:    (907) 865-2600
Facsimile:     (907) 865-2680
kwparker@hollandhart.com
djmayberry@hollandhart.com

*Attorneys for Alaska Industrial Development
and Export Authority*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| NORTHERN ALASKA ENVIRONMENTAL CENTER, *et al.*,<br><br>            Plaintiffs,<br>vs.<br><br>DEBRA HAALAND, *in her official capacity as Secretary of Interior*, *et al.*,<br><br>            Defendants,<br><br>and<br><br>AMBLER METALS LLC and ALASKA INDUSTRIAL DEVELOPMENT AND EXPORT AUTHORITY,<br><br>            Intervenor-Defendants. | Case No. 3:20-cv-00187-SLG |

## **AIDEA'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT**

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, intervenor-defendant Alaska Industrial Development and Export Authority ("AIDEA") hereby states the following for its Answer to Plaintiffs' Second Amended Complaint ("Complaint"), document no. ECF-45.

Any factual allegation admitted in AIDEA's Answer is admitted only as to the specific fact asserted and not as to any conclusions, characterizations or inferences drawn therefrom by Plaintiffs. The denial of any factual allegation may not be construed as an admission of the negative of such allegation. AIDEA denies each and every assertion in the Complaint, except as specifically admitted, qualified or otherwise responded to herein. AIDEA follows the format of the Complaint for ease of reference only and denies any assertion contained in any heading or other formatting of Plaintiffs' Complaint or inference drawn therefrom.

## I.    NATURE OF THE CASE

1.     AIDEA admits that the southern Brooks Range and Gates of the Arctic National Park and Preserve ("Gates of the Arctic") provide habitat for numerous species, provide recreational opportunities and are home to rural communities. AIDEA denies any remaining allegations.

2.     AIDEA admits that Defendants issued AIDEA permits and authorizations to build a road to the Ambler Mining District, that it is a public corporation owned by the State of Alaska and that it will assist with financing construction of the road. The permits

AIDEA'S ANSWER TO SECOND AMENDED COMPLAINT
*Northern Alaska Environmental Center v. Haaland,* Case No. 3:20-cv-00187-SLG
Page 2 of 37

and authorizations issued to AIDEA otherwise speak for themselves. AIDEA denies and remaining allegations.

3. The first and second sentences of Paragraph 3 purport to characterize AIDEA's applications, which speak for themselves. AIDEA denies any allegations inconsistent with the contents of its applications. AIDEA admits that Defendants performed reviews of AIDEA's applications and approved permits for AIDEA. The fourth sentence of Paragraph state legal conclusions to which no response is required, and to the extent a response is required, AIDEA denies the allegations.

4. The allegations of Paragraph 4 state legal conclusions to which no response is required, and to the extent a response is required, AIDEA denies the allegations.

5. The allegations of Paragraph 5 characterize Plaintiffs' case and state legal conclusions to which no response is required, and to the extent a response is required, AIDEA denies the allegations.

## II. JURISDICTION AND VENUE

6. The allegations of Paragraph 6 state legal conclusions to which no response is required, and to the extent a response is required, AIDEA denies the allegations.

7. The allegations of Paragraph 7 state legal conclusions to which no response is required, and to the extent a response is required, AIDEA denies the allegations.

8. The allegations of Paragraph 8 state legal conclusions to which no response is required, and to the extent a response is required, AIDEA denies the allegations.

AIDEA'S ANSWER TO SECOND AMENDED COMPLAINT
*Northern Alaska Environmental Center v. Haaland,* Case No. 3:20-cv-00187-SLG
Page 3 of 37

Case 3:20-cv-00187-SLG   Document 47   Filed 04/09/21   Page 3 of 37

9.     The allegations of Paragraph 9 state legal conclusions to which no response is required, and to the extent a response is required, AIDEA denies the allegations.

### III.     PARTIES

10.     AIDEA lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph, and the allegations are therefor denied.

11.     AIDEA lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph, and the allegations are therefor denied.

12.     AIDEA lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph, and the allegations are therefor denied.

13.     AIDEA lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph, and the allegations are therefor denied.

14.     AIDEA lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph, and the allegations are therefor denied.

15.     AIDEA lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph, and the allegations are therefor denied.

16.     AIDEA lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph, and the allegations are therefor denied.

17.     AIDEA lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph, and the allegations are therefor denied.

18.     AIDEA lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph, and the allegations are therefor denied.

19.     AIDEA lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph, and the allegations are therefor denied.

20.     AIDEA lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph, and the allegations are therefor denied.

21.     AIDEA lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph, and the allegations are therefor denied.

22.     AIDEA lacks knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph, and the allegations are therefor denied.

23.     The allegations of Paragraph 23 state legal conclusions to which no response is required, and to the extent a response is required, AIDEA denies the allegations.

24.     The allegations of Paragraph 24 state legal conclusions to which no response is required, and to the extent a response is required, AIDEA denies the allegations.

25.     The allegations of Paragraph 25 state legal conclusions to which no response is required, and to the extent a response is required, AIDEA denies the allegations.

26.     The allegations of Paragraph 26 state legal conclusions to which no response is required, and to the extent a response is required, AIDEA denies the allegations.

