STACEY BOSSHARDT
DC Bar No. 458645
PERKINS COIE LLP
700 Thirteenth Street, N.W., Suite 800
Washington, D.C.  20005-3960
Telephone:  202.654.6200
SBosshardt@perkinscoie.com

ERIC B. FJELSTAD
JAMES N. LEIK
PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK  99501-1981
Telephone:  907.279.8561
EFjelstad@perkinscoie.com
JLeik@perkinscoie.com

*Attorneys for Intervenor-Defendant*
*Ambler Metals LLC*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| NORTHERN ALASKA ENVIRONMENTAL CENTER, et al., <br><br>            Plaintiffs, <br><br>     v. <br><br> DEBRA HAALAND, et al., <br>            Defendants. | Case No. 3:20-cv-00187-SLG |

**INTERVENOR-DEFENDANT AMBLER METALS' ANSWER
TO SECOND AMENDED COMPLAINT**

Under Rule 8 of the Federal Rules of Civil Procedure, Intervenor-Defendant

Ambler Metals LLC responds as follows to Plaintiffs' Second Amended Complaint:

## GENERAL DENIAL

Intervenor-Defendant denies any allegations of the Complaint, whether express or implied, including any allegations reflected in the Complaint's section headings, that are not specifically admitted, denied, or qualified herein.

## "COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF"[1]

The first paragraph of Plaintiffs' Complaint characterizes Plaintiffs' case, to which no response is required. To the extent a response is deemed required, the allegations are denied.

## "I. NATURE OF THE CASE"

1.      In response to the allegations contained in this paragraph, Intervenor-Defendant admits that the southern Brooks Range and Gates of the Arctic National Park and Preserve provide habitat for numerous fish and wildlife species, provide recreational opportunities and include a number of rural communities, but denies the remaining allegations.

2.      In response to the allegations contained in this paragraph, Intervenor-Defendant admits that certain permits and authorizations were issued to the Alaska Industrial Development

---

[1] The numbered paragraphs of this Answer correspond to the numbered paragraphs of Plaintiffs' Second Amended Complaint. The Complaint's headings are reproduced in quotation marks solely for the Court's convenience; Ambler Metals does not intend them to form any substantive part of its Answer. To the extent the headings make substantive allegations, Ambler Metals denies those allegations. Ambler Metals does not waive any defensive theory or agree to or admit that Plaintiffs' headings are accurate, appropriate, or substantiated. When a textual sentence is followed by a citation, the sentence and its accompanying citation are referred to as one sentence.

and Export Authority (AIDEA). The remaining allegations purport to characterize the permits and authorizations pertaining to the Ambler Road, which speak for themselves and are the best evidence of their content. Any allegations contrary to their plain language, meaning, and context are denied.

3.     The allegations contained in the first and second sentences of this paragraph purport to characterize AIDEA's applications, which speak for themselves and are the best evidence of their content. Any allegations contrary to their plain language, meaning, and context are denied. In response to the allegations contained in the third sentence of this paragraph, Intervenor-Defendant admits that the referenced agencies conducted reviews and issued approvals, and otherwise deny the allegations. The allegations contained in the fourth sentence of this paragraph call for legal conclusions, to which no response is required.  To the extent a response is deemed required, Intervenor-Defendant denies the allegations

4.     The allegations contained in this paragraph characterize Plaintiffs' case, to which no response is required.  To the extent a response is deemed required, the allegations are denied.

5.     The allegations contained in this paragraph characterize Plaintiffs' case, to which no response is required.  To the extent a response is deemed required, the allegations are denied.

## "II.  JURISDICTION AND VENUE"

6.      The allegations contained in this paragraph call for legal conclusions, to which no response is required.  To the extent a response is deemed required, the allegations are denied.

7.      The allegations in contained in this paragraph call for legal conclusions, to which no response is required.  To the extent a response is deemed required, the allegations are denied.

8.      The allegations contained in this paragraph call for legal conclusions, to which no response is required.  To the extent a response is deemed required, the allegations are denied.

9.      The allegations contained in the first sentence of this paragraph call for legal conclusions, to which no response is required.  To the extent a response is deemed required, the allegations are denied.  With respect to the allegations in the second sentence of this paragraph that "many plaintiffs are . . . primarily located in or maintain offices in Alaska," Intervenor-Defendant lacks knowledge and information sufficient to form an opinion as to the truth of the allegations and therefore denies them.

## "III.  Parties"

### "Plaintiffs"

10.      Intervenor-Defendant lacks knowledge and information sufficient to form an opinion as to the truth of the allegations contained in this paragraph, and therefore denies them.

*N. Alaska Env't Ctr., et al. v. Bernhardt, et al.*
Case No. 3:20-cv-00187-SLG

4

11.     Intervenor-Defendant lacks knowledge and information sufficient to form an opinion as to the truth of the allegations contained in this paragraph, and therefore denies them.

12.     Intervenor-Defendant lacks knowledge and information sufficient to form an opinion as to the truth of the allegations contained in this paragraph, and therefore denies them.

13.     Intervenor-Defendant lacks knowledge and information sufficient to form an opinion as to the truth of the allegations contained in this paragraph, and therefore denies them.

14.     Intervenor-Defendant lacks knowledge and information sufficient to form an opinion as to the truth of the allegations contained in this paragraph, and therefore denies them.

15.     Intervenor-Defendant lacks knowledge and information sufficient to form an opinion as to the truth of the allegations contained in this paragraph, and therefore denies them.

16.     Intervenor-Defendant lacks knowledge and information sufficient to form an opinion as to the truth of the allegations contained in this paragraph, and therefore denies them.

17.     Intervenor-Defendant lacks knowledge and information sufficient to form an opinion as to the truth of the allegations contained in this paragraph, and therefore denies them.

18.     Intervenor-Defendant lacks knowledge and information sufficient to form an opinion as to the truth of the allegations contained in this paragraph, and therefore denies them.

19.     Intervenor-Defendant lacks knowledge and information sufficient to form an opinion as to the truth of the allegations contained in this paragraph, and therefore denies them.

