Kyle W. Parker, ABA No. 9212124
Sarah C. Bordelon, NV Bar 14683 (*pro hac vice*)
HOLLAND & HART LLP
1029 W. 3rd Avenue, Suite 550
Anchorage, Alaska 99501
Telephone: (907) 865-2600
Facsimile: (907) 865-2680
kwparker@hollandhart.com
scbordelon@hollandhart.com

*Attorneys for Alaska Industrial Development and Export Authority*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| NORTHERN ALASKA ENVIRONMENTAL COUNCIL, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DEBRA HAALAND, in her official capacity, et al., <br><br> Defendants, <br><br> and <br><br> AMBLER METALS, LLC, et al. <br><br> Intervenor-Defendants. | Case No. 3:20-cv-00187-SLG |

**INTERVENOR-DEFENDANTS ALASKA INDUSTRIAL DEVELOPMENT AND EXPORT AUTHORITY AND AMBLER METALS, LLC'S OPPOSITION TO MOTION FOR EXPEDITED CONSIDERATION OF GOVERNMENT'S MOTION TO STAY**

Intervenor-Defendants Ambler Metals, LLC and the Alaska Industrial Development and Export Authority ("AIDEA") (collectively, "Intervenor-Defendants") oppose Plaintiffs' and Federal Defendants joint motion for expedited consideration of Federal Defendants' eleventh-

hour motion to stay the litigation in order to continue government-to-government consultations with Plaintiffs that began "at the end of July." ECF No. 85 at 2.

Intervenor-Defendants had little notice of the motion before it was filed. Counsel for Federal Defendants contacted undersigned counsel to obtain their positions on the motion to stay on Monday, September 27, 2021 at 1:39 p.m. Alaska time. *See* accompanying Declaration of Kyle W. Parker (Parker Decl.) ¶ 2. The email sent by Federal Defendants requested the positions of the four intervenor-defendants no later than noon Alaska time on September 28. Intervenor-Defendant AIDEA responded that:

> Given the timing, we have not been able to reach a position with our client on the proposed 60-day stay. You can represent AIDEA's position on the motion to stay as follows:
>
> Intervenor-Defendant Alaska Industrial Development and Export Authority ("AIDEA") was informed of the Federal Defendants' intent to seek a stay less than twenty-four hours before this motion was filed and requires additional time to confer prior to providing a position on the 60-day stay requested in this motion. Intervenor-Defendant AIDEA does not consent to the immediate stay of the briefing schedule pending resolution of this motion that Federal Defendants and Plaintiffs appear to claim with the final sentence of this motion.

Parker Decl. ¶ 3. Intervenor-Defendant Ambler Metals responded that:

> Counsel for Intervenor-defendant Ambler Metals require additional time to confer with their clients about this motion, and may file briefs opposing it within the time permitted for them to respond under the local rules. Moreover, Ambler Metals objects to the Motion's attempt in the final paragraph to improperly accomplish an unapproved extension of the deadline for Plaintiffs' opening summary judgment brief. Given that Plaintiffs and Defendants represent that they met to discuss the case two months ago ("at the end of July"), the fact that this motion has been shared with the Intervenor-defendants two days before Plaintiffs' opening summary judgment brief is due should not operate to extend Plaintiffs' filing deadline.

OPPOSITION TO MOTION FOR EXPEDITED CONSIDERATION
*Northern Alaska Environmental Center v. Bernhardt,* Case No. 3:20-cv-00187-SLG
Page 2 of 6

Case 3:20-cv-00187-SLG   Document 88   Filed 09/29/21   Page 2 of 6

> Ambler Metals further notes that requiring Plaintiffs to file their brief under the scheduling order that this Court has already entered will not use any judicial resources, and therefore would not by itself result in unnecessary judicial review.

Parker Decl. ¶ 4. Federal Defendants proceeded to move for the stay, filing their motion on September 28, 2021 at 3:45 p.m. Alaska time. ECF No. 85. The motion states that Federal Defendants engaged in government-to-government consultation with the Plaintiffs at the end of July and are scheduling "further requested government-to-government consultations" in October. *Id*. at 2. The motion further states that the Department of the Interior requires a 60-day pause in the briefing schedule for this case to "consider matters being brought to its attention during these discussions and consultations prior to further proceedings in this case." *Id*. The motion notes that Plaintiffs do not oppose it. *Id*.

Plaintiffs' counsel then emailed the other parties at 5:14 p.m. Alaska time on September 28, seeking the parties' position on a motion to expedite consideration of the stay motion, stating, "Given that the stay implicates the timeline for filing of Plaintiffs' opening brief, we are requesting a ruling on the stay motion by COB tomorrow." Parker Decl. ¶ 5.

The joint motion is blatantly improper as a matter of procedure; Plaintiffs have never moved for an extension of the deadline for their opening brief and are now attempting to leverage that failure into relief that would deprive Intervenor-Defendants of a meaningful opportunity to evaluate and oppose the motion for a stay. The joint motion for expedited consideration of the stay motion would unfairly require Intervenor-Defendants and their counsel to form positions on, research, draft, and obtain/provide client review on a matter of extreme consequence to both entities, apparently with enough time for the Court to then reach a decision

OPPOSITION TO MOTION FOR EXPEDITED CONSIDERATION
*Northern Alaska Environmental Center v. Bernhardt,* Case No. 3:20-cv-00187-SLG
Page 3 of 6

on potentially contested stay motions by the close of business on Wednesday, September 29 (i.e., today). All of this would be required of Intervenor-Defendants barely more than 24 hours after that brief was first filed, and little more than 48 hours of being informed that such a motion was even contemplated.

The motion is unduly prejudicial to Intervenor-Defendants, both of whom have invested considerable sums in planning, environmental analysis, and construction of the Ambler Road Project and have a vital interest in obtaining a prompt resolution of Plaintiffs' claims. AIDEA and its predecessor in interest spent six years obtaining the necessary permits for the Projects, during which it funded the agencies' detailed reviews, responded to requests for additional information from multiple agencies and the public, coordinated and in some cases funded travel for local groups to consult on the Project, and rerouted the Project to respond to local concerns. Parker Decl. ¶ 6. Intervenor-Defendants also have a shared interest, as set forth in their respective motions to intervene, in maintaining a project schedule that has already faced setbacks based on the Covid-19 pandemic and AIDEA's agreement to delay certain work in order to accommodate tribal concerns. Parker Decl. ¶ 7.

Finally, Plaintiffs would experience no prejudice from filing a brief whose deadline has long been known to them and which they participated in choosing. Filing their brief, which is presumably close to final, would not prevent them from engaging in government-to-government consultations. If Federal Defendants and Plaintiffs are considering a non-judicial resolution of their case, the Court is entitled to know the grounds on which the decision is deemed defective,

OPPOSITION TO MOTION FOR EXPEDITED CONSIDERATION
*Northern Alaska Environmental Center v. Bernhardt,* Case No. 3:20-cv-00187-SLG
Page 4 of 6

Case 3:20-cv-00187-SLG   Document 88   Filed 09/29/21   Page 4 of 6

and to evaluate the relative strength of Plaintiffs' case. Plaintiffs cite no authority for the proposition that legal prejudice results when a party is required to file a pleading consistent with a court-entered scheduling order. The Court should deny the joint motion for expedited consideration.

Dated: September 29, 2021

**HOLLAND & HART LLP**

By: *s/ Kyle W. Parker*
Kyle W. Parker, ABA No. 9212124
Sarah C. Bordelon, NV Bar 14683 (*pro hac vice*)
kwparker@hollandhart.com
scbordelon@hollandhart.com
1029 W. 3rd Avenue, Suite 550
Anchorage, Alaska 99501
Telephone: (907) 865-2600
Facsimile: (907) 865-2680

*Attorneys for Alaska Industrial Development and Export Authority*

**PERKINS COIE LLP**

By: *s/ Stacey Bosshardt*
Stacey Bosshardt (*Pro Hac Vice*)
DC Bar No. 458645
SBosshardt@perkinscoie.com
700 Thirteenth Street, N.W., Suite 800
Washington, D.C. 20005-3960
Telephone: 202.654.6200
Facsimile: 202.654.6211

Eric B. Fjelstad EFjelstad@perkinscoie.com
James N. Leik JLeik@perkinscoie.com
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
Telephone: 907.279.8561

*Attorneys for Intervenor-Defendant Ambler Metals, LLC*

OPPOSITION TO MOTION FOR EXPEDITED CONSIDERATION
*Northern Alaska Environmental Center v. Bernhardt,* Case No. 3:20-cv-00187-SLG
Page 5 of 6

Case 3:20-cv-00187-SLG   Document 88   Filed 09/29/21   Page 5 of 6

# CERTIFICATE OF SERVICE

I hereby certify on September 29, 2021, I caused the foregoing document to be electronically filed with the Clerk of Court using the CM/ECF system which will send notification and electronic service of the same to all counsel of record.

Dated: September 29, 2021

HOLLAND & HART LLP

/s/ Kyle W. Parker

17491770_v1

OPPOSITION TO MOTION FOR EXPEDITED CONSIDERATION
*Northern Alaska Environmental Center v. Bernhardt,* Case No. 3:20-cv-00187-SLG
Page 6 of 6

Case 3:20-cv-00187-SLG   Document 88   Filed 09/29/21   Page 6 of 6