TODD KIM
Assistant Attorney General
United States Department of Justice
Environment and Natural Resources Division

SARAH A. BUCKLEY (Virginia State Bar No. 87350)
ELISABETH H. CARTER (New York State Bar No. 5733274)
Trial Attorneys, Environmental Defense Section
P.O. Box 7611 Washington, D.C. 20044
202-616-7554 (Buckley) || 202-305-8865 (fax)
202-514-0286 (Carter)
sarah.buckley@usdoj.gov
elisabeth.carter@usdoj.gov

PAUL A. TURCKE (Idaho Bar No. 4759)
Trial Attorney, Natural Resources Section
P.O. Box 7611 Washington, D.C. 20044
202-353-1389 || 202-305-0275 (fax)
paul.turcke@usdoj.gov

*Attorneys for Defendants*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| NORTHERN ALASKA ENVIRONMENTAL CENTER, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> DEBRA HAALAND, in her official capacity, *et al.*, <br><br> Defendants, <br> and <br><br> AMBLER METALS, LLC, *et al.*, <br><br> Intervenor-Defendants. | Case No. 3:20-cv-00187-SLG |

**DEFENDANTS' MOTION FOR VOLUNTARY REMAND**

*Northern Alaska Envtl. Center v. Haaland,*      Case No. 3:20-cv-00187-SLG
DEFS.' MOTION FOR VOLUNTARY REMAND      1

Plaintiffs here challenge Defendants' actions to approve the Ambler Road Project, which envisions a surface transportation corridor along the southern edge of the Brooks Range connecting the Dalton Highway and the Ambler Mining District. Plaintiffs' opening merits brief has presented their claims to the Court, alongside those in the related case *Alatna Village Council v. Heinlein*, No. 3:20-cv-00253-SLG. In *Alatna Village Council*, Defendants have moved, in lieu of a response on the merits, for voluntary remand without vacatur of the challenged agency decisions issued by the Department of the Interior. *See id.*, Defs.' Mot. for Voluntary Remand, ECF No. 111. Defendants hereby move for a similar order here to accompany an order granting their motion in *Alatna Village Council*.

The *Alatna Village Council* motion provides the basis for this motion and is incorporated here by reference. "Voluntary remand is consistent with the principle that '[a]dministrative agencies have an inherent authority to reconsider their own decisions, since the power to decide in the first instance carries with it the power to reconsider.'" *Nat. Res. Def. Council, Inc. v. U.S. Dep't of Interior*, 275 F. Supp. 2d 1136, 1141 (C.D. Cal. 2002) (quoting *Trujillo v. Gen. Elec. Co.,* 621 F.2d 1084, 1086 (10th Cir. 1980)); *see also Lute v. Singer Co.,* 678 F.2d 844, 846 (9th Cir. 1982). In response to a challenge to agency action, "the agency may request a remand, without confessing error, to reconsider its previous position" or "the agency may request a remand because it believes that its original decision was incorrect on the merits and it wishes to change the result." *N. Coast Rivers All. v. U.S. Dep't of the Interior*, No. 1:16-cv-307-LJO-MJS, 2016 WL 8673038, at *3 (E.D. Cal. Dec. 16, 2016) (quoting *SKF USA Inc. v. United States,* 254 F.3d 1022,

Defs.' Motion for Voluntary Remand

Case No. 3:20-cv-00187-SLG
2

Case 3:20-cv-00187-SLG   Document 113   Filed 02/22/22   Page 2 of 4

1027-28 (Fed. Cir. 2001)). "Generally, courts only refuse voluntarily requested remand when the agency's request is frivolous or made in bad faith." *Cal. Cmtys. Against Toxics v. U.S. Env't Prot. Agency*, 688 F.3d 989, 992 (9th Cir. 2012). If the Court were to reach the merits of Plaintiffs' arguments for the purposes of determining whether to vacate the decisions, doing so would undermine a principal rationale for remand: "preserv[ing] scarce judicial resources by allowing agencies 'to cure their own mistakes.'" *Carpenters Indus. Council v. Salazar*, 734 F. Supp. 2d 126, 132 (D.D.C. 2010) (quoting *Ethyl Corp. v. Browner*, 989 F.2d 522, 524 (D.C. Cir. 1993)). It makes little sense for the Court to undertake an evaluation on the merits of decisions that the agencies seek to revisit. There is no need to vacate the challenged decisions, because the Department of the Interior has indicated that it intends to suspend the right-of-way permits while the agencies conduct further proceedings on remand. *See* Declaration of Tommy Beaudreau ¶ 12, attached as Exhibit 1.

The Court should decline further consideration of the merits, and grant Defendants' motion for voluntary remand without vacatur.

Respectfully submitted this 22nd day of February, 2022.

<div style="margin-left: 3em;">

TODD KIM
Assistant Attorney General
United States Department of Justice
Environment and Natural Resources Division

SARAH A. BUCKLEY
ELISABETH H. CARTER
Trial Attorneys
Environmental Defense Section
P.O. Box 7611 Washington, D.C. 20044
202-616-7554 (Buckley) || 202-305-8865 (fax)

</div>

*Northern Alaska Envtl. Center v. Haaland,*
DEFS.' MOTION FOR VOLUNTARY REMAND

Case No. 3:20-cv-00187-SLG
3

202-514-0286 (Carter)
sarah.buckley@usdoj.gov
elisabeth.carter@usdoj.gov

/s/ Paul A. Turcke
PAUL A. TURCKE
Trial Attorney
Natural Resources Section
P.O. Box 7611 Washington, D.C. 20044
202-353-1389 || 202-305-0275 (fax)
paul.turcke@usdoj.gov

*Counsel for Defendants*

Of Counsel:

ELIZABETH GOBESKI
Attorney Advisor
Office of the Regional Solicitor, Alaska Region
U.S. Department of the Interior
4230 University Drive, Suite 300
Anchorage, AK 99508
907-271-4186
elizabeth.gobeski@sol.doi.gov

## CERTIFICATE OF SERVICE

I hereby certify that on February 22, 2022, a copy of the foregoing was served by electronic means on all counsel of record by the Court's CM/ECF system.

/s/ Paul A. Turcke
Paul A. Turcke

*Northern Alaska Envtl. Center v. Haaland,*
DEFS.' MOTION FOR VOLUNTARY REMAND

Case No. 3:20-cv-00187-SLG
4

Case 3:20-cv-00187-SLG   Document 113   Filed 02/22/22   Page 4 of 4