TODD KIM
Assistant Attorney General
United States Department of Justice
Environment and Natural Resources Division

SARAH A. BUCKLEY (Virginia State Bar No. 87350)
ELISABETH H. CARTER (New York State Bar No. 5733274)
Trial Attorneys, Environmental Defense Section
P.O. Box 7611 Washington, D.C. 20044
202-616-7554 (Buckley) || 202-305-8865 (fax)
202-514-0286 (Carter)
sarah.buckley@usdoj.gov
elisabeth.carter@usdoj.gov

PAUL A. TURCKE (Idaho Bar No. 4759)
Trial Attorney, Natural Resources Section
P.O. Box 7611 Washington, D.C. 20044
202-353-1389 || 202-305-0275 (fax)
paul.turcke@usdoj.gov

*Attorneys for Defendants*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| NORTHERN ALASKA ENVIRONMENTAL CENTER, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>DEBRA HAALAND, in her official capacity as United States Secretary of the Interior, *et al.*,<br><br>Defendants,<br>and<br><br>AMBLER METALS, LLC, *et al.*,<br><br>Intervenor-Defendants. | Case No. 3:20-cv-00187-SLG |

**DECLARATION OF DEPUTY SECRETARY OF THE DEPARTMENT OF THE INTERIOR**

1.      My name is Tommy P. Beaudreau and I am the Deputy Secretary of the Department of the Interior (Department). I was confirmed by the Senate for this position on June 17, 2021. As the Deputy Secretary, I am the Chief Operating Officer for the Department. I assist the Secretary of the Interior in supervising and administering all operations and activities of the Department, including those of the Bureau of Land Management (BLM) and National Park Service (NPS). The Department's mission is to protect and manage the Nation's natural resources and cultural heritage; provide scientific and other information about those resources; and honor its trust responsibilities or special commitments to American Indians, Alaska Natives, and affiliated Island Communities.

2.      On behalf of the Department, I have reviewed the records underlying the following decisions challenged in the above-captioned matter: (1) the July 23, 2020 decision approving issuance of a Federal Land Policy and Management Act (FLPMA) Title V right-of-way (ROW) to the Alaska Industrial Development and Export Authority (AIDEA) for an industrial access gravel road across BLM-managed lands in northwest Alaska; (2) the associated BLM ROW permit; (3) the July 23, 2020 decision approving issuance of an Alaska National Interest Lands Conservation Act (ANILCA)-authorized ROW to AIDEA for an industrial access gravel road (Ambler Road) across Gates of the Arctic National Preserve; and (4) the associated NPS ROW permit. The records underlying these challenged decisions include the Alaska National Interest Lands Conservation Act (ANILCA) Section 810 Evaluation, National Historic Preservation Act (NHPA) Programmatic Agreement, environmental impact statement, decision records, and related materials.

3. The Department has identified substantial concerns regarding (1) the analysis of impacts to subsistence uses under ANILCA Section 810 and (2) the adequacy of government-to-government consultation with Tribes and related consideration of impacts under the NHPA to properties of traditional religious and cultural importance to federally recognized Tribes.

4. The BLM and NPS jointly engaged in the ANILCA Section 810 process, with the BLM serving as the primary author of the Section 810 Evaluation. I am aware that the challenged decisions rely upon the Section 810 Evaluation.

5. There are deficiencies in the analysis of impacts to subsistence use contained in the Section 810 Evaluation. The Section 810 Evaluation did not sufficiently analyze the extent or necessity of Ambler Road-related significant impacts to subsistence uses. These procedural deficiencies, in concert with broader trends impacting critical subsistence resources, necessitate remand of the decisions for a renewed Section 810 Evaluation and determination.

6. In particular, the Section 810 Evaluation: (1) lacks sufficient discussion of impacts on caribou forage vegetation and the resultant adverse impacts on subsistence; and (2) lacks sufficient discussion of water impacts that would occur in connection with construction and operation of the Ambler Road, including the dewatering of streams and groundwater as part of mining operations, and the impacts of such activities on salmon, sheefish, and other fish species; spawning areas, and other aquatic habitat; and related subsistence uses. These deficiencies are compounded by new information, not considered in the decisions, indicating significant declines in salmon and caribou populations critical to subsistence communities.

7. The BLM and NPS jointly engaged in the NHPA Section 106 process, with the BLM serving as the designated lead agency consistent with 36 C.F.R. § 800.2(a)(2). The BLM led development of a programmatic agreement as an alternative process for implementing

Section 106 in a phased approach under 36 C.F.R. § 800.14(b)(3). I am aware that the challenged decisions rely upon the programmatic agreement.

8. The programmatic agreement is deficient because the BLM did not engage in adequate consultation with Tribes prior to executing it. The administrative record shows that the priority of achieving a programmatic agreement within the timeframe established by the Department constrained the options for Tribal consultation, and that Tribes were afforded only a secondary role in the ultimate adoption of the programmatic agreement. Such limited consultation with Tribes is a deficiency necessitating remand of the decisions for a renewed Section 106 process, to include revisiting whether Tribes should be included as invited signatories to a programmatic agreement.

9. To ensure compliance with ANILCA and the NHPA and applicable Executive and Secretarial Orders and Departmental policies regarding Tribal consultation—including Executive Order 13175, Secretary's Order 3403, and the January 26, 2021 Presidential Memorandum: Tribal Consultations and Strengthening Nation-to-Nation Relationships—the Department has determined to undertake additional analysis and consultation under ANILCA Section 810 and NHPA Section 106.

10. In addition to correcting ANILCA Section 810 and NHPA Section 106 deficiencies, the Department also intends to supplement the applicable environmental impact statement to more thoroughly assess the impacts and resources identified as areas of concern in this litigation.

11. The review process will entail reinitiating the NHPA Section 106 process, including meaningful and thorough consultation with Tribes; reinitiating analysis of impacts to subsistence uses under ANILCA Section 810, including publishing a draft and final 810

evaluation; and publishing a draft and final supplemental environmental impact statement. The Department is committed to undertaking the necessary consultation, analysis, and supplementation in a timely manner.

12. While this review process is ongoing, the Department intends to suspend the ROW permits based on the deficiencies noted in the preceding paragraphs in order to preserve the environmental status quo. Any such suspensions will be issued after completing internal review and coordination by the BLM, NPS and the Solicitor's Office.

13. Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury that the foregoing is true and correct.

Executed this 22nd day of February 2022, in Washington, D.C.

_____
Tommy P. Beaudreau
Deputy Secretary
Department of the Interior