STACEY BOSSHARDT (*Pro Hac Vice*)
DC Bar No. 458645
KERENSA GIMRE (*Pro Hac Vice* pending)
DC Bar No. 1780406
PERKINS COIE LLP
700 Thirteenth Street, N.W., Suite 800
Washington, D.C. 20005-3960
Telephone: 202.654.6200
SBosshardt@perkinscoie.com
KGimre@perkinscoie.com

ERIC B. FJELSTAD
JAMES N. LEIK
PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
Telephone: 907.279.8561
EFjelstad@perkinscoie.com
JLeik@perkinscoie.com

***Attorneys for Ambler Metals LLC, Intervenor-Defendant***

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| NORTHERN ALASKA ENVIRONMENTAL COUNCIL, et al., <br>     Plaintiffs, <br> v. <br> DEBRA HAALAND, in her official capacity, et al., <br>     Defendants. <br>   and <br> AMBLER METALS, LLC, <br>     Intervenor-Defendant. <br> . | Case No. 3:20-cv-00187-SLG |

**AMBLER METALS, LLC'S STATEMENT REGARDING
NEED FOR ORAL ARGUMENT**

In its response to the Federal Defendants' motion for voluntary remand without

vacatur, Intervenor-Defendant Ambler Metals, LLC ("Ambler Metals") stated that,

although it does not agree that there were deficiencies in the federal agency decisions challenged in this case, Ambler Metals would not oppose the motion for remand if the Court imposes reasonable conditions on the remand process. ECF No. 129 at 9. Ambler Metals requested oral argument on the remand motion. *Id*. at 1. Ambler Metals' purpose in seeking oral argument was to provide the Court with an opportunity to negotiate a remand schedule acceptable to all of the parties in the event that the Court decides to grant Federal Defendants' motion for remand. *All of the parties*—other than the federal government—have requested that the Court exercise its uncontroversial authority to impose a reasonable schedule for completion of the remand, if a remand is granted. State of Alaska Resp., ECF No. 128 at 7 (seeking 90-day deadline); Ambler Metals Resp., ECF No. 129 at 11 (within 9 months); AIDEA Resp., ECF No. 130 at 14 (seeking final decision by December 1, 2022); NANA Regional Corp. Resp., ECF No. 131 (same); Northern Alaska Environmental Center Resp., ECF No. 127 at 23 (asking court to "require Defendants to provide a schedule").

Multiple parties have now submitted filings opposing oral argument. To the extent the Court is disinclined to hold a hearing, Ambler Metals requests that the Court impose a reasonable schedule, despite the failure of the party seeking relief (Federal Defendants) to affirmatively offer one.

In addition, although Ambler Metals did not oppose the motion for remand without vacatur provided that the remand is subject to reasonable conditions, Ambler Metals never consented to a remand with vacatur. The Court should deny Federal Defendants' motion outright rather than ordering remand with vacatur, which would be fundamentally unfair for the reasons set forth in Section II.B of Ambler Metals' Resp.

ECF No. 129 at 12–16.

Dated: April 19, 2022

**PERKINS COIE LLP**

By: *s/ Stacey Bosshardt*
    Stacey Bosshardt (*Pro Hac Vice*)
    DC Bar No. 458645
    Kerensa Gimre (*Pro Hac Vice* pending)
    DC Bar No. 1780406
    700 Thirteenth Street, N.W., Suite 800
    Washington, D.C. 20005-3960
    Telephone: 202.654.6200
    Facsimile: 202.654.6211
    SBosshardt@perkinscoie.com
    KGimre@perkinscoie.com

    Eric B. Fjelstad
    James N. Leik
    1029 West Third Avenue, Suite 300
    Anchorage, AK 99501-1981
    Telephone: 907.279.8561
    EFjelstad@perkinscoie.com
    JLeik@perkinscoie.com

    *Attorneys for Intervenor-Defendant Ambler Metals, LLC*

# CERTIFICATE OF SERVICE

I hereby certify on April 19, 2022, I caused the foregoing document to be electronically filed with the Clerk of Court using the CM/ECF system, which will send notification and electronic service of the same to all counsel of record.

Dated: April 19, 2022

                                                 *s/ Stacey Bosshardt*
                                                 Stacey Bosshardt