# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

NORTHERN ALASKA
ENVIRONMENTAL CENTER, *et al.*,

    Plaintiffs,

   v.

DEBRA HAALAND, in her official
capacity, *et al.*,

    Defendants.

  and

AMBLER METALS, LLC, *et al.*,

    Intervenor-
    Defendants.

Case No. 3:20-cv-00187-SLG

---

ALATNA VILLAGE COUNCIL, *et al.*,

    Plaintiffs,

   v.

THOMAS HEINLEIN, in his official
capacity as Acting BLM Alaska State
Director, *et al.*,

    Defendants,

  and

AMBLER METALS, LLC, *et al.*,

    Intervenor-
    Defendants.

Case No. 3:20-cv-00253-SLG

## ORDER RE MOTIONS FOR VOLUNTARY REMAND

Before the Court are Federal Defendants' Motions for Voluntary Remand.[1]

Alatna Plaintiffs,[2] Northern Alaska Environmental Center ("NAEC") Plaintiffs,[3]

Intervenor-Defendant the State of Alaska ("the State"), and Intervenor-Defendant

Alaska Industrial Development and Export Authority ("AIDEA") responded in

opposition.[4] Intervenor-Defendants Ambler Metals LLC ("Ambler Metals") and

NANA Regional Corporation, Inc. ("NANA") responded in non-opposition.[5] Federal

Defendants replied in support of both motions.[6] Only Ambler Metals has requested

---

[1] *Alatna* Docket 111; *NAEC* Docket 113 at 2 (incorporating by reference the arguments made in the *Alatna* motion).

[2] The Alatna Plaintiffs group comprises the Alatna Village Council, the Allakaket Tribal Council, the Evansville Tribal Council, the Huslia Tribal Council, the Tanana Tribal Council, and the Tanana Chiefs Conference. *See Alatna* Docket 46 at 8–12 (Second Am. & Supp. Compl.).

[3] The NAEC Plaintiffs group comprises NAEC, Alaska Wildlife Alliance, Center for Biological Diversity, Earthworks, National Audubon Society, National Parks Conservation Association, Sierra Club, The Wilderness Society, and Winter Wildlands Alliance. *See NAEC* Docket 48 at 2–3, 6 (Second Am. Compl.).

[4] *Alatna* Docket 124 (State Opp'n); *Alatna* Docket 126 (AIDEA Opp'n); *Alatna* Docket 128 (Pls.' Opp'n); *NAEC* Docket 127 (Pls.' Opp'n); *NAEC* Docket 128 (State Opp'n); *NAEC* Docket 130 (AIDEA Opp'n).

[5] *Alatna* Docket 125 (Ambler Metals Non-Opp'n); *Alatna* Docket 127 (NANA Non-Opp'n); *NAEC* Docket 129 (Ambler Metals Non-Opp'n); *NAEC* Docket 131 (NANA Non-Opp'n).

[6] *Alatna* Docket 132; *NAEC* Docket 132.

Case No. 3:20-cv-00187-SLG, *N. Alaska Env't Council, et al. v. Haaland, et al.*
Case No. 3:20-cv-00253-SLG, *Alatna Vill. Council, et al. v. Heinlein, et al.*
Order re Motions for Voluntary Remand
Page 2 of 22

oral argument on the pending motions,[7] and the Court finds that oral argument is not necessary to its determination.

## BACKGROUND

In November 2015, AIDEA submitted an application to the Bureau of Land Management ("BLM"), the National Park Service ("NPS"), the Army Corps of Engineers ("the Corps"), and the U.S. Coast Guard seeking a right-of-way connecting the Dalton Highway and the Ambler Mining District in the Brooks Range in Alaska.[8]  In the course of considering AIDEA's application, BLM prepared an Environmental Impact Statement pursuant to the National Environmental Policy Act ("NEPA"), BLM and NPS jointly evaluated the project's impact on subsistence uses pursuant to Section 810 of the Alaska National Interest Lands Conservation Act ("ANILCA"), and BLM and NPS developed a Programmatic Agreement and Cultural Resources Management Plan pursuant to the National Historic Preservation Act ("NHPA").[9]  BLM and the Corps ultimately issued a Joint Record

---

[7] *Alatna* Docket 138 at 2 (Ambler Metals' Statement re Need for Oral Arg.) ("Ambler Metals' purpose in seeking oral argument was to provide the Court with an opportunity to negotiate a remand schedule acceptable to all of the parties in the event that the Court decides to grant Federal Defendants' motion for remand."); *NAEC* Docket 139 at 1–2 (Ambler Metals' Statement re Need for Oral Arg.) (same); *see also Alatna* Docket 133 at 2 (Pls.' Notice re Oral Arg. & Notice of New Information); *NAEC* Docket 133 at 1 (Notice re Plfs.' Position on Oral Arg.); *Alatna* Docket 134 at 1 (Defs.' Notice re Oral Arg.); *NAEC* Docket 134 at 2 (Defs.' Notice re Oral Arg.); *Alatna* Docket 136 at 1–2 (AIDEA & State's Notice re Oral Arg.); *NAEC* Docket 136 at 1–2 (AIDEA & State's Notice re Oral Arg.).

[8] *See* Docket 111 at 6.

[9] *See* Docket 111 at 9–10.

Case No. 3:20-cv-00187-SLG, *N. Alaska Env't Council, et al. v. Haaland, et al.*
Case No. 3:20-cv-00253-SLG, *Alatna Vill. Council, et al. v. Heinlein, et al.*
Order re Motions for Voluntary Remand
Page 3 of 22

of Decision authorizing the Ambler Road Project in July 2020, which constituted BLM's approval under NEPA and the Corps' approval under Section 404 of the Clean Water Act ("CWA") and Section 10 of the Rivers and Harbors Act.[10]

NAEC Plaintiffs and Alatna Plaintiffs (collectively "Plaintiffs") filed suit in August 2020 and October 2020, respectively, seeking injunctive and declaratory relief against Federal Defendants.[11] They assert a broad range of claims under the Administrative Procedure Act ("APA") concerning Federal Defendants' alleged failures to comply with ANILCA, NHPA, NEPA, the CWA, and the Federal Land Policy and Management Act ("FLPMA") when authorizing the Ambler Road Project.[12] Plaintiffs have filed opening briefs in both cases, but as of yet no further merits briefing has occurred.[13]

On February 22, 2022, Federal Defendants filed the instant motions for voluntary remand.[14] Both motions include a declaration from Tommy Beaudreau, the Deputy Secretary of the Department of the Interior, stating that "the Department

---

[10] *See* Docket 111 at 8–9.

[11] *NAEC* Docket 1 (Compl.); *Alatna* Docket 1 (Compl.).

[12] *See Alatna* Docket 46; *NAEC* Docket 48.

[13] *See Alatna* Docket 99 (Opening Br.); *NAEC* Docket 99 (Opening Br.).

[14] *Alatna* Docket 111; *NAEC* Docket 113.

Case No. 3:20-cv-00187-SLG, *N. Alaska Env't Council, et al. v. Haaland, et al.*
Case No. 3:20-cv-00253-SLG, *Alatna Vill. Council, et al. v. Heinlein, et al.*
Order re Motions for Voluntary Remand
Page 4 of 22

Case 3:20-cv-00187-SLG   Document 143   Filed 05/17/22   Page 4 of 22

intends to suspend the ROW permits,"[15] and Federal Defendants have since suspended the right-of-way permits.[16] For the reasons that follow, the Court grants Federal Defendants' motions for remand without vacatur.

## LEGAL STANDARD

"[A] voluntary remand request made in response to a party's APA challenge may be granted only when the agency intends to take further action with respect to the original agency decision on review."[17] An agency need not "confess error or impropriety in order to obtain a voluntary remand" but "ordinarily does at least need to profess intention to reconsider, re-review, or modify the original agency decision that is the subject of the legal challenge."[18] When an agency "request[s] a remand (without confessing error) in order to reconsider its previous position. . . . , the reviewing court has discretion over whether to remand."[19] "Generally, courts only refuse voluntarily requested remand when the agency's

---

[15] *See Alatna* Docket 111-1 at 5, ¶ 12 (Beaudreau Decl.); *NAEC* Docket 113 at 5, ¶ 12 (Beaudreau Decl.).

[16] *See Alatna* Docket 122 (Notice of Suspension Decisions); *Alatna* Docket 122-1 (Ex. 1) (BLM suspension); *Alatna* Docket 122-2 (Ex. 2) (NPS suspension); *NAEC* Docket 125 (Notice of Suspension Decisions); *NAEC* Docket 125-1 (Ex. 1) (BLM suspension); *NAEC* Docket 125-2 (Ex. 2) (NPS suspension).

[17] *Limnia, Inc. v. U.S. Dep't of Energy*, 857 F.3d 379, 386 (D.C. Cir. 2017) (emphasis omitted); *see also Cal. Cmtys. Against Toxics v. EPA*, 688 F.3d 989, 992 (9th Cir. 2012).

[18] *Limnia*, 857 F.3d at 387.

[19] *SKF USA Inc. v. United States*, 254 F.3d 1022, 1029 (Fed. Cir. 2001).

Case No. 3:20-cv-00187-SLG, *N. Alaska Env't Council, et al. v. Haaland, et al.*
Case No. 3:20-cv-00253-SLG, *Alatna Vill. Council, et al. v. Heinlein, et al.*
Order re Motions for Voluntary Remand
Page 5 of 22

Case 3:20-cv-00187-SLG   Document 143   Filed 05/17/22   Page 5 of 22

request is frivolous or made in bad faith."[20]  Additionally, some courts "consider whether remand would unduly prejudice the non-moving party."[21]  "Nevertheless, if the agency's concern is substantial and legitimate, a remand is usually appropriate."[22]

In cases where the district court has already determined that the disputed agency action was invalid, the Ninth Circuit has stated that remand without vacatur should be ordered only in "limited circumstances" where "equity demands" doing so.[23]  When determining whether to leave an invalid rule in place, the Ninth Circuit employs the D.C. Circuit's two-part *Allied-Signal* test, which "weigh[s] the seriousness of the agency's errors against 'the disruptive consequences of an interim change that may itself be changed.'"[24]  However, the Ninth Circuit has not addressed whether remand without vacatur is appropriate when, as here, an

---

[20] *Cal. Cmtys. Against Toxics*, 688 F.3d at 992 (citing *SKF USA*, 254 F.3d at 1029).

[21] *Util. Solid Waste Activities Grp. v. Env't Prot. Agency*, 901 F.3d 414, 436 (D.C. Cir. 2018).

[22] *SKF USA*, 254 F.3d at 1029.

[23] *Pollinator Stewardship Council v. U.S. E.P.A.*, 806 F.3d 520, 532 (9th Cir. 2015) (quoting *Cal. Cmtys. Against Toxics*, 688 F.3d at 994).

[24] *Id.* (quoting *Cal. Cmtys. Against Toxics*, 688 F.3d at 992); *see also Allied-Signal, Inc. v. U.S. Nuclear Regul. Comm'n*, 988 F.2d 146, 150–51 (D.C. Cir. 1993).

Case No. 3:20-cv-00187-SLG, *N. Alaska Env't Council, et al. v. Haaland, et al.*
Case No. 3:20-cv-00253-SLG, *Alatna Vill. Council, et al. v. Heinlein, et al.*
Order re Motions for Voluntary Remand
Page 6 of 22

agency seeks voluntary remand before the district court has considered the merits of the case.[25]

## DISCUSSION

### I.    Remand

Federal Defendants move for an order remanding the challenged decisions to the agencies for reconsideration, explaining that "[a]dditional scrutiny in defending the fully briefed merits of Plaintiffs' claims has illuminated legal flaws that Defendants intend to reconsider through a further administrative process."[26] In particular, Federal Defendants identify deficiencies in their analysis of impacts to subsistence uses under ANILCA Section 810 and their consultation with Tribes pursuant to NHPA Section 106.[27]  They request remand in order to supplement the administrative record in these regards and to determine "whether to affirm, amend,

---

[25] *See In re Clean Water Act Rulemaking*, __ F. Supp. 3d __, Case Nos. C 20-04636, C 20-04869, C 20-06137, 2021 WL 4924844, at *4 (N.D. Cal. Oct. 21, 2021), *appeal filed*, Case No. 21-16961 (9th Cir. Nov. 22, 2021), *stay granted*, *Louisiana v. Am. Rivers*, 142 S. Ct. 1347, 1347 (2022) ("Contrasting policy implications have led to a split in authority regarding whether a court may order vacatur without first reaching a determination on the merits of the agency's action. . . .  Our court of appeals has not had the opportunity to address this question directly . . . ." (citations omitted)); *see also, e.g.*, *Nat'l Fam. Farm Coal. v. U.S. Env't Prot. Agency*, 960 F.3d 1120, 1144 (9th Cir. 2020) (considering vacatur only after holding that EPA decision required remand because it was not supported by substantial evidence); *Pollinator Stewardship Council*, 806 F.3d at 532 (same).

[26] *Alatna* Docket 111 at 2.

[27] *See Alatna* Docket 111 at 12–20.

Case No. 3:20-cv-00187-SLG, *N. Alaska Env't Council, et al. v. Haaland, et al.*
Case No. 3:20-cv-00253-SLG, *Alatna Vill. Council, et al. v. Heinlein, et al.*
Order re Motions for Voluntary Remand
Page 7 of 22

or terminate the right-of-way permits."[28]  Remand is appropriate here, Federal Defendants maintain, because the agencies have "identified 'a substantial and legitimate' concern regarding the challenged decision[s]" and "intend[] to take further action with respect to the original agency decision[s] on review."[29]

While Intervenor-Defendant Ambler Metals "does not agree or concede that there are deficiencies in the analysis or that remand is warranted," it does not oppose the instant motions.[30]  However, as discussed further below, it proposes that the Court impose "reasonable conditions" on any remand.[31]  Similarly, NANA states that it believes remand is unnecessary, but it "is not opposed to the [remand] so long as the Court exercises its inherent authority to closely supervise the remand."[32]

Plaintiffs, by contrast, argue that the Court should deny the instant motions because the requested remand only constitutes "a partial reconsideration [that] would leave many of Plaintiffs' claims unaddressed," including their claims

---

[28] *Alatna* Docket 111 at 3.

[29] *Alatna* Docket 111 at 12 (first quoting *SKF USA Inc. v. United States*, 254 F.3d 1022, 1029 (Fed. Cir. 2001); then quoting *Util. Solid Waste Activities Grp.*, 901 F.3d at 436).

[30] *Alatna* Docket 125 at 1 & n.1; *see also NAEC* Docket 129 at 1 & n.1.

[31] *See Alatna* Docket 125 at 1–2

[32] *Alatna* Docket 127 at 1–2; *see also NAEC* Docket 131 at 1–2.

Case No. 3:20-cv-00187-SLG, *N. Alaska Env't Council, et al. v. Haaland, et al.*
Case No. 3:20-cv-00253-SLG, *Alatna Vill. Council, et al. v. Heinlein, et al.*
Order re Motions for Voluntary Remand
Page 8 of 22

Case 3:20-cv-00187-SLG   Document 143   Filed 05/17/22   Page 8 of 22

regarding the CWA permit.[33]  They point to *Center for Food Safety v. Wheeler*, an ongoing case in which the Ninth Circuit recently denied the EPA's request for remand without vacatur, and assert that the denial occurred because the EPA "only planned to address violations under one statute and had not committed to addressing claims under another."[34]  Plaintiffs also cite three cases from the D.C. Circuit and District of D.C.—*Limnia, Inc. v. U.S. Department of Energy*,[35] *Lutheran Church–Missouri Synod v. FCC*,[36] and *American Waterways Operators v. Wheeler*[37]—as evidence that courts outside the Ninth Circuit have "likewise refused to allow voluntary remand where agencies did not commit to addressing the main issues in dispute."[38]  Accordingly, Plaintiffs maintain, the Federal Defendants' requested remand "fails to satisfy the most basic requirement for remand without vacatur—that the key issues will be revisited."[39]

---

[33] *Alatna* Docket 128 at 3; *see also NAEC* Docket 127 at 6–10 ("Here, a partial remand would be inappropriate because Defendants would potentially ignore Plaintiffs' challenges to their decisions under the CWA, ANILCA, and FLPMA, and most if not all the legal issues Plaintiffs raised under NEPA.").

[34] *Alatna* Docket 128 at 16 (citing Order at 2, *Center for Food Safety v. Wheeler*, Case No. 19-72109 (9th Cir. Jan. 12, 2021), ECF No. 67); *see also NAEC* Docket 127 at 10 & nn.39–40.

[35] 857 F.3d 379.

[36] 141 F.3d 344, 349 (D.C. Cir. 1998).

[37] 427 F. Supp. 3d 95 (D.D.C. 2019).

[38] *See Alatna* Docket 128 at 18 & n.73; *see also NAEC* Docket 127 at 9 nn.32–35, 10 n.38.

[39] *Alatna* Docket 128 at 17.

Case No. 3:20-cv-00187-SLG, *N. Alaska Env't Council, et al. v. Haaland, et al.*
Case No. 3:20-cv-00253-SLG, *Alatna Vill. Council, et al. v. Heinlein, et al.*
Order re Motions for Voluntary Remand
Page 9 of 22

Plaintiffs also contend that remand without vacatur would be highly prejudicial to them because "harmful on-the-ground activities" could otherwise continue during the reconsideration period despite the suspended right-of-way permits.[40]  Among several reasons for this assertion, Plaintiffs highlight the fact that the Corps has not explicitly committed to suspending the CWA permit, which "authorizes dredge-and-fill activities along the entire 211-mile road corridor, including dozens of river crossings, thousands of stream crossings, and thousands of acres of wetlands."[41]  Further, Plaintiffs assert that remand without vacatur would not promote judicial economy because granting the instant motions would "singl[e] out a narrow set of issues on remand and leav[e] the remaining issues in this case unresolved," meaning that Plaintiffs "would almost certainly need to return to this Court for further proceedings" regarding issues not addressed by Federal Defendants on remand.[42]

Both AIDEA and the State agree with Plaintiffs that remand should not be granted, though in contrast to Plaintiffs, they oppose remand because they believe Federal Defendants properly complied with ANILCA and the NHPA when

---

[40] *Alatna* Docket 128 at 3, 7–12; *see also NAEC* Docket 127 at 11–12.

[41] *Alatna* Docket 128 at 6–7, 10 (citing *Alatna* Docket 99 at 15–16, 19, 25–26); *see also NAEC* Docket 127 at 11–13.

[42] *NAEC* Docket 127 at 13–14; *see also Alatna* Docket 128 at 21.

Case No. 3:20-cv-00187-SLG, *N. Alaska Env't Council, et al. v. Haaland, et al.*
Case No. 3:20-cv-00253-SLG, *Alatna Vill. Council, et al. v. Heinlein, et al.*
Order re Motions for Voluntary Remand
Page 10 of 22

Case 3:20-cv-00187-SLG   Document 143   Filed 05/17/22   Page 10 of 22

assessing the Ambler Road Project's impact.[43]   Thus, they assert, "Interior has

failed to provide a bona fide, good faith basis for remand."[44]   Further, they assert

that a voluntary remand would prejudice AIDEA because it would "undermine [its]

rights under its permits, and result in an open-ended delay in the Ambler Road

Project."[45]

Federal Defendants reply that "Plaintiffs' fears of interim environmental harm

are speculative or based on a misunderstanding of the decisions or [] protective

measures."[46]   They maintain that the Programmatic Agreement covers "the full

length of the Ambler Road, not just those portions crossing federally owned land,"

and "governs the 'Pre-Construction Phase' and all other aspects of Project-related

activities that 'occur within the jurisdiction of a state or federal agency.'"[47]   Under

the Programmatic Agreement, Federal Defendants assert, AIDEA cannot

undertake ground-disturbing activities that could affect historic properties without

---

[43] *Alatna* Docket 124 at 4–5, 12–23; *Alatna* Docket 126 at 19.

[44] *Alatna* Docket 124 at 4–5.

[45] *NAEC* Docket 128; *see also Alatna* Docket 124; *Alatna* Docket 126-1 at 10, ¶ 19 (San Juan Decl.).  While the State asserts that Defendants improperly suspended the right-of-way permits, *see Alatna* Docket 124 at 11, the legality of the suspensions is not a matter before the Court in this litigation.

[46] *See Alatna* Docket 132 at 9.

[47] *Alatna* Docket 132 at 8–9.

Case No. 3:20-cv-00187-SLG, *N. Alaska Env't Council, et al. v. Haaland, et al.*
Case No. 3:20-cv-00253-SLG, *Alatna Vill. Council, et al. v. Heinlein, et al.*
Order re Motions for Voluntary Remand
Page 11 of 22

receiving approval from the BLM.[48]  Further, Federal Defendants maintain that Plaintiffs are incorrect in their suggestion that "AIDEA can proceed unrestrained on nonfederal lands, or under its Clean Water § 404 permit."[49]  Finally, they highlight AIDEA's representation that it has deferred its geotechnical drilling plans referenced by Plaintiffs in their motions and has "otherwise 'effectively cancelled' the bulk of its planned 2022 fieldwork."[50]  With regard to the State and AIDEA's assertions of prejudice, Federal Defendants contend that "AIDEA presumably submitted its application and tempered any expectations under the realization that any economic benefits from the Ambler Road Project depend on an uncertain and lengthy timeline."[51]

The Court finds that remand is appropriate under these circumstances. Because Federal Defendants have not "confess[ed] error" in the ultimate decisions to issue the right-of-way permits but rather identified deficiencies in the analyses underlying those decisions, the Court has discretion over whether to remand.[52] Here, remand is warranted because Federal Defendants have committed to

---

[48] *Alatna* Docket 132 at 9.

[49] *Alatna* Docket 132 at 9.

[50] *Alatna* Docket 132 at 9 (quoting Docket 126-1 at 7–9, ¶¶ 13–16 (San Juan Decl.)).

[51] *Alatna* Docket 111 at 22.

[52] *See SKF USA*, 254 F.3d at 1029.

Case No. 3:20-cv-00187-SLG, *N. Alaska Env't Council, et al. v. Haaland, et al.*
Case No. 3:20-cv-00253-SLG, *Alatna Vill. Council, et al. v. Heinlein, et al.*
Order re Motions for Voluntary Remand
Page 12 of 22

"tak[ing] further action with respect to the original agency decision on review,"[53] the potential issues they have identified are "substantial and legitimate,"[54] and there is no indication that they are acting in bad faith.[55]

The fact that Federal Defendants have not committed to specifically addressing each of Plaintiffs' claims on remand does not bar remand. The suitability of voluntary remand hinges on whether the agency has committed to revisiting "the original agency decision on review," not whether the agency will address every manner in which a party claims that decision was erroneous.[56] Some of the cases that Plaintiffs cite are thus inapposite because they involved circumstances in which the agency did not adequately commit to reexamining the original decision underlying the litigation.[57] In *Limnia*, for example, the plaintiff was challenging the agency's denial of loan applications that the plaintiff had submitted in 2009, and the agency only offered to review any *new* applications that the

---

[53] *See Limnia*, 857 F.3d at 386.

[54] *See SKF USA*, 254 F.3d at 1029.

[55] *See id.*

[56] *Limnia*, 857 F.3d at 386.

[57] The Court does not find *Wheeler* persuasive on this point as Ninth Circuit panel there simply denied remand in a single sentence without offering the reasoning behind its decision. *See* Order at 2, *Wheeler*, Case No. 19-72109 ("The motion to remand without vacatur (Docket Entry No. 51) is denied.").

Case No. 3:20-cv-00187-SLG, *N. Alaska Env't Council, et al. v. Haaland, et al.*
Case No. 3:20-cv-00253-SLG, *Alatna Vill. Council, et al. v. Heinlein, et al.*
Order re Motions for Voluntary Remand
Page 13 of 22

plaintiff chose to submit rather than revisiting the original 2009 decision.[58]  In other cases that Plaintiffs cite, such as *Lutheran Church*, the merits had been fully briefed and the agency made a last-minute, seemingly bad-faith request for voluntary remand.[59]

Here, by contrast, the merits have not been fully briefed, Federal Defendants have identified potential issues with the analyses underlying their original decisions, and they credibly assert that this reconsideration process may result in amendment of or outright reversal of those decisions.[60]  As Federal Defendants explain, they have "ask[ed] to revisit foundational elements of an integrated decisional whole"[61]—thus, changes to the ANILCA Section 810 analysis, the NHPA Section 106 process, or the Environmental Impact Statement have the potential to alter other aspects of decisions that Plaintiffs have challenged, such as the issuance of the CWA permit.  Further, the requested remand is unlikely to prejudice Plaintiffs; as discussed above, Federal Defendants have assured the Court in strong terms that their suspension of the right-of-way permits and position on preventing environmental harm during the reconsideration period will avoid

---

[58] *See Limnia*, 857 F.3d at 387.

[59] *See Lutheran Church*, 141 F.3d at 349; *see also Am. Waterways*, 507 F. Supp. 3d at 58.

[60] *See Alatna* Docket 111 ("The Department may decide to affirm, amend or terminate the right-of-way permits.").

[61] *Alatna* Docket 132 at 5.

Case No. 3:20-cv-00187-SLG, *N. Alaska Env't Council, et al. v. Haaland, et al.*
Case No. 3:20-cv-00253-SLG, *Alatna Vill. Council, et al. v. Heinlein, et al.*
Order re Motions for Voluntary Remand
Page 14 of 22

Case 3:20-cv-00187-SLG   Document 143   Filed 05/17/22   Page 14 of 22

prejudice to Plaintiffs.[62]  Remand is also not overly prejudicial to AIDEA in light of the lengthy timeline of the project and the fact that the Court is not imposing vacatur.

## II.  Vacatur

Federal Defendants contend that the remand should be without vacatur, primarily because vacating the challenged agency decisions would require the Court to make an independent determination on the merits, which would "undermine a principal rationale for remand: 'preserv[ing] scarce judicial resources by allowing agencies to "cure their own mistakes."'"[63]  Federal Defendants also maintain that remand without vacatur is appropriate because their suspension of the right-of-way permits will avoid environmental harm and prejudice to Plaintiffs during the reconsideration period.[64]  Both Ambler Metals and NANA agree that any remand should be without vacatur.[65]

---

[62] If these representations turn out to be inaccurate or misleading, Plaintiffs, as they acknowledge, "retain their right to seek any relief necessary to protect their interests during the course of the remand."  *NAEC* Docket 127 at 23.

[63] *Alatna* Docket 111 at 21 (quoting *Carpenters Indus. Council v. Salazar*, 734 F. Supp. 2d 126, 132 (D.D.C. 2010)) (alteration in original).

[64] *Alatna* Docket 111 at 21–22 (citing *Alatna* Docket 111-1 (Beaudreau Decl. at 5, ¶ 12)).

[65] Ambler Metals asserts that "[v]acatur would be unnecessary, given the suspensions; improper, given the absence of any judicial findings of a legal violation; and disproportionate, given the nature and extent of the modest and wholly curable deficiencies Federal Defendants identify."  *Alatna* Docket 125 at 2; *NAEC* Docket 129 at 2.  Further, Ambler Metals raises "economic and practical concerns" with vacatur, stating that vacatur would "thwart Congress' clearly expressed goals in ANILCA Section 1108" and harm the intervenor-defendants' interests

Case No. 3:20-cv-00187-SLG, *N. Alaska Env't Council, et al. v. Haaland, et al.*
Case No. 3:20-cv-00253-SLG, *Alatna Vill. Council, et al. v. Heinlein, et al.*
Order re Motions for Voluntary Remand
Page 15 of 22

Plaintiffs disagree, asserting that if the Court grants remand, it should vacate the disputed agency decisions because "[v]acatur is the default, presumptive remedy under the APA for an invalid agency action."[66] Citing the Northern District of California's recent decision in *In re Clean Water Act Rulemaking*, NAEC Plaintiffs contend that "[w]hen considering vacatur of agency actions prior to a decision on the merits, the normal vacatur test applies" and the Court need not reach the merits to vacate.[67] In that case, the district court acknowledged a "split in authority regarding whether a court may order vacatur without first reaching a determination on the merits of the agency's action," but ultimately concluded that the Ninth Circuit's holding "that even a flawed rule need not be vacated supports the corollary proposition that a flaw need not be conclusively established to vacate a rule."[68] Further, the district court noted that although the Ninth Circuit has not yet considered the issue, other district courts in the Circuit "have consistently

---

by postponing their ability to use the road and see a return on their investments. *Alatna* Docket 125 at 14–16. NANA agrees with these arguments against vacatur. *See Alatna* Docket 127 at 7–8.

[66] *NAEC* Docket 127 at 15; *see also Alatna* Docket 128 at 15–17.

[67] *NAEC* Docket 127 at 16–17 (citing *In re Clean Water Act Rulemaking*, 2021 WL 4924844, at *27–28).

[68] *In re Clean Water Act Rulemaking*, 2021 WL 4924844, at *4.

Case No. 3:20-cv-00187-SLG, *N. Alaska Env't Council, et al. v. Haaland, et al.*
Case No. 3:20-cv-00253-SLG, *Alatna Vill. Council, et al. v. Heinlein, et al.*
Order re Motions for Voluntary Remand
Page 16 of 22

acknowledged they have the authority to vacate agency actions upon remand prior to a final determination of the action's legality."[69]

Thus, employing the two-part *Allied-Signal* vacatur test, Plaintiffs contend that Federal Defendants have "failed to carry their heavy burden to show that this is a rare circumstance where the court should not vacate the underlying decisions."[70] Regarding the first prong of the test, they assert that "the legal violations that [Federal Defendants] do admit are serious legal errors."[71] And regarding the second prong, Plaintiffs maintain that vacatur would not result in disruptive environmental or economic consequences "ris[ing] to the level contemplated by the Ninth Circuit to warrant remand without vacatur."[72]

Notably, the State has filed a notice of supplemental authority drawing the Court's attention to the Supreme Court's April 6, 2022 order in *Louisiana v. American Rivers*.[73] That order stayed the district court's order in *In re Clean Water Act Rulemaking* "insofar as it vacates the current certification rule," pending

---

[69] *Id.* (citing *Pascua Yaqui Tribe v. U.S. Env't Prot. Agency*, 557 F. Supp. 3d 949, 954–55 (D. Ariz. 2021); *All. for Wild Rockies v. Marten*, Case No. CV 17-21, 2018 WL 2943251, at *2–3 (D. Mont. June 12, 2018); *N. Coast Rivers All. v. U.S. Dep't of the Interior*, Case No. 16-cv-00307, 2016 WL 8673038, at *6 (E.D. Cal. Dec. 16, 2016)).

[70] *NAEC* Docket 127 at 17; *see also Alatna* Docket 128 at 14–15, 28, 30.

[71] *NAEC* Docket 127 at 17–20; *see also Alatna* Docket 128 at 18–21.

[72] *NAEC* Docket 127 at 21–22; *see also Alatna* Docket 128 at 28–29.

[73] *Alatna* Docket 135 at 2.

Case No. 3:20-cv-00187-SLG, *N. Alaska Env't Council, et al. v. Haaland, et al.*
Case No. 3:20-cv-00253-SLG, *Alatna Vill. Council, et al. v. Heinlein, et al.*
Order re Motions for Voluntary Remand
Page 17 of 22

Case 3:20-cv-00187-SLG   Document 143   Filed 05/17/22   Page 17 of 22

disposition of the appeal in the Ninth Circuit and a timely petition for a writ of certiorari, if sought.[74]

Given the Supreme Court's recent stay order and the dearth of Ninth Circuit authority on the matter, the Court is not persuaded that it has the authority to vacate the challenged agency action absent a determination on the merits. This approach accords with the APA, which only directs a reviewing court to "hold unlawful and set aside agency action, findings, and conclusions if they are *found to be*" arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.[75] Further, as other courts have reasoned, granting vacatur without a merits determination would run contrary to the APA's goals because it would in some cases "allow the [government] to do what [it] cannot do under the APA, repeal a rule without public notice and comment, without judicial consideration of the merits."[76] Further, as discussed above, the Court finds that vacatur is unnecessary to avoid prejudice to Plaintiffs and environmental harm during the reconsideration period. Thus, the Court will order remand without vacatur.

---

[74] *Louisiana v. Am. Rivers*, 142 S. Ct. 1347, 1347 (2022).

[75] 5 U.S.C. § 706(2) (emphasis added).

[76] *See Carpenters Indus. Council*, 734 F. Supp. 2d at 135–36 (quoting *Nat'l Parks Conservation Ass'n v. Salazar*, 660 F. Supp. 2d 3, 5 (D.D.C. 2009)).

Case No. 3:20-cv-00187-SLG, *N. Alaska Env't Council, et al. v. Haaland, et al.*
Case No. 3:20-cv-00253-SLG, *Alatna Vill. Council, et al. v. Heinlein, et al.*
Order re Motions for Voluntary Remand
Page 18 of 22

## III.     Conditions

Plaintiffs request that if the Court grants remand, it "retain jurisdiction, require Defendants provide a schedule for completion of the remand process, and require Defendants provide regular status reports on their progress."[77]   They maintain that "courts 'regularly retain jurisdiction until a federal agency has complied with its legal obligations, and have the authority to compel regular progress reports in the meantime.'"[78]

Similarly, Ambler Metals proposes that the Court impose "reasonable conditions" on the remand in order to "minimize harm" and "further the important interests Congress created in ANILCA Section 201(4), which prescribes surface transportation access from the Dalton Road to the Ambler Mining District."[79] Specifically, Ambler Metals suggests: (1) imposing a nine-month time limit on remand; (2) requiring 60-day status reports from the parties during the remand; and (3) requiring the government to "lodge any new, superseding decisions, and the administrative record(s) supporting those decisions, within 30 days of issuing them."[80]   In addition to echoing Ambler Metals' suggested conditions, NANA

---

[77] *NAEC* Docket 127 at 23; *see also Alatna* Docket 128 at 30.

[78] *NAEC* Docket 127 at 23 (quoting *Cobell v. Norton*, 240 F.3d 1081, 1109 (D.C. Cir. 2001)).

[79] *Alatna* Docket 125 at 10.

[80] *Alatna* Docket 125 at 11.

Case No. 3:20-cv-00187-SLG, *N. Alaska Env't Council, et al. v. Haaland, et al.*
Case No. 3:20-cv-00253-SLG, *Alatna Vill. Council, et al. v. Heinlein, et al.*
Order re Motions for Voluntary Remand
Page 19 of 22

requests that the Court "closely supervise the remand to ensure that it is substantively targeted to" the ANILCA and NHPA issues that Federal Defendants have identified.[81] Further, NANA suggests that the Court should conduct quarterly status conferences and require the 60-day status reports "to include reference to the various government-to-government consultations held during the remand period with all affected Tribal entities and ANCSA Corporations."[82]

The State and AIDEA, too, maintain that the Court should retain jurisdiction over this case, particularly because doing so could "minimize further prejudice" to AIDEA.[83] They suggest that the Court "limit the scope of remand to the specific concerns identified in the Motion and which the Court finds valid and supported by the record."[84] Further, the State suggests imposing a 90-day deadline for the completion of reconsideration,[85] and AIDEA suggests a multi-stage timeline concluding on December 1, 2022.[86]

---

[81] *Alatna* Docket 131 at 2.

[82] *Alatna* Docket 131 at 6–7.

[83] *See Alatna* Docket 126 at 10.

[84] *Alatna* Docket 124 at 24.

[85] *Alatna* Docket 124 at 24.

[86] *Alatna* Docket 126 at 12–14.

Case No. 3:20-cv-00187-SLG, *N. Alaska Env't Council, et al. v. Haaland, et al.*
Case No. 3:20-cv-00253-SLG, *Alatna Vill. Council, et al. v. Heinlein, et al.*
Order re Motions for Voluntary Remand
Page 20 of 22

Federal Defendants agree that the Court should retain jurisdiction; however, they contend that "other parties' efforts to predetermine the schedule on remand are impractical, and would invite error."[87] They maintain that they are "'committed to undertaking the necessary consultation, analysis, and supplementation in a timely manner,' and to keeping the Court and the other parties apprised of their progress."[88] Accordingly, they suggest that the Court require them to "file a status report within 90 days and every 90 days thereafter."[89]

Given that all parties agree that the Court should retain jurisdiction during the pendency of the reconsideration, the Court will exercise its discretion and do so here.[90] The Court will require that Federal Defendants file a status report with the Court **within 60 days from the date of this order and every 60 days thereafter**. In addition, any party may move for a status conference upon a showing of good cause.

---

[87] *Alatna* Docket 132 at 10.

[88] *Alatna* Docket 132 at 11.

[89] *Alatna* Docket 132 at 11.

[90] *See Cobell v. Norton*, 240 F.3d 1081, 1109 (D.C. Cir. 2001). However, the Court observes that this exercise of discretion is "typically reserved for cases alleging unreasonable delay of agency action or failure to comply with a statutory deadline, or for cases involving a history of agency noncompliance with court orders or resistance to the fulfillment of legal duties." *Baystate Med. Ctr. v. Leavitt*, 587 F. Supp. 2d 37, 41 (D.D.C. 2008).

Case No. 3:20-cv-00187-SLG, *N. Alaska Env't Council, et al. v. Haaland, et al.*
Case No. 3:20-cv-00253-SLG, *Alatna Vill. Council, et al. v. Heinlein, et al.*
Order re Motions for Voluntary Remand
Page 21 of 22

**CONCLUSION**

In light of the foregoing, Federal Defendants' motions for voluntary remand at *NAEC* Docket 113 and *Alatna* Docket 111 are GRANTED without vacatur. The Court shall retain jurisdiction of this matter, and Federal Defendants are ordered to file status reports at 60 day intervals as detailed herein.

DATED this 17th day of May, 2022 at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:20-cv-00187-SLG, *N. Alaska Env't Council, et al. v. Haaland, et al.*
Case No. 3:20-cv-00253-SLG, *Alatna Vill. Council, et al. v. Heinlein, et al.*
Order re Motions for Voluntary Remand
Page 22 of 22

Case 3:20-cv-00187-SLG   Document 143   Filed 05/17/22   Page 22 of 22