27.     Admitted.

28.     Admitted.

29.     With respect to the first sentence of this paragraph, AIDEA admits that Laura Daniel Davis is the Principal Deputy Assistant Secretary for Land and Minerals Management ("PDAS") and that under DOI's succession order for the Assistant Secretary for Land and Minerals ("ASLM") position, the PDAS is authorized to exercise the non-exclusive delegated authority of the ASLM when there is a vacancy. AIDEA denies the remaining allegations in the first sentence. AIDEA admits the second sentence of Paragraph 29.

30.     Admitted.

31.     Admitted.

32.     Admitted.

33.     Admitted.

34.     AIDEA admits the first sentence of Paragraph 34. AIDEA admits that the National Park Service ("NPS") prepared an Environmental and Economic Analysis ("EEA") that was used to determine the route of the Ambler Road through the Gates of

the Arctic. The remainder of this paragraph states legal conclusions to which no response is required, and to the extent a response is required, AIDEA denies the allegations.

35.     Admitted.

36.     Admitted.

## IV.     STATEMENT OF FACTS

37.     AIDEA admit that the southern Brooks Range and Gates of the Arctic National Park and Preserve provide habitat to wildlife species and recreational opportunities, including within federally designated Wilderness. The remaining allegations of Paragraph 37 are otherwise vague and ambiguous, and AIDEA denies them on that basis.

38.     With respect to the first sentence of Paragraph 38, AIDEA admit that Gates of the Arctic is one of a group of contiguous National Park System units in Northwest Alaska that together contain over 16 million acres managed by the NPS. AIDEA denies the remaining allegations of the first sentence of Paragraph 38. The remaining allegations of Paragraph 38 are vague and ambiguous, and AIDEA denies them on that basis.

39.     AIDEA admits that people have lived in the Brooks Range for more than 13,000 years, that eleven residential communities are associated with the Gates of the Arctic, and that people conduct subsistence activities within and around the Park. The

remaining allegations of Paragraph 39 are unduly vague or ambiguous, and AIDEA denies them on that basis.

40. The allegations in the first sentence of Paragraph 40 are unduly vague or ambiguous, and AIDEA denies them on that basis. AIDEA admit the allegations in the second and third sentences of Paragraph 40.

41. With respect to the allegations in the first sentence of Paragraph 41, AIDEA admits that the Gates of the Arctic encompasses approximately eight million contiguous acres. The remaining allegations of the first sentence of Paragraph 41 are unduly vague or ambiguous, and AIDEA denies them on that basis. AIDEA admits the allegations of the second and third sentences of Paragraph 41. The allegations in the fourth sentence of Paragraph 41 are unduly vague or ambiguous, and AIDEA denies them on that basis.

42. With respect to the allegations in the first sentence of Paragraph 41, AIDEA admits that the Gates of the Arctic encompasses approximately eight million contiguous acres. The remaining allegations of the first sentence of Paragraph 41 are unduly vague or ambiguous, and AIDEA denies them on that basis. AIDEA admits the allegations of the second and third sentences of Paragraph 41. The allegations in the fourth sentence of Paragraph 41 are unduly vague or ambiguous, and AIDEA denies them on that basis.

AIDEA'S ANSWER TO SECOND AMENDED COMPLAINT
*Northern Alaska Environmental Center v. Haaland,* Case No. 3:20-cv-00187-SLG
Page 8 of 37

Case 3:20-cv-00187-SLG   Document 47   Filed 04/09/21   Page 8 of 37

43.     The allegations of Paragraph 43 purport to characterize ANILCA, which speaks for itself.  Any allegations inconsistent with ANILCA are denied.

44.     The allegations of the first sentence of Paragraph 44 purport to categorize ANILCA, which speaks for itself.   Any allegations inconsistent with ANILCA are denied.  With respect to the second sentence of Paragraph 44, AIDEA admits that the Kobuk River flows from its headwaters in the Endicott Mountains and Walker Lake, where recreational float trips originate, through a broad valley.   AIDEA admits the allegations of the third sentence of Paragraph 44.

45.     With respect to the allegations in Paragraph 45, AIDEA admits that a portion of the Western Arctic Caribou Herd at times uses the road alignment area and that subsistence users in this part of Northwestern Alaska hunt caribou.  The remaining allegations of Paragraph 45 are otherwise unduly vague or ambiguous, and AIDEA denies them on that basis.

46.     AIDEA admits that the area to be traversed by the Ambler Road as approved provides habitat for moose and other terrestrial mammals and that subsistence users in this part of Northwest Alaska hunt them.  The remaining allegations of Paragraph 46 are otherwise unduly vague or ambiguous, and AIDEA denies them on that basis.

47.     With respect to the allegations in Paragraph 47, AIDEA admits that fish, including salmon, whitefish, and sheefish, have been a large proportion of the subsistence diet of indigenous people of Alaska, and that salmon and other fish species are found in

many large rivers and tributaries in the area to be traversed by the Ambler Road as approved. The allegations of Paragraph 47 are otherwise vague and ambiguous, and AIDEA denies them on that basis.

48.     AIDEA admits the allegations in the first and second sentences of Paragraph 48. The remaining allegations of Paragraph 48 are otherwise unduly vague or ambiguous, and AIDEA denies them on that basis.

49.     Admitted.

50.     Admitted.

51.     Paragraph 51 purports to characterize statements made by Rick Van Niewenhuyse, former chief executive of Trilogy Metals, which speak for themselves. Any allegations inconsistent with the statements are denied.

52.     Admitted.

53.     Admitted.

54.     The allegations of Paragraph 54 purport to characterize AIDEA's application, which speaks for itself. Any allegations inconsistent with AIDEA's application are denied. To the extent further response is required, AIDEA admits that a primary purpose of AIDEA's application is to provide access to mining-related industrial uses, although some limited additional uses may be allowed as set forth in the applicable records of decision. The allegations of Paragraph 54 are otherwise unduly vague or ambiguous, and AIDEA denies them on that basis.

55. Admitted.

56. With respect to the allegations of Paragraph 56, AIDEA admits that some communities that would be impacted have passed resolutions opposing the Ambler Road. The remaining allegations are unduly vague or ambiguous, and AIDEA denies them on that basis.

57. With respect to the allegations of Paragraph 57, AIDEA admits that AIDEA intends to fund construction of the road. The allegations otherwise quote a statement on a website that speaks for itself. Any allegations inconsistent with the statement are denied.

58. Admitted.

59. AIDEA admits that the U.S. Coast Guard issued a letter to AIDEA dated January 22, 2016, which speaks for itself. Any remaining allegations are denied.

60. AIDEA admits the allegations of the first sentence of Paragraph 60. With respect to the second sentence of Paragraph 60, AIDEA admits that BLM and the Corps deemed the application complete, and NPS deemed it sufficient. The remaining allegations of the second sentence of Paragraph 60 are unduly vague or ambiguous, and AIDEA denies them on that basis. The allegations of the third sentence of Paragraph 60 state legal conclusions to which no response is required, and to the extent a response is required, AIDEA denies them.

61. The allegations of paragraph 61 are unduly vague or ambiguous, and AIDEA denies them on that basis.

62. The allegations of Paragraph 62 purport to characterize AIDEA's Revised Permit Application, which speaks for itself. Any allegations inconsistent with AIDEA's Revised Permit Application are denied.

63. AIDEA admits that on February 28, 2017, the BLM published a Notice of Intent to prepare an Environmental Impact Statement in the Federal Register (82 Federal Register 12119). AIDEA admits that on October 27, 2014, the NPS published a Proposed Information Collection relating to the Environmental and Economic Analysis in the Federal Register (79 Federal Register 63939). The remaining allegations in Paragraph 63 are unduly vague or ambiguous, and AIDEA denies them on that basis.

64. AIDEA admits that the Corps and Coast Guard were cooperating agencies on the EIS, that the Corps exercises jurisdiction over waters of the United States and that the Coast Guard exercises review of bridges crossing navigable waters. The remaining allegations of Paragraph 64 state legal conclusions, to which no response is required, and to the extent a response is required, AIDEA denies each of the allegations.

65. The allegations of Paragraph 65 purport to characterize AIDEA's permit application, which speaks for itself. Any allegations inconsistent with AIDEA's permit application are denied.

66. The first and second sentences of Paragraph 66 purport to characterize AIDEA's permit application, which speaks for itself, but AIDEA admits that the road

would require gravel mines. Any allegations inconsistent with AIDEA's permit application are denied. AIDEA admits the third sentence of Paragraph 66.

67. AIDEA admits only that BLM and NPS received over 7,000 written scoping comments, in addition to oral comments made during 11 public scoping meetings on the EIS and EEA, including comments from Plaintiffs, and that some of these comments identified perceived issues with the EIS and EEA. The remaining allegations in Paragraph 67 are unduly vague or ambiguous, and AIDEA denies them on that basis.

68. Admitted.

69. With respect to the allegations in Paragraph 69, AIDEA admits that BLM, the Corps, and NPS received tens of thousands of public comments on the EIS, the Corps' Public Notice, and the draft EEA, including comments opposed to the Ambler Road. The remaining allegations in Paragraph 69 are unduly vague or ambiguous, and AIDEA denies them on that basis.

70. The allegations of Paragraph 70 purport to characterize the draft EIS, which speaks for itself. Any allegations inconsistent with the draft EIS are denied.

71. The allegations of Paragraph 71 purport to characterize the draft EIS, which speaks for itself and provides the best evidence of its contents. Any allegations inconsistent with the draft EIS are denied.

72. With respect to the allegations in Paragraph 72, AIDEA admits only that

they received approximately 29,000 comments on the draft EIS, including some comments from organizations, including each of the Plaintiffs, and the U.S. Environmental Protection Agency, and that some of these comments advocated for the agencies to consider mining in the Ambler Mining District as a connected action. The remaining allegations in Paragraph 72 are unduly vague or ambiguous, and AIDEA denies them on that basis.

73.     AIDEA admits that the draft EIS contained a review of mining impacts as part of the cumulative effects and indirect effects analysis for the Ambler Road and that some commenters critiqued the cumulative effects analysis as alleged in the second sentence of Paragraph 73. The remaining allegations of this paragraph are unduly vague or ambiguous, and AIDEA denies them on that basis.

74.     The allegations of the first sentence of Paragraph 74 purport to characterize documents, "Groups'" comments on the EIS, which speak for themselves. Any allegations inconsistent with those comments are denied. The second sentence of Paragraph 74 purports to characterize the EIS, which speaks for itself. Any allegations inconsistent with the EIS are denied.

75.     The allegations in Paragraph 75 purport to characterize "Groups" comments, which speak for themselves. Any allegations inconsistent with those comments are denied.

76.    The allegations in Paragraph 76 purport to characterize "Groups'" comments, which speak for themselves.   Any allegations inconsistent with those comments are denied.

77.    The allegations in Paragraph 77 purport to characterize "Groups'" comments, which speak for themselves.  Any allegations inconsistent with those comments are denied.

78.    The allegations of the first sentence of Paragraph 78 purport to characterize the draft EIS, which speaks for itself.  Any allegations inconsistent with the draft EIS are denied.   The second sentence of Paragraph 77 purports to characterize "Groups'" comments, which speak for themselves.  Any allegations inconsistent those comments are denied.   The remaining allegations of the second sentence of Paragraph 78, and the allegations of the third sentence of Paragraph 78 are denied.

79.    The allegations in the first three sentences of Paragraph 79 purport to characterize "Groups" comments, which speak for themselves.   Any allegations inconsistent with those comments ae denied.  AIDEA denies the allegations in the fourth sentence of Paragraph 79.

80.    The allegations of Paragraph 80 purport to characterize "Groups'" comments, which speak for themselves. Any allegations inconsistent with those comments are denied.

AIDEA'S ANSWER TO SECOND AMENDED COMPLAINT
*Northern Alaska Environmental Center v. Haaland,* Case No. 3:20-cv-00187-SLG
Page 15 of 37

Case 3:20-cv-00187-SLG   Document 47   Filed 04/09/21   Page 15 of 37

81.     The allegations in Paragraph 81 purport to characterize comments on the EIS, which speak for themselves. Any allegations inconsistent with those comments are denied.

82.     AIDEA admits that the Corps sent a letter to BLM, the contents of which were relayed to AIDEA.  The remaining allegations of the first and second sentences of Paragraph 82 purport to characterize the letter, which speaks for itself.  Any allegations inconsistent with the letter are denied.  AIDEA denies the allegations of the third sentence of Paragraph 82.

83.     Admitted.

84.     The allegations of Paragraph 84 purport to characterize documents, EPA's comments on the draft EIS and the Corps' Public Notice, each of which speaks for itself. Any allegations inconsistent with these materials are denied.

85.     The first sentence of Paragraph 85 purports to characterize the Clean Water Act and a Memorandum of Agreement, which speak for themselves.  Any allegations inconsistent with these materials are denied. The second sentence of Paragraph 85 purports to characterize EPA's comments on the draft EIS and the Corps' Public Notice, which speak for themselves.  Any allegations inconsistent with these materials are denied.

86.     Admitted.

87.     Denied.

AIDEA'S ANSWER TO SECOND AMENDED COMPLAINT
*Northern Alaska Environmental Center v. Haaland,* Case No. 3:20-cv-00187-SLG
Page 16 of 37

Case 3:20-cv-00187-SLG   Document 47   Filed 04/09/21   Page 16 of 37

88.     The allegations in the first two sentences of Paragraph 88 purport to characterize Appendix N to the Final EIS, which speaks for itself.  Any allegations inconsistent with that document are denied.  Regarding the allegations in the third sentence of Paragraph 88, AIDEA admits that the Final EIS contains statements about project components that will mitigate impacts of the project.  The remaining allegations in the third sentence of Paragraph 88 are unduly vague and ambiguous, and AIDEA denies them on that basis.  AIDEA denies the allegations in the fourth sentence of Paragraph 88.

89.     The allegations in Paragraph 89 purport to characterize the EIS, which speaks for itself.  Any allegations inconsistent with the EIS are denied.

90.     Denied.

91.     Denied.

92.     The allegations in the first sentence of Paragraph 92 are unduly vague or ambiguous, and AIDEA denies them on that basis.  The allegations in the second sentence of Paragraph 92 purport to characterize Appendix Q, which speaks for itself.  Any allegations inconsistent with Appendix Q are denied.

93.     Admitted.

94.     The allegations of Paragraph 94 state legal conclusions, to which no response is required, and to the extent a response is required, AIDEA denies them.

95.     The allegations in the first sentence of Paragraph 95 purport to characterize the JROD, which speaks for itself.  Any allegations inconsistent with the JROD are denied.  AIDEA admits the allegations in the second sentence of Paragraph 95.

96.     Regarding the first sentence of Paragraph 96, AIDEA admits that AIDEA modified its project proposal in the revised permit application.  The remaining allegations of the first sentence of Paragraph 96 are unduly vague or ambiguous, and AIDEA denies them on that basis.  The allegations of the second and third sentences of Paragraph 96 purport to characterize the JROD, which speaks for itself.  Any allegations inconsistent with the JROD are denied.  AIDEA admits the allegations in the fourth sentence of Paragraph 96.

97.     Admitted.

98.     The allegations of Paragraph 98 purport to characterize the JROD, which speaks for itself.  Any allegations inconsistent with the JROD are denied.

99.     Regarding the first sentence of Paragraph 99, AIDEA admits that BLM approved Alternative A as described in the Final EIS and AIDEA's application to BLM, and that DOI approved the Northern Alignment as described in the EEA and AIDEA's application to it, each for a 50 year right-of-way term and for all three phases of the proposed project.  Regarding the second sentence of Paragraph 99, AIDEA admits that the applications submitted to the BLM and the Corps differ in certain respects and denies the remaining allegations of the second sentence.

AIDEA'S ANSWER TO SECOND AMENDED COMPLAINT
*Northern Alaska Environmental Center v. Haaland,* Case No. 3:20-cv-00187-SLG
Page 18 of 37

100. The allegations in Paragraph 100 purport to characterize the JROD, which speaks for itself. Any allegations inconsistent with the JROD are denied.

101. The allegations in Paragraph 101 purport to characterize the JROD, which speaks for itself. Any allegations inconsistent with the JROD are denied. AIDEA admits that the Corps did not require AIDEA to perform compensatory mitigation. The remaining allegations of Paragraph 101 are denied.

102. AIDEA admits that the Corps issued its Clean Water Act ("CWA") Section 404 Permit authorizing construction of the Ambler Road in August 2020. The remaining allegations in Paragraph 102 purport to characterize the JROD, which speaks for itself. Any allegations inconsistent with the JROD are denied.

103. AIDEA admits that on January 5, 2021, BLM issued a 50-year right-of-way grant to AIDEA that permits construction of Phases I through III of the Ambler Road. The remaining allegations of Paragraph 103 purport to characterize the BLM right-of-way grant, which speaks for itself. Any allegations inconsistent with the BLM right-of-way grant are denied.

104. The allegations in Paragraph 104 purport to characterize the BLM right-of-way grant and the BLM's actions as part of the National Environmental Policy Act ("NEPA") process, which speak for themselves. Any allegations inconsistent with the BLM right-of-way grant or the BLM's actions as part of the NEPA process are denied.

AIDEA'S ANSWER TO SECOND AMENDED COMPLAINT
*Northern Alaska Environmental Center v. Haaland,* Case No. 3:20-cv-00187-SLG
Page 19 of 37

Case 3:20-cv-00187-SLG   Document 47   Filed 04/09/21   Page 19 of 37

105.    AIDEA admits that the NPS issued a right-of-way permit to AIDEA authorizing the Ambler Road on January 5, 2021.    The remaining allegations in Paragraph 105 purport to characterize the NPS right-of-way permit and the BLM right-of-way grant, which speak for themselves.    Any allegations inconsistent with the NPS right-of-way permit or the BLM right-of-way grant are denied.

## IV.[SIC]    LEGAL BACKGROUND

106.    The allegations of this paragraph state legal conclusions and purport to characterize the Alaska National Interest Lands Conservation Act ("ANILCA"), which speaks for itself.    Any allegations inconsistent with ANILCA are denied.

107.    The allegations of this paragraph state legal conclusions and purport to characterize the ANILCA, which speaks for itself.    Any allegations inconsistent with ANILCA are denied.

108.    The allegations of this paragraph state legal conclusions and purport to characterize the ANILCA, which speaks for itself.    Any allegations inconsistent with ANILCA are denied.

109.    The allegations of this paragraph state legal conclusions and purport to characterize the ANILCA, which speaks for itself.    Any allegations inconsistent with ANILCA are denied.

110.   The allegations of this paragraph state legal conclusions and purport to characterize the ANILCA, which speaks for itself.  Any allegations inconsistent with ANILCA are denied.

111.   The allegations of this paragraph state legal conclusions and purport to characterize the ANILCA, which speaks for itself.  Any allegations inconsistent with ANILCA are denied.

112.   The allegations of this paragraph state legal conclusions and purport to characterize the ANILCA, which speaks for itself.  Any allegations inconsistent with ANILCA are denied.

113.   The allegations of this paragraph state legal conclusions and purport to characterize the ANILCA, which speaks for itself.  Any allegations inconsistent with ANILCA are denied.

114.   The allegations of this paragraph state legal conclusions and purport to characterize NEPA, which speaks for itself.  Any allegations inconsistent with NEPA are denied.

115.   The allegations of this paragraph state legal conclusions and purport to characterize NEPA, which speaks for itself.  Any allegations inconsistent with NEPA are denied.

116. The allegations of this paragraph state legal conclusions and purport to characterize NEPA, which speaks for itself. Any allegations inconsistent with NEPA are denied.

117. The allegations of this paragraph state legal conclusions and purport to characterize NEPA, which speaks for itself. Any allegations inconsistent with NEPA are denied.

118. The allegations of this paragraph state legal conclusions and purport to characterize NEPA, which speaks for itself. Any allegations inconsistent with NEPA are denied.

119. The allegations of this paragraph state legal conclusions and purport to characterize NEPA, which speaks for itself. Any allegations inconsistent with NEPA are denied.

120. The allegations of this paragraph state legal conclusions and purport to characterize NEPA, which speaks for itself. Any allegations inconsistent with NEPA are denied.

121. The allegations of this paragraph state legal conclusions and purport to characterize NEPA, which speaks for itself. Any allegations inconsistent with NEPA are denied.

AIDEA'S ANSWER TO SECOND AMENDED COMPLAINT
*Northern Alaska Environmental Center v. Haaland,* Case No. 3:20-cv-00187-SLG
Page 22 of 37

Case 3:20-cv-00187-SLG   Document 47   Filed 04/09/21   Page 22 of 37

122.    The allegations of this paragraph state legal conclusions and purport to characterize NEPA, which speaks for itself.  Any allegations inconsistent with NEPA are denied.

123.    The allegations of this paragraph state legal conclusions and purport to characterize NEPA, which speaks for itself.  Any allegations inconsistent with NEPA are denied.

124.    The allegations of this paragraph state legal conclusions and purport to characterize NEPA, which speaks for itself.  Any allegations inconsistent with NEPA are denied.

125.    The allegations of this paragraph state legal conclusions and purport to characterize NEPA, which speaks for itself.  Any allegations inconsistent with NEPA are denied.

126.    The allegations of this paragraph state legal conclusions and purport to characterize the CWA, which speaks for itself.  Any allegations inconsistent with the CWA are denied.

127.    The allegations of this paragraph state legal conclusions and purport to characterize the CWA, which speaks for itself.  Any allegations inconsistent with the CWA are denied.

128.    The allegations of this paragraph state legal conclusions and purport to characterize the CWA, which speaks for itself.    Any allegations inconsistent with the CWA are denied.

129.    The allegations of this paragraph state legal conclusions and purport to characterize the CWA, which speaks for itself.    Any allegations inconsistent with the CWA are denied.

130.    The allegations of this paragraph state legal conclusions and purport to characterize the CWA, which speaks for itself.    Any allegations inconsistent with the CWA are denied.

131.    The allegations of this paragraph state legal conclusions and purport to characterize the CWA, which speaks for itself.    Any allegations inconsistent with the CWA are denied.

132.    The allegations of this paragraph state legal conclusions and purport to characterize the CWA, which speaks for itself.    Any allegations inconsistent with the CWA are denied.

133.    The allegations of this paragraph state legal conclusions and purport to characterize the CWA, which speaks for itself.    Any allegations inconsistent with the CWA are denied.

134. The allegations of this paragraph state legal conclusions and purport to characterize the CWA, which speaks for itself. Any allegations inconsistent with the CWA are denied.

135. The allegations of this paragraph state legal conclusions and purport to characterize the CWA, which speaks for itself. Any allegations inconsistent with the CWA are denied.

136. The allegations of this paragraph state legal conclusions and purport to characterize the CWA, which speaks for itself. Any allegations inconsistent with the CWA are denied.

137. The allegations of this paragraph state legal conclusions and purport to characterize the CWA, which speaks for itself. Any allegations inconsistent with the CWA are denied.

138. The allegations of this paragraph state legal conclusions and purport to characterize the CWA, which speaks for itself. Any allegations inconsistent with the CWA are denied.

139. The allegations of this paragraph state legal conclusions and purport to characterize the CWA, which speaks for itself. Any allegations inconsistent with the CWA are denied.

140.    The allegations of this paragraph state legal conclusions and purport to characterize the Federal Land Policy and Management Act ("FLPMA"), which speaks for itself.  Any allegations inconsistent with FLPMA are denied.

141.    The allegations of this paragraph state legal conclusions and purport to characterize FLPMA, which speaks for itself.  Any allegations inconsistent with FLPMA are denied.

142.    The allegations of this paragraph state legal conclusions and purport to characterize FLPMA, which speaks for itself.  Any allegations inconsistent with FLPMA are denied.

143.    The allegations of this paragraph state legal conclusions and purport to characterize FLPMA, which speaks for itself.  Any allegations inconsistent with FLPMA are denied.

144.    The allegations of this paragraph state legal conclusions and purport to characterize FLPMA, which speaks for itself.  Any allegations inconsistent with FLPMA are denied.

145.    The allegations of this paragraph state legal conclusions and purport to characterize FLPMA, which speaks for itself.  Any allegations inconsistent with FLPMA are denied.

146.     The allegations of this paragraph state legal conclusions and purport to characterize FLPMA, which speaks for itself.  Any allegations inconsistent with FLPMA are denied.

147.     The allegations of this paragraph state legal conclusions and purport to characterize FLPMA, which speaks for itself.  Any allegations inconsistent with FLPMA are denied.

148.     The allegations of this paragraph state legal conclusions and purport to characterize FLPMA, which speaks for itself.  Any allegations inconsistent with FLPMA are denied.

149.     The allegations of this paragraph state legal conclusions and purport to characterize the Administrative Procedure Act ("APA"), which speaks for itself.  Any allegations inconsistent with APA are denied.

150.     The allegations of this paragraph state legal conclusions and purport to characterize the APA, which speaks for itself.  Any allegations inconsistent with APA are denied.

## CLAIMS FOR RELIEF

## COUNT I:  VIOLATION OF ANILCA

### Count I:  ANILCA Title XI

151.     AIDEA incorporates the responses to Paragraphs 1 through 150 here.

152. The allegations of this paragraph state legal conclusions to which no response is required, and to the extent a response is required, the allegations are denied.

153. The allegations of this paragraph state legal conclusions and purport to characterize the ANILCA, which speaks for itself. Any allegations inconsistent with ANILCA are denied.

154. The allegations of this paragraph state legal conclusions and purport to characterize the ANILCA, which speaks for itself. Any allegations inconsistent with ANILCA are denied.

155. Admitted.

156. The allegations of this paragraph state legal conclusions, to which no response is required, and to the extent a response is required, the allegations are denied, and purport to characterize the ANILCA, which speaks for itself. Any allegations inconsistent with ANILCA are denied.

157. Denied.

158. The allegations of this paragraph state legal conclusions, to which no response is required, and to the extent a response is required, the allegations are denied, and purport to characterize the ANILCA, which speaks for itself. Any allegations inconsistent with ANILCA are denied.

159. Denied.

160. Denied.

161.    Denied.

## COUNT II:  VIOLATION OF NEPA

### Count II(A):  Failure to Take a Hard Look at Impacts and Mitigation Measures

162.    AIDEA incorporates the responses to Paragraphs 1 through 161 here.

163.    The allegations of this paragraph state legal conclusions and purport to characterize NEPA, which speaks for itself.  Any allegations inconsistent with NEPA are denied.

164.    Denied.

165.    Denied.

166.    Denied.

167.    Denied.

168.    Denied.

169.    Denied.

### Count II(B):  Failure to Obtain Sufficient Baseline Information

170.    AIDEA incorporates the responses to Paragraphs 1 through 169 here.

171.    The allegations of this paragraph state legal conclusions and purport to characterize NEPA, which speaks for itself.  Any allegations inconsistent with NEPA are denied.

172.    Denied.

173.    Denied.

AIDEA'S ANSWER TO SECOND AMENDED COMPLAINT
*Northern Alaska Environmental Center v. Haaland,* Case No. 3:20-cv-00187-SLG
Page 29 of 37

## Count II(C):  Failure to Consider Connected Actions

174.    AIDEA incorporates the responses to Paragraphs 1 through 173 here.

175.    The allegations of this paragraph state legal conclusions and purport to characterize NEPA, which speaks for itself.  Any allegations inconsistent with NEPA are denied.

176.    AIDEA denies the allegations in the first sentence of Paragraph 178. AIDEA lacks knowledge and information sufficient to form a belief as to the truth of the allegations in the second sentence of this paragraph, and the allegations are therefor denied.

177.    The allegations of the first and second sentences of this paragraph purport to characterize the EIS and AIDEA's application, which speak for themselves.  AIDEA denies any allegations inconsistent with the EIS and/or AIDEA's application.  AIDEA admits that the purpose of the applied-for gravel mines is to support construction, operation and maintenance of the Ambler Access Project.  AIDEA denies any remaining allegations in this paragraph.

178.    The allegations in this paragraph state legal conclusions and purport to characterize the CWA Section 404 Permit, which speaks for itself. Any allegations inconsistent with the CWA Section 404 Permit are denied.

179.    The allegations of this paragraph consist of legal conclusions to which no response is required, and to the extent a response is required, AIDEA denies the allegations.

180.    Denied.

### Count II(D):  Failure to Supplement the EIS

181.    AIDEA incorporates the responses to Paragraphs 1 through 180 here.

182.    The allegations of this paragraph state legal conclusions and purport to characterize NEPA, which speaks for itself.  Any allegations inconsistent with NEPA are denied.

183.    AIDEA denies the allegations contained in the first sentence of this paragraph.  The allegations in the second sentence of this paragraph call for legal conclusions to which no response is required, and to the extent a response is required, AIDEA denies the allegations.  With respect to the allegations contained in the third sentence, AIDEA admits that it submitted information to the Corps after publication of the draft EIS.  The remaining allegations contained in the third sentence purport to characterize the EIS, which speaks for itself.  Any allegations inconsistent with the EIS are denied.

184.    Denied.

## COUNT III:  VIOLATION OF THE CLEAN WATER ACT

### Count III(A):  Causing or Contributing to Significant Degradation

185.   AIDEA incorporates the responses to Paragraphs 1 through 184 here.

186.   The allegations of this paragraph state legal conclusions and purport to characterize the CWA, which speaks for itself.  Any allegations inconsistent with the CWA are denied.

187.   The allegations of this paragraph state legal conclusions and purport to characterize the CWA, which speaks for itself.  Any allegations inconsistent with the CWA are denied.

188.   Denied.

189.   The allegations of the first sentence of this paragraph state legal conclusions to which no response is required, and to the extent a response is required, the allegations are denied.  The allegations of the second sentence of this paragraph purport to characterize the JROD, which speaks for itself.  Any allegations inconsistent with the JROD are denied.  Any remaining allegations in this paragraph are denied.

190.   The allegations of this paragraph state legal conclusions to which no response is required, and to the extent a response is required, the allegations are denied.

### Count III(B):  Failure to Properly Consider Effects

191.   AIDEA incorporates the responses to Paragraphs 1 through 190 here.

AIDEA'S ANSWER TO SECOND AMENDED COMPLAINT
*Northern Alaska Environmental Center v. Haaland,* Case No. 3:20-cv-00187-SLG
Page 32 of 37

Case 3:20-cv-00187-SLG   Document 47   Filed 04/09/21   Page 32 of 37

192. The allegations of this paragraph state legal conclusions and purport to characterize the CWA, which speaks for itself. Any allegations inconsistent with the CWA are denied.

193. Denied.

194. The allegations of this paragraph state legal conclusions to which no response is required, and to the extent a response is required, the allegations are denied.

195. The allegations of this paragraph state legal conclusions to which no response is required, and to the extent a response is required, the allegations are denied.

**Count III(C): Failure to Adequately Analyze and Mitigate Impacts**

196. AIDEA incorporates the responses to Paragraphs 1 through 195 here.

197. The allegations of this paragraph state legal conclusions and purport to characterize the CWA, which speaks for itself. Any allegations inconsistent with the CWA are denied.

198. The allegations in the first sentence of this paragraph purport to characterize the JROD, which speaks for itself. Any allegations inconsistent with the JROD are denied. The allegations of second sentence of this paragraph state legal conclusions to which no response is required, and to the extent a response is required, the allegations are denied. AIDEA admits that the Corps did not require compensatory mitigation. AIDEA denies the remaining allegations of this paragraph.

199.    The allegations of this paragraph state legal conclusions to which no response is required, and to the extent a response is required, the allegations are denied.

### Count III(D):  Failure to Provide Public Review

200.    AIDEA incorporates the responses to Paragraphs 1 through 199 here.

201.    The allegations of this paragraph state legal conclusions and purport to characterize the CWA, which speaks for itself.  Any allegations inconsistent with the CWA are denied.

202.    The allegations of this paragraph purport to characterize the permit applications for the Ambler Access Project, which speaks for itself.  Any allegations inconsistent with the permit applications are denied.

203.    The allegations contained in this paragraph are too vague and ambiguous to permit AIDEA to frame a response and are denied on that basis.

204.    The allegations of this paragraph state legal conclusions to which no response is required, and to the extent a response is required, the allegations are denied.

### COUNT IV:  VIOLATION OF FLPMA

### Count IV(A):  Failure to Protect the Environment and Public Interest

205.    AIDEA incorporates the responses to Paragraphs 1 through 204 here.

206.    The allegations of this paragraph state legal conclusions and purport to characterize FLPMA, which speaks for itself.  Any allegations inconsistent with the FLPMA are denied.

207.  AIDEA denies the allegations in the first and fourth sentences in this paragraph.  The remaining allegations of this paragraph purport to characterize the JROD and the BLM right-of-way grant, which speak for themselves.  Any allegations inconsistent with the JROD or the BLM right-of-way grant are denied.

208.  AIDEA denies the allegations of the first sentence of this paragraph.  The remaining allegations of this paragraph purport to characterize the cited decision, which speaks for itself.  AIDEA denies any allegations inconsistent with the cited decision.

209.  Denied.

**Count IV(B):  Failure to Analyze Impacts Associated with the Right-of-Way Grant**

210.  AIDEA incorporates the responses to Paragraphs 1 through 209 here.

211.  The allegations of this paragraph state legal conclusions and purport to characterize FLPMA, which speaks for itself.  Any allegations inconsistent with the FLPMA are denied.

212.  Denied.

213.  Denied.

**Count IV(C):  Failure to Limit the Scope of the Right-of-Way Grant**

214.  AIDEA incorporates the responses to Paragraphs 1 through 213 here.

215.  The allegations of this paragraph state legal conclusions and purport to characterize FLPMA, which speaks for itself.  Any allegations inconsistent with the FLPMA are denied.

216.   Denied.

217.   Denied.

## REQUEST FOR RELIEF

AIDEA denies that Plaintiffs are entitled to the relief requested in their Complaint or any other form of relief.

## DEFENSES

1.   Plaintiffs fail to state a claim upon which relief may be granted.

2.   Plaintiffs lack standing to assert some or all of their claims.

3.   Some or all of Plaintiffs' claims are barred by statute.

4.   AIDEA incorporates by reference the defenses asserted by any other defendant to this action.

DATED at Anchorage, Alaska this 9th day of April 2021.

HOLLAND & HART LLP
Attorneys for Alaska Industrial Development
and Export Authority

/s/ Kyle W. Parker
Kyle W. Parker, ABA No. 9212124
David J. Mayberry, ABA No. 9611062
HOLLAND & HART LLP
1029 W. 3rd Avenue, Suite 550
Anchorage, Alaska 99501
Telephone:    (907) 865-2600
Facsimile:    (907) 865-2680
kwparker@hollandhart.com
djmayberry@hollandhart.com

**CERTIFICATE OF SERVICE**

I hereby certify on April 9, 2021, I caused to be electronically filed the foregoing with the

Clerk of Court using the CM/ECF system which will send notification and electronic

service of the same to all counsel of record.

HOLLAND & HART LLP

/s/ Kyle W. Parker

16539884_v1

AIDEA'S ANSWER TO SECOND AMENDED COMPLAINT
*Northern Alaska Environmental Center v. Haaland,* Case No. 3:20-cv-00187-SLG
Page 37 of 37