20.     Intervenor-Defendant lacks knowledge and information sufficient to form an opinion as to the truth of the allegations contained in this paragraph, and therefore denies them.

21.     Intervenor-Defendant admits the allegations contained in the first sentence of this paragraph that Plaintiffs participated in the administrative process related to the Ambler Road.  Intervenor-Defendant lacks knowledge and information sufficient to form an opinion as to the truth of the remaining allegations contained in this paragraph, and therefore denies them.

22.      Intervenor-Defendant lacks knowledge and information sufficient to form an opinion as to the truth of the allegations contained in this paragraph, and therefore denies them.

23.     The allegations contained in this paragraph call for legal conclusions to which no response is required.  To the extent a response is deemed required, the allegations are denied.

24.     The allegations contained in this paragraph call for legal conclusions to which no response is required.  To the extent a response is deemed required, the allegations are denied.

25.     The allegations contained in this paragraph call for legal conclusions to which no response is required.  To the extent a response is deemed required, the allegations are denied.

26.     The allegations contained in this paragraph call for legal conclusions to which no response is required.  To the extent a response is deemed required, the allegations are denied.

<u>"Defendants"</u>

27.     Intervenor-Defendant admits the allegations contained in this paragraph.

28.     Intervenor-Defendant admits the allegations contained in this paragraph.

29.      In response to the allegations of the first sentence of Paragraph 29, Intervenor-Defendant admits only that Laura Daniel Davis is the Principal Deputy Assistant Secretary for Land and Minerals Management (PDAS) and that under DOI's succession order for the Assistant Secretary for Land and Minerals (ASLM) position, the PDAS is authorized to exercise the non-exclusive delegated authority of the ASLM when there is a vacancy. Intervenor-Defendant denies the remainder of the allegations in the first sentence. With respect to the second sentence of Paragraph 29, Intervenor-Defendant admits the allegations.the allegations.

30.     Intervenor-Defendant admits the allegations contained in this paragraph.

31.     Intervenor-Defendant admits the allegations contained in this paragraph.

32.     Intervenor-Defendant admits the allegations contained in this paragraph.

33.     Intervenor-Defendant admits the allegations contained in this paragraph but avers that the Bureau of Land Management is a bureau within the Department of Interior and not an agency.

34.     Intervenor-Defendant admits the allegations contained in the first sentence of this paragraph but avers that the National Park Service is a bureau within the Department of Interior and not an agency.  With respect to the allegations contained in the second sentence of this paragraph, Intervenor-Defendant admits only that the National Park Service prepared an Environmental and Economic Analysis used to determine the route for the Ambler Road through Gates of the Arctic National Preserve; the remainder of the allegations contained in this sentence call for legal conclusions, to which no response is required. To the extent a response is deemed required, Intervenor-Defendant denies the allegations.

35.     Intervenor-Defendant admits the allegations contained in this paragraph.

36.     Intervenor-Defendant admits the allegations contained in this paragraph.

### "IV.   Statement of Facts"

"The Exceptional Values of the Southern Brooks Range and Gates of Arctic Park and Preserve"

37.     Intervenor-Defendant admits that the southern Brooks Range and Gates of the Arctic National Park and Preserve provides habitat to numerous wildlife species and recreation opportunity, including within federally designated Wilderness. The remaining allegations contained in this paragraph are too vague and ambiguous to permit Intervenor-Defendant to frame a response, and are on that basis denied.

38.     Intervenor-Defendant admits only that Gates of the Arctic National Park and Preserve is one of a group of contiguous National Park System units in Northwest Alaska that together contain over 16 million acres managed by the NPS.  The remaining allegations contained in this paragraph are too vague and ambiguous to permit Intervenor-Defendant to frame a response, and are on that basis denied.

39.     Intervenor-Defendant admits that people have lived in the Brooks Range for more than 13,000 years, that eleven residential communities are associated with the Park, and that people conduct subsistence activities within and around the Park. The remaining allegations of contained in this paragraph are too vague and ambiguous to permit Intervenor-Defendant to frame a response, and are on that basis denied.

40.     The allegations contained in the first sentence of this paragraph are too vague and ambiguous to permit Intervenor-Defendant to frame a response, and are on that basis denied.  Intervenor-Defendant admits the allegations contained in the second and third sentences of this paragraph.

41.     Intervenor-Defendant admits that the Gates of the Arctic National Park and Preserve encompasses approximately eight million contiguous acres, and admits the allegations contained in the second and third sentences of this paragraph.  The remaining allegations contained in this paragraph are too vague and ambiguous to permit Intervenor-Defendant to frame a response, and are on that basis denied.

42.     The allegations contained in the first sentence of this paragraph are too vague and ambiguous to permit Intervenor-Defendant to frame a response, and are on that

basis denied. The remaining allegations contained in this Paragraph purport to characterize ANILCA, which speaks for itself and is the best evidence of its content. Any allegations contrary to the plain language, meaning and context of the statute are denied.

43. The allegations contained in this paragraph purport to characterize ANILCA, which speaks for itself and is the best evidence of its content. Any allegations contrary to the plain language, meaning and context of the statute are denied.

44. The allegations contained in the first sentence of this paragraph purport to characterize ANILCA, which speaks for itself and is the best evidence of its content. Any allegations contrary to the plain language, meaning and context of the statute are denied. The remaining allegations contained in this paragraph are too vague or ambiguous to permit Intervenor-Defendant to frame a response, and are denied on that basis.

45. The allegations contained in this paragraph are too vague or ambiguous to permit Intervenor-Defendant to frame a response, and are denied on that basis.

46. The allegations contained in this paragraph are too vague or ambiguous to permit Intervenor-Defendant to frame a response, and are denied on that basis.

47. The allegations contained in this paragraph are too vague or ambiguous to permit Intervenor-Defendant to frame a response, and are denied on that basis.

<u>"The Ambler Road Permitting Process"</u>

48.     Intervenor-Defendant admits the allegations contained in the first and second sentences of this paragraph.  The allegations contained in the third sentence are too vague and ambiguous to permit Intervenor-Defendant to frame a response, and are denied on that basis.

49.     Intervenor-Defendant admits the allegations contained in this paragraph.

50.     Intervenor-Defendant admits the allegations contained in the first two sentences of this paragraph.  The allegations contained in the third sentence of this paragraph purport to characterize statements by AIDEA, which speak for themselves and are the best evidence of their content.  Any allegations contrary to the plain language, meaning and context of those statements are denied.

51.     The allegations contained in the first sentence of this paragraph purport to characterize the AIDEA's application, a magazine article, and the draft minutes of an AIDEA Board Meeting, all of which speak for themselves and are the best evidence of their content.  Any allegations contrary to the plain language, meaning and context of the cited documents are denied.

52.     Intervenor-Defendant admits the allegations contained in this paragraph.

53.     Intervenor-Defendant admits the allegations contained in this paragraph.

54.     The allegations contained in this paragraph purport to characterize AIDEA's right-of-way application, which speaks for itself and is the best evidence of its content.  Any allegations contrary to the plain language, meaning and context of the application are denied.

55.     Intervenor-Defendant admits the allegations contained in this paragraph.

56.     The allegations contained in this paragraph purport to characterize unidentified resolutions, which speak for themselves and are the best evidence of their content.  Any allegations contrary to the plain language, meaning and context of the resolutions are denied.

57.     The allegations contained in this paragraph purport to characterize statements on a website, which speaks for itself and is the best evidence of its content.  Any allegations contrary to the plain language, meaning and context of the website are denied.

58.     Intervenor-Defendant admits the allegations contained in this paragraph.

59.     The allegations contained in this paragraph purport to characterize statements by the U.S. Coast Guard in a letter dated January 22, 2016, which speak for themselves and are the best evidence of their content.  Any allegations contrary to the plain language, meaning and context of the statements are denied.

60.     Intervenor-Defendant admits the allegations of the first sentence contained in this paragraph.  With respect to the allegations contained in the second sentence of this paragraph, Intervenor-Defendant admits only that BLM and the Corps deemed the application complete, and NPS deemed it sufficient; the allegations contained in the second sentence are otherwise too vague and ambiguous to permit Intervenor-Defendant to frame a response, and are denied on that basis. The allegations contained in the third

sentence of this paragraph call for legal conclusions, to which no response is required. To the extent a response is deemed required, Intervenor-Defendant denies the allegations.

61.     The allegations contained in the first and second sentences of this paragraph purport to characterize a revised permit application submitted by AIDEA on June 2016, which speaks for itself and is the best evidence of its content.  Any allegations contrary to the plain language, meaning and context of the document are denied.  The allegations contained in the third sentence of this paragraph are too vague and ambiguous to permit Intervenor-Defendant to frame a response, and are denied on that basis.

62.     The allegations contained in this paragraph purport to characterize a revised permit application submitted by AIDEA on June 2016, which speaks for itself and is the best evidence of its content.  Any allegations contrary to the plain language, meaning and context of the document are denied.

63.     Intervenor-Defendant admits that on February 28, 2017, the BLM published a Notice of Intent to prepare an Environmental Impact Statement in the Federal Register (82 Federal Register 12119). Intervenor-Defendant admits that on October 24, 2014, the NPS published a Proposed Information Collection relating to the Environmental and Economic Analysis in the Federal Register (79 Federal Register 63939). The remaining allegations contained in this paragraph are too vague and ambiguous to permit Intervenor-Defendant to frame a response, and are denied on that basis.  In addition, Intervenor-Defendant lacks knowledge and information sufficient to

form a belief as to the truth of the allegations contained in this paragraph, and therefore denies them.

64.     Intervenor-Defendant admits that the Corps and Coast Guard were cooperating agencies on the EIS, that the Corps exercises jurisdiction over waters of the United States and that the Coast Guard exercises review of bridges crossing navigable waters.  The remaining allegations contained in this paragraph constitute legal conclusions, to which no response is required.  To the extent a response is deemed required, Intervenor-Defendant denies the allegations.

65.     The allegations contained in this paragraph purport to characterize AIDEA's application, which speaks for itself and is the best evidence of its content.  Any allegations contrary to the plain language, meaning and context of that document are denied.

66.     The allegations contained in the first and second sentences of this paragraph purport to characterize AIDEA's application, which speaks for itself and is the best evidence of its content.  Any allegations contrary to the plain language, meaning and context of that document are denied.  With respect to the allegations contained in the third sentence of this paragraph, Intervenor-Defendant lacks knowledge and insufficient to form a belief as to their truth and therefore denies them.

67.     Intervenor-Defendant admits that BLM and NPS received over 7000 scoping comments.  The remaining allegations contained in this paragraph purport to characterize Plaintiffs' comments, which speak for themselves and are the best evidence

of their content.  Any allegations contrary to the plain language, meaning and context of those comments are denied.

68.     Intervenor-Defendant admits the allegations contained in this paragraph.

69.     Intervenor-Defendant admits that BLM, the Corps, and NPS received tens of thousands of public comments on the EIS, the Corps' Public Notice, and the draft EEA.  The remaining allegations contained in this paragraph purport to characterize Plaintiffs' comments, which speak for themselves and are the best evidence of their content.  Any allegations contrary to the plain language, meaning and context of those comments are denied.

70.     The allegations contained in this paragraph purport to characterize the Ambler Road Draft Environmental Impact Statement, which speaks for itself and is the best evidence of its content. Any allegations contrary to the plain language, meaning and context of that document are denied.

71.     The allegations contained in this paragraph purport to characterize the Ambler Road Draft Environmental Impact Statement, which speaks for itself and is the best evidence of its content. Any allegations contrary to the plain language, meaning and context of that document are denied.

72.     The allegations contained in this paragraph purport to characterize and cite to a comment letter dated October 29, 2019 submitted by various groups, as well as comments by unidentified members of the public and the U.S. EPA, all of which speak

for themselves and are the best evidence of their content. Any allegations contrary to the plain language, meaning and context of those documents are denied.

73.     The allegations contained in this paragraph purport to characterize the Ambler Road Draft Environmental Impact Statement and a comment letter dated October 29, 2019 submitted by various groups, both of which speak for themselves and are the best evidence of their content. Any allegations contrary to the plain language, meaning and context of those documents are denied.

74.     The allegations contained in this paragraph purport to characterize a comment letter dated October 29, 2019 submitted by various groups and the Ambler Road Draft Environmental Impact Statement, both of which speak for themselves and are the best evidence of their content. Any allegations contrary to the plain language, meaning and context of those documents are denied.

75.     The allegations contained in this paragraph purport to characterize and cite to a comment letter dated October 29, 2019 submitted by various groups, which speaks for itself and is the best evidence of its content. Any allegations contrary to the plain language, meaning and context of the letter are denied.

76.     The allegations contained in this paragraph purport to characterize and cite to a comment letter dated October 29, 2019 submitted by various groups, which speaks for itself and is the best evidence of its content. Any allegations contrary to the plain language, meaning and context of the letter are denied.

77.     The allegations contained in this paragraph purport to characterize and cite to a comment letter dated October 29, 2019 submitted by various groups and an attachment thereto, which speak for themselves and are the best evidence of their content. Any allegations contrary to the plain language, meaning and context of the letter are denied.

78.     The allegations contained in this paragraph purport to characterize the Ambler Road Draft Environmental Impact Statement and a comment letter dated October 29, 2019 submitted by various groups, both of which speak for themselves and are the best evidence of their content. Any allegations contrary to the plain language, meaning and context of the cited documents are denied.

79.     The allegations contained in this paragraph purport to characterize a comment letter dated October 29, 2019 submitted by various groups and the Ambler Road Draft Environmental Impact Statement, both of which speak for themselves and are the best evidence of their content. Any allegations contrary to the plain language, meaning and context of the cited documents are denied.

80.     The allegations contained in this paragraph purport to characterize a comment letter dated October 29, 2019 submitted by various groups and the Ambler Road Draft Environmental Impact Statement, both of which speak for themselves and are the best evidence of their content. Any allegations contrary to the plain language, meaning and context of the cited documents are denied.

81.     The allegations contained in this paragraph purport to characterize a comment letter dated October 29, 2019 submitted by various groups and other unidentified comments, both of which speak for themselves and are the best evidence of their content.  Any allegations contrary to the plain language, meaning and context of the cited documents are denied.

82.     The allegations contained in this paragraph purport to characterize an October 28, 2019 letter from the Corps to AIDEA and the Ambler Road Final Environmental Impact Statement, both of which speak for themselves and are the best evidence of their content.  Any allegations contrary to the plain language, meaning and context of the cited documents are denied.

83.     The allegations contained in the first sentence of this paragraph purports to characterize a federal statute, which speaks for itself and is the best evidence of its content. Any allegations contrary to the plain language, meaning and context of the statute are denied.   The allegations in the second sentence of this paragraph call for legal conclusions to which no response is required.  To the extent a response is deemed required, the allegations are denied.

84.     The allegations contained in this paragraph purport to characterize a comment letter from EPA dated October 29, 2019, which speaks for itself and is the best evidence of its content.  Any allegations contrary to the plain language, meaning and context of the letter are denied.

85. The allegations contained in this paragraph purport to characterize a Memorandum of Agreement between the EPA and the Department of the Army dated August 11, 1992, and a comment letter from EPA dated October 29, 2019, both of which speak for themselves and are the best evidence of their content. Any allegations contrary to the plain language, meaning and context of the cited documents are denied.

86. The allegations contained in this paragraph purport to characterize a Notice of Availability dated March 27, 2020, which speaks for itself and is the best evidence of its content. Any allegations contrary to the plain language, meaning and context of the Notice of Availability are denied.

87. Intervenor-Defendant denies the allegations contained in this paragraph.

88. The allegations contained in the first three sentences of this paragraph purport to characterize unidentified comments and the Ambler Road Final Environmental Impact Statement, which speaks for itself and is the best evidence of its content. Any allegations contrary to the plain language, meaning and context of the cited documents are denied. Intervenor-Defendant denies the allegations in the fourth sentence of this paragraph.

89. The allegations contained in this paragraph purport to characterize the Ambler Road Final Environmental Impact Statement, which speaks for itself and is the best evidence of its content. Any allegations contrary to the plain language, meaning and context of the FEIS are denied.

90. Intervenor-Defendant denies the allegations contained in this paragraph.

91.     Intervenor-Defendant denies the allegations contained in this paragraph.

92.     The allegations contained in the first sentence of this paragraph are vague and speculative, and are denied on that basis.  The allegations contained in the second sentence of this paragraph purport to characterize the Ambler Road Final Environmental Impact Statement, which speaks for itself and is the best evidence of its content.  Any allegations contrary to the plain language, meaning and context of the FEIS are denied.

93.     The allegations contained in this paragraph purport to characterize a Joint Record of Decision (JROD) issued by BLM and the Corps of Engineers, and an EEA and Record of Decision issued by NPS, on July 24, 2020, all of which speak for themselves and are the best evidence of their content.   Any allegations contrary to the plain language, meaning and context of the cited documents are denied.

94.     The allegations contained in this paragraph call for legal conclusions to which no response is required.  To the extent a response is deemed required, Intervenor-Defendant denies the allegations.

95.     The allegations contained in the first sentence of this paragraph are too vague and ambiguous to permit Intervenor-Defendant to frame a response, and are denied on that basis.  Intervenor-Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in the second sentence of this paragraph, and therefore denies them.

96.     The allegations contained in the first sentence of this paragraph are too vague and ambiguous to permit Intervenor-Defendant to frame a response, and are denied

on that basis. To the extent a response is deemed required, the allegations are denied. The remaining allegations contained in this paragraph purport to characterize a document submitted by AIDEA on February 20, 2020, which speaks for itself and is the best evidence of its content. Any allegations contrary to the plain language, meaning and context of the cited document are denied.

97. Intervenor-Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

98. The allegations contained in this paragraph purport to characterize the Ambler Road Joint Record of Decision (JROD), which speaks for itself and is the best evidence of its content. Any allegations contrary to the plain language, meaning and context of the JROD are denied.

99. The allegations contained in this paragraph purport to characterize the Ambler Road Joint Record of Decision and the NPS Record of Decisions, which speak for themselves and are the best evidence of their content. Any allegations contrary to the plain language, meaning and context of the cited documents are denied.

100. The allegations contained in this paragraph purport to characterize the Ambler Road Joint Record of Decision, which speaks for itself and is the best evidence of its content. Any allegations contrary to the plain language, meaning and context of the JROD are denied.

101.    The allegations contained in this paragraph purport to characterize the Ambler Road Joint Record of Decision, which speaks for itself and is the best evidence of its content.  Any allegations contrary to the plain language, meaning and context of the JROD are denied.

102.    Intervenor-Defendant admits only that the Corps issued a CWA Section 404 permit for the Ambler Road project on August 24, 2020. The remaining allegations of this paragraph purport to characterize the Section 404 permit and the JROD, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied.

103.    Intervenor-Defendant admits only that BLM issued a 50-year right-of-way permit to AIDEA relating to the Ambler Road project on January 5, 2021. The remaining allegations of this paragraph purport to characterize the BLM ROW, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

104.    The allegations of this paragraph purport to characterize the BLM ROW, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

105.    Intervenor-Defendant admits only that NPS issued a right-of-way permit to AIDEA relating to the Ambler Road project on January 5, 2021. The remaining allegations of this paragraph purport to characterize the NPS ROW, which speaks for

itself and is the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

## "IV. Legal Background"

### "Alaska National Interest Lands Conservation Act"

106.    The allegations contained in this paragraph purport to characterize ANILCA, which speaks for itself and is the best evidence of its content.  Any allegations contrary to the plain language, meaning and context of the statute are denied.

107.    The allegations contained in this paragraph purport to characterize ANILCA, which speaks for itself and is the best evidence of its content.  Any allegations contrary to the plain language, meaning and context of the statute are denied.

108.    The allegations contained in this paragraph purport to characterize ANILCA, which speaks for itself and is the best evidence of its content.  Any allegations contrary to the plain language, meaning and context of the statute are denied.

109.    The allegations contained in this paragraph purport to characterize ANILCA, which speaks for itself and is the best evidence of its content.  Any allegations contrary to the plain language, meaning and context of the statute are denied.

110.    The allegations contained in this paragraph purport to characterize ANILCA, which speaks for itself and is the best evidence of its content.  Any allegations contrary to the plain language, meaning and context of the statute are denied.

111.     The allegations contained in this paragraph purport to characterize ANILCA, which speaks for itself and is the best evidence of its content.  Any allegations contrary to the plain language, meaning and context of the statute are denied.

112.     The allegations contained in this paragraph purport to characterize ANILCA and its implementing regulations, which speak for themselves and are the best evidence of their content.  Any allegations contrary to the plain language, meaning and context of the cited authorities are denied.

113.     The allegations contained in this paragraph purport to characterize ANILCA, which speaks for itself and is the best evidence of its content.  Any allegations contrary to the plain language, meaning and context of the statute are denied.

"National Environmental Policy Act"

114.     The allegations contained in this paragraph purport to characterize NEPA, which speaks for itself and is the best evidence of its content.  Any allegations contrary to the plain language, meaning and context of the statute are denied.

115.     The allegations contained in this paragraph purport to characterize NEPA and a published judicial decision, which speak for themselves and are the best evidence of their content.  Any allegations contrary to the plain language, meaning and context of the cited authorities are denied.

116.     The allegations contained in this paragraph purport to characterize NEPA and its implementing regulations, which speak for themselves and are the best evidence

of their content. Any allegations contrary to the plain language, meaning and context of the cited authorities are denied.

117. The allegations contained in this paragraph purport to characterize NEPA and its implementing regulations, which speak for themselves and are the best evidence of their content. Any allegations contrary to the plain language, meaning and context of the cited authorities are denied.

118. The allegations contained in this paragraph purport to characterize NEPA and a published judicial decision, which speak for themselves and are the best evidence of their content. Any allegations contrary to the plain language, meaning and context of the cited authorities are denied.

119. The allegations contained in this paragraph purport to characterize NEPA and two published judicial decisions, which speak for themselves and are the best evidence of their content. Any allegations contrary to the plain language, meaning and context of the cited authorities are denied.

120. The allegations contained in this paragraph purport to characterize NEPA and two published judicial decisions, which speak for themselves and are the best evidence of their content. Any allegations contrary to the plain language, meaning and context of the cited authorities are denied.

121. The allegations contained in this paragraph purport to characterize NEPA and its implementing regulations, which speak for themselves and are the best evidence

of their content. Any allegations contrary to the plain language, meaning and context of the cited authorities are denied.

122. The allegations contained in this paragraph purport to characterize NEPA and its implementing regulations, which speak for themselves and are the best evidence of their content. Any allegations contrary to the plain language, meaning and context of the cited authorities are denied.

123. The allegations contained in this paragraph purport to characterize a published judicial decision and a CEQ guidance document, which speak for themselves and are the best evidence of their content. Any allegations contrary to the plain language, meaning and context of the cited authorities are denied.

124. The allegations contained in this paragraph purport to characterize NEPA, its implementing regulations, and a published judicial decision, which speak for themselves and are the best evidence of their content. Any allegations contrary to the plain language, meaning and context of the cited authorities are denied.

125. The allegations contained in this paragraph purport to characterize NEPA regulations promulgated on July 16, 2020, which speak for themselves and are the best evidence of their content. Any allegations contrary to the plain language, meaning and context of the regulations are denied.

126.    The allegations contained in this paragraph purport to characterize the CWA, which speaks for itself and is the best evidence of its content.  Any allegations contrary to the plain language, meaning and context of the statute are denied.

127.  The allegations contained in this paragraph purport to characterize the CWA, which speaks for itself and is the best evidence of its content.  Any allegations contrary to the plain language, meaning and context of the statute are denied.

128.    The allegations contained in this paragraph purport to characterize the CWA and its implementing regulations, which speak for themselves and are the best evidence of their content.  Any allegations contrary to the plain language, meaning and context of the cited authorities are denied.

129.    The allegations contained in this paragraph purport to characterize the CWA and its implementing regulations, which speak for themselves and are the best evidence of their content.  Any allegations contrary to the plain language, meaning and context of the cited authorities are denied.

130.    The allegations contained in this paragraph purport to characterize the CWA's implementing regulations, which speak for themselves and are the best evidence of their content.  Any allegations contrary to the plain language, meaning and context of the cited authorities are denied.

131.    The allegations contained in this paragraph purport to characterize Guidelines promulgated by the EPA and Corps of Engineers that implement the CWA,

which speak for themselves and are the best evidence of their content. Any allegations contrary to the plain language, meaning and context of the cited authorities are denied.

132. The allegations contained in this paragraph purport to characterize Guidelines promulgated by the EPA and Corps of Engineers that implement the CWA, which speak for themselves and are the best evidence of their content. Any allegations contrary to the plain language, meaning and context of the cited authorities are denied.

133. The allegations contained in this paragraph purport to characterize Guidelines promulgated by the EPA and Corps of Engineers that implement the CWA, which speak for themselves and are the best evidence of their content. Any allegations contrary to the plain language, meaning and context of the cited authorities are denied.

134. The allegations contained in this paragraph purport to characterize Guidelines promulgated by the EPA and Corps of Engineers that implement the CWA, which speak for themselves and are the best evidence of their content. Any allegations contrary to the plain language, meaning and context of the cited authorities are denied.

135. The allegations contained in this paragraph purport to characterize Guidelines promulgated by the EPA and Corps of Engineers that implement the CWA, which speak for themselves and are the best evidence of their content. Any allegations contrary to the plain language, meaning and context of the cited authorities are denied.

136. The allegations contained in this paragraph purport to characterize Guidelines promulgated by the EPA and Corps of Engineers that implement the CWA,

which speak for themselves and are the best evidence of their content. Any allegations contrary to the plain language, meaning and context of the cited authorities are denied.

137. The allegations contained in this paragraph purport to characterize Guidelines promulgated by the EPA and Corps of Engineers that implement the CWA, which speak for themselves and are the best evidence of their content. Any allegations contrary to the plain language, meaning and context of the cited authorities are denied.

138. The allegations contained in this paragraph purport to characterize Guidelines promulgated by the EPA and Corps of Engineers that implement the CWA, which speak for themselves and are the best evidence of their content. Any allegations contrary to the plain language, meaning and context of the cited authorities are denied.

139. The allegations contained in this paragraph purport to characterize Guidelines promulgated by the EPA and Corps of Engineers that implement the CWA, which speak for themselves and are the best evidence of their content. Any allegations contrary to the plain language, meaning and context of the cited authorities are denied.

"Federal Land Policy and Management Act"

140. The allegations contained in this paragraph purport to characterize FLPMA, which speaks for itself and is the best evidence of its content. Any allegations contrary to the plain language, meaning and context of the statute is denied.

141. The allegations contained in this paragraph purport to characterize FLPMA, which speaks for itself and is the best evidence of its content. Any allegations contrary to the plain language, meaning and context of the statute is denied.

142.    The allegations contained in this paragraph purport to characterize FLPMA, which speaks for itself and is the best evidence of its content. Any allegations contrary to the plain language, meaning and context of the statute is denied.

143.    The allegations contained in this paragraph purport to characterize FLPMA, which speaks for itself and is the best evidence of its content. Any allegations contrary to the plain language, meaning and context of the statute is denied.

144.    The allegations contained in this paragraph call for legal conclusions to which no response is required. To the extent a response is deemed required, the allegations contained in this paragraph purport to characterize FLPMA, which speaks for itself and is the best evidence of its content. Any allegations contrary to the plain language, meaning and context of the statute is denied.

145.    The allegations contained in this paragraph purport to characterize FLPMA, which speaks for itself and is the best evidence of its content. Any allegations contrary to the plain language, meaning and context of the statute is denied.

146.    The allegations contained in this paragraph call for legal conclusions to which no response is required. To the extent a response is deemed required, the allegations in contained in this paragraph purport to characterize FLPMA, which speaks for itself and is the best evidence of its content. Any allegations contrary to the plain language, meaning and context of the statute is denied.

147.    The allegations contained in this paragraph purport to characterize a regulation implementing FLPMA, which speaks for itself and is the best evidence of its

content.  Any allegations contrary to the plain language, meaning and context of the regulation is denied.

148.    The allegations contained in this paragraph purport to characterize FLPMA, which speaks for itself and is the best evidence of its content.  Any allegations contrary to the plain language, meaning and context of the statute is denied.

"<u>Administrative Procedure Act</u>"

149.    The allegations contained in this paragraph purport to characterize the APA, which speaks for itself and is the best evidence of its content.  Any allegations contrary to the plain language, meaning and context of the statute is denied.

150.    The allegations contained in this paragraph purport to characterize the APA, which speaks for itself and is the best evidence of its content.  Any allegations contrary to the plain language, meaning and context of the statute is denied.

"**CLAIMS FOR RELIEF**"

"**COUNT I: VIOLATION OF ANILCA**"

"***Count I: Failure by NPS, BLM, the Corps, and the Coast Guard to Comply with ANILCA Title XI***"

151.    Intervenor-Defendant incorporates by reference its responses to the allegations contained in paragraphs 1-147.

152.    The allegations contained in this paragraph call for legal conclusions to which no response is required.

153.	The allegations contained in this paragraph purport to characterize ANILCA, which speaks for itself and is the best evidence of its content.  Any allegations contrary to the plain language, meaning and context of the statute are denied.

154.	The allegations contained in this paragraph call for legal conclusions to which no response is required.  To the extent a response is deemed required, the allegations are denied.

155.	Intervenor-Defendant admits the allegations contained in this paragraph.

156.	The allegations contained in this paragraph call for legal conclusions to which no response is required.  To the extent a response is deemed required, the allegations are denied.

157.	Intervenor-Defendant denies the allegations contained in this paragraph.

158.	The allegations contained in this paragraph call for legal conclusions to which no response is required.  To the extent a response is deemed required, the allegations are denied.

159.	Intervenor-Defendant denies the allegations contained in this paragraph.

160.	Intervenor-Defendant denies the allegations contained in this paragraph.

161	Intervenor-Defendant denies the allegations contained in this paragraph.

## "COUNT II:  VIOLATION OF NEPA BY BLM AND THE CORPS"

**"*Count II(A): Failure to Take a Hard Look at Direct, Indirect, and Cumulative Impacts and Mitigation Measures*"**

162.	Intervenor-Defendant incorporates by reference its responses to the allegations contained in paragraphs 1-161.

163.    The allegations contained in this paragraph purport to characterize NEPA and its implementing regulations, which speak for themselves and are the best evidence of their content.  Any allegations contrary to the plain language, meaning and context of the cited authorities are denied.

164.    Intervenor-Defendant denies the allegations contained in this paragraph.

165.    Intervenor-Defendant denies the allegations contained in this paragraph.

166.    Intervenor-Defendant denies the allegations contained in this paragraph.

167.    Intervenor-Defendant denies the allegations contained in this paragraph.

168.    Intervenor-Defendant denies the allegations contained in this paragraph.

169.    Intervenor-Defendant denies the allegations contained in this paragraph.

**"*Count II(B): Failure to Obtain Sufficient Information Regarding Baseline Environmental Conditions*"**

170.    Intervenor-Defendant incorporates by reference its responses to the allegations contained in paragraphs 1-169.

171.    The allegations contained in this paragraph purport to characterize NEPA and its implementing regulations, which speak for themselves and are the best evidence of their content.  Any allegations contrary to the plain language, meaning and context of the cited authorities are denied.

172.    Intervenor-Defendant denies the allegations contained in this paragraph.

173.    Intervenor-Defendant denies the allegations contained in this paragraph.

**"*Count II(C): Failure to Consider Connected Actions*"**

174.     Intervenor-Defendant incorporates by reference its responses to the allegations contained in paragraphs 1-173.

175.     The allegations contained in this paragraph purport to characterize NEPA and its implementing regulations, which speak for themselves and are the best evidence of their content.  Any allegations contrary to the plain language, meaning and context of the cited authorities are denied.

176.     Intervenor-Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in the first sentence of this paragraph, and therefore denies them.  The allegations contained in the second sentence of this paragraph purport to characterize statements by unnamed persons at Trilogy Metals, which speak for themselves and are the best evidence of their content.  Any allegations contrary to the plain language, meaning and context of those statements are denied.

177.     The allegations contained in the first two sentences of this paragraph purport to characterize the EIS and AIDEA's application for Ambler Road, which speak for themselves and are the best evidence of their content.  Any allegations contrary to the plain language, meaning and context of those documents are denied.  With respect to the allegations contained in the third sentence, Intervenor-Defendant lacks knowledge and information sufficient to form a belief as to the truth of those allegations and therefore denies them.

178.    Intervenor-Defendant admits only that the Corps approved development of 15 gravel mines in its Section 404 Permit.  Intervenor-Defendant denies the remaining allegations of this paragraph.

179.    The allegations contained in this paragraph purport to characterize the EIS, which speaks for itself and is the best evidence of its content.  Any allegations contrary to the plain language, meaning and context of the EIS are denied.

180.    Intervenor-Defendant denies the allegations contained in this paragraph.

**"*Count II(D): Failure to Supplement the EIS*"**

181.    Intervenor-Defendant incorporates by reference its responses to the allegations contained in paragraphs 1-180.

182.    The allegations contained in this paragraph purport to characterize NEPA, its implementing regulations, and a published judicial decision, which speak for themselves and are the best evidence of their content.  Any allegations contrary to the plain language, meaning and context of the cited authorities are denied.

183.    Intervenor-Defendant denies the allegations contained in the first sentence of this paragraph.  The allegations contained in the second sentence of this paragraph call for legal conclusions to which no response is required.  To the extent a response is deemed required, Intervenor-Defendant denies the allegations.  With respect to the allegations contained in the third sentence, Intervenor-Defendant admits that AIDEA submitted information to the Corps after publication of the draft EIS. The remaining allegations contained in the third sentence purport to characterize the EIS, which speaks

for itself and is the best evidence of its content. Any allegations contrary to the plain language, meaning and context of the EIS are denied.

184.     Intervenor-Defendant denies the allegations contained in this paragraph.

## "COUNT III: VIOLATION OF THE CLEAN WATER ACT BY THE CORPS"

*"Count III(A): Insufficient Information to Determine Significant Degradation & Authorizing an Activity That Will Cause or Contribute to Significant Degradation of the Waters of the U.S."*

185.     Intervenor-Defendant incorporates by reference its responses to the allegations contained in paragraphs 1-184.

186.     The allegations contained in this paragraph purport to characterize the CWA and its implementing regulations, which speak for themselves and are the best evidence of their content. Any allegations contrary to the plain language, meaning and context of the cited authorities are denied.

187.     The allegations contained in this paragraph purport to characterize the CWA and its implementing regulations, which speak for themselves and are the best evidence of their content. Any allegations contrary to the plain language, meaning and context of the cited authorities are denied.

188.     Intervenor-Defendant denies the allegations contained in this paragraph.

189.     Intervenor-Defendant denies the allegations contained in the first and fourth sentences this paragraph.  The allegations contained in the second and third sentences of this paragraph purport to characterize the JROD, which speaks for itself and is the best

Case 3:20-cv-00187-SLG   Document 49   Filed 04/09/21   Page 36 of 41

evidence of its content. Any allegations contrary to the plain language, meaning and context of the JROD are denied.

190.　Intervenor-Defendant denies the allegations contained in this paragraph.

**"*Count III(B): Failure to Properly Consider Indirect, Secondary, and Cumulative Effects*"**

191.　Intervenor-Defendant incorporates by reference its responses to the allegations contained in paragraphs 1-190.

192.　The allegations contained in this paragraph purport to characterize the CWA and its implementing regulations, which speak for themselves and are the best evidence of their content. Any allegations contrary to the plain language, meaning and context of the cited authorities are denied.

193.　Intervenor-Defendant denies the allegations contained in this paragraph.

194.　Intervenor-Defendant denies the allegations contained in this paragraph.

195.　Intervenor-Defendant denies the allegations contained in this paragraph.

**"*Count III(C): Failure to Adequately Analyze and Mitigate Impacts*"**

196.　Intervenor-Defendant incorporates by reference its responses to the allegations contained in paragraphs 1-195.

197.　The allegations contained in this paragraph purport to characterize the CWA and its implementing regulations, which speak for themselves and are the best evidence of their content. Any allegations contrary to the plain language, meaning and context of the cited authorities are denied.

*N. Alaska Env't Ctr., et al. v. Bernhardt, et al.*
Case No. 3:20-cv-00187-SLG
37
Case 3:20-cv-00187-SLG　Document 49　Filed 04/09/21　Page 37 of 41

198.    The allegations contained in the first and third sentences of this paragraph purport to characterize the JROD, which speaks for itself and is the best evidence of its content.  Any allegations contrary to the plain language, meaning and context of the JROD are denied.  The allegations contained in the second and third sentences of this paragraph also contain legal conclusions to which no response is required.  To the extent a response is deemed required, the allegations are denied.

199.    Intervenor-Defendant denies the allegations contained in this paragraph.

**"*Count III(D): Failure to Provide for Public Review*"**

200.    Intervenor-Defendant incorporates by reference its responses to the allegations contained in paragraphs 1-199.

201.    The allegations contained in this paragraph purport to characterize the CWA and its implementing regulations, which speak for themselves and are the best evidence of their content.  Any allegations contrary to the plain language, meaning and context of the cited authorities are denied.

202.    The allegations contained in the second sentence of this paragraph purport to characterize a February 5, 2020 submission by AIDEA, which speaks for itself and is the best evidence of its content.  Any allegations contrary to the plain language, meaning and context of that document are denied.

203.    The allegations contained in this paragraph are too vague and ambiguous to permit Intervenor-Defendant to frame a response, and are denied on that basis.

204.    Intervenor-Defendant denies the allegations contained in this paragraph.

## "COUNT IV: VIOLATION OF FLPMA BY BLM"

### "*Count IV(A): Failure to Protect the Environment and Public Interest*"

205.    Intervenor-Defendant incorporates by reference its responses to the allegations contained in paragraphs 1-204.

206.    The allegations contained in this paragraph purport to characterize FLPMA, which speaks for itself and is the best evidence of its content.  Any allegations contrary to the plain language, meaning and context of the statute are denied.

207.    Intervenor-Defendant denies the allegations contained in the first and fourth sentences of this paragraph.  The remaining allegations of this paragraph purport to characterize the JROD or ROW, which speak for themselves and are the best evidence of their content.   Any allegations contrary to the plain language, meaning and context of the cited documents are denied.

208.    Intervenor-Defendant denies the allegations contained in the first sentence of this paragraph.  The allegations contained in the second sentence of this paragraph purport to quote a published judicial decision, which speaks for itself and is the best evidence of its content.   Any allegations contrary to the plain language, meaning and context of the decision are denied.

209.    Intervenor-Defendant denies the allegations contained in this paragraph.

### "*Count IV(B): Failure to Analyze All Impacts Associated with the Right-of-Way Grant*"

210.    Intervenor-Defendant incorporates by reference its responses to the allegations contained in paragraphs 1-209.

211. The allegations contained in this paragraph call for legal conclusions to which no response is required. To the extent a response is deemed required, the allegations are denied.

212. Intervenor-Defendant denies the allegations contained in this paragraph.

213. Intervenor-Defendant denies the allegations contained in this paragraph.

**"*Count IV(C): Failure to Limit the Scope of the Right-of-Way Grant*"**

214. Intervenor-Defendant incorporates by reference its responses to the allegations contained in paragraphs 1-213.

215. The allegations contained in this paragraph purport to characterize FLPMA, which speaks for itself and is the best evidence of its content. Any allegations contrary to the plain language, meaning and context of the statute is denied.

216. Intervenor-Defendant denies the allegations contained in this paragraph.

217. Intervenor-Defendant denies the allegations contained in this paragraph.

## "REQUEST FOR RELIEF"

The remainder of the First Amended Complaint constitutes Plaintiffs' request for relief, to which no response is required. To the extent a response is deemed required, Intervenor-Defendant denies that Plaintiffs are entitled to the relief requested, or to any relief whatsoever.

## <u>DEFENSES</u>

Plaintiffs have failed to state a claim as to which relief may be granted with respect to one or more of their claims.

Dated:   April 9, 2021

**PERKINS COIE LLP**
***Attorneys for Intervenor-Defendant***
***Ambler Metals LLC***

By:   *s/ Stacey Bosshardt*

Stacey Bosshardt
DC Bar No. 458645
SBosshardt@perkinscoie.com
700 Thirteenth Street, N.W., Suite 800
Washington, D.C.  20005-3960
Telephone:  202.654.6200
Facsimile:  202.654.6211

Eric B. Fjelstad
EFjelstad@perkinscoie.com
James N. Leik
JLeik@perkinscoie.com
1029 West Third Avenue, Suite 300
Anchorage, AK  99501-1981
Telephone: 907.263.6973
Facsimile:  907.263.6473

## CERTIFICATE OF SERVICE

I hereby certify that on April 9, 2021, a copy of the foregoing was served by electronic means on all counsel of record by the Court's DM/ECF system.

Dated:  April 9, 2021                    By:   *s/ Stacey Bosshardt*
                                                    Stacey Bosshardt