Suzanne Bostrom (AK Bar No. 1011068)
Bridget Psarianos (AK Bar No. 1705025)
Brian Litmans (AK Bar No. 0111068)
TRUSTEES FOR ALASKA
1026 W. Fourth Avenue, Suite 201
Anchorage, AK 99501
Phone: (907) 276-4244
Fax: (907) 276-7110
sbostrom@trustees.org
bpsarianos@trustees.org
blitmans@trustees.org

Roger Flynn (*pro hac vice*)
WESTERN MINING ACTION PROJECT
P.O. Box 349; 440 Main St. #2
Lyons, CO 80540
(303) 823-5738
wmap@igc.org

*Attorneys for Plaintiffs*

# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| NORTHERN ALASKA ENVIRONMENTAL CENTER, *et al.*,<br>　　　　Plaintiffs,<br><br>v.<br><br>DEBRA HAALAND, in her official capacity as Secretary of the Interior, *et al.*,<br>　　　　Defendants,<br><br>and<br><br>AMBLER METALS, LLC, *et al.*,<br>　　　　Intervenor-Defendants. | Case No. 3:20-cv-00187-SLG |

**MOTION FOR RECONSIDERATION AND CLARIFICATION REGARDING ORDER RE REMAND (Local Civ. R. 7.3(h))**

Pursuant to Local Civil Rule 7.3(h), Plaintiffs Northern Alaska Environmental Center et al. respectfully request the Court's reconsideration of its Order re Motion for Voluntary Remand (ECF No. 143) ("Remand Order") and Order re Motions for Summary Judgment (ECF No. 144). For the reasons explained below, Plaintiffs request an amended order denying Defendants' motion or, at a minimum, to clarify the next steps for this litigation and to prevent prejudice by allowing Plaintiffs claims against the U.S. Army Corps of Engineers (Corps) to proceed. Federal Defendants oppose this motion. Intervenor-Defendants reserve their positions.

The Court's decisions result in prejudice to Plaintiffs because they halt Plaintiffs' case while on-the-ground activities in furtherance of the Ambler Road move forward. In its Remand Order, the Court concluded Plaintiffs would not be prejudiced, relying on Defendants's assertions that ground-disturbing activities potentially impacting historic properties would not occur without further approval and AIDEA "effectively cancelled" its planned 2022 fieldwork.[1] These findings are in error.

The State of Alaska and the Alaska Industrial Development and Export Authority (AIDEA) are continuing with permitting the proposed fieldwork for the Ambler Road, and AIDEA applied for these activities to begin May 1, 2022.[2] AIDEA plans to conduct a fieldwork program that includes extensive vegetation clearing along the road corridor,

---

[1] Remand Order at 12, 14, 18.
[2] Dep't of Nat. Res., Notice to the Public and Request for Information: LAS 34041 (Apr. 19, 2022) [Ex. A] (ECF No. 145-1); Ambler Access Project 2022 Fieldwork Activities Project Description [Ex. B] (ECF No. 145-2).

Ptfs.' Mot. for Reconsideration and Clarification 2
*N. Alaska Envtl. Ctr. v. Haaland*, Case No. 3:20-cv-00187-SLG

Case 3:20-cv-00187-SLG   Document 145   Filed 05/24/22   Page 2 of 7

surveys and other studies, and geotechnical drilling at 62 locations, including at potential material sites and bridge locations.[3] These fieldwork plans were publicly noticed over a month after Defendants issued suspensions of AIDEA's rights-of-way on federal lands.[4] That is because, as Plaintiffs explained, Defendants' suspensions do not preclude ground-disturbing activities on approximately 150 miles of State and Native Corporation lands not subject to the right-of-way suspensions.[5]

Moreover, the suspension letters expressly allow ground-disturbing and other activities on federal lands along the road corridor to be authorized via other types of permits because the Department of the Interior only suspended the challenged rights-of-way, not all permitting for the project.[6] And critically, the Corps did not seek remand of or suspend the challenged Clean Water Act (CWA) 404 permit or the National Environmental Policy Act (NEPA) analysis it relied on to issue that permit, allowing AIDEA to move forward with dredge and fill activities such as earth-moving work and blasting on non-federal lands.[7] For these reasons, the Court erred in finding that Plaintiffs

---

[3] Ex. B.
[4] Suspension of Right-of-Way Grant (ECF No. 125-1) [hereinafter BLM Letter]; Suspension of Right-of-Way Permit (ECF No. 125-2) [hereinafter NPS Letter].
[5] Ptfs.' Resp. to Defs.' Mot. for Voluntary Remand (ECF No. 127); *see also* Ex. 1, *Alatna Village Council v. Heinlein*, Case No. 3:20-cv-00253-SLG (ECF No. 133-1) (indicating, after remand motion, AIDEA's intent to complete summer fieldwork).
[6] BLM Letter at 2; NPS Letter at 2.
[7] Defs.' Mot. for Voluntary Remand at 3 n.1, *Alatna Village Council v. Heinlein*, Case No. 3:20-cv-00253-SLG (ECF No. 111) [hereinafter AVC Mot.] (indicating only that the Corps would "consider what action is needed" and follow its regulations).

Ptfs.' Mot. for Reconsideration and Clarification 3
*N. Alaska Envtl. Ctr. v. Haaland*, Case No. 3:20-cv-00187-SLG

would not be prejudiced based on Defendants' assurances that environmental harm would be prevented during the remand.[8]

Defendants have not commited to any timeframe for the remand.[9] Forcing Plaintiffs to wait a number of additional years to adjudicate their claims while on-the-ground environmental impacts occur is highly prejudicial.[10] Plaintiffs thus respectfully request that the Court reconsider its Remand Order and require the completion of merits briefing.

At a minimum, Plaintiffs request that the Court reconsider and clarify that the remand order does not apply to the Corps. Only the Bureau of Land Management (BLM) and the National Park Service (NPS) requested a voluntary remand to address legal errors related to the National Historic Preservation Act (NHPA) and the Alaska National Interest Lands Conservation Act's (ANILCA) subsistence provisions, and only sought remand of their respective rights-of-way.[11] The Corps did not move for a voluntary remand and there is no indication the Corps intends to revisit its 404 permit or the EIS analysis it relied on to issue that permit during the remand process.[12]

---

[8] Remand Order at 14–15.
[9] *Id*. at 21 (declining to impose timeline for remand and requiring status reports every 60 days).
[10] *See Am. Waterways Operators v. Wheeler*, 507 F. Supp. 3d 47, 58 (D.D.C. 2020); Order re: Motion to Remand at 8, *Alaska Wildlife Alliance v. De La Vega et al.*, Case No. 3:20-cv-00209-SLG (ECF No. 80) (denying motion for voluntary remand).
[11] AVC Mot.; Remand Order at 7–8.
[12] AVC Mot. at 3 n.1.

Ptfs.' Mot. for Reconsideration and Clarification 4
*N. Alaska Envtl. Ctr. v. Haaland*, Case No. 3:20-cv-00187-SLG

Case 3:20-cv-00187-SLG   Document 145   Filed 05/24/22   Page 4 of 7

An agency's "professed intent to revisit the challenged decision is a necessary condition to obtain remand."[13] While it is correct that a remand is not required to address every legal claim raised in a case,[14] here the Corps has not triggered the threshold requirement for remand because it did not move for a remand or profess an intent to revisit its 404 permit or the related NEPA analysis. Despite that, the Court appears to have remanded the decision to the Corps, while at the same time denying Plaintiffs' motion for summary judgment claims against the the Corps. Plaintiffs respectfully request that the Court reconsider and clarify that it is only granting remand as to BLM and NPS.

Additionally, because the Corps has not committed to revisit its decision on remand, Plaintiffs also request that, at a minimum, the Court proceeed with briefing on Plaintiffs' CWA and related NEPA claims. Delaying Plaintiffs' ability to challenge the Corps' 404 permitting decision and NEPA analysis is unduly prejudicial. The Corps has not suspended any activities related to the 404 permit, which authorizes dredge and fill activities along the entirety of the road corridor, and the Corps has otherwise not acknowledged any legal errors or committed to revisit its decision. Allowing briefing to proceed as to the claims against the Corps will reduce the prejudice to Plaintiffs by providing review of that final agency action, which could potentially result in vacatur of the challenged 404 permit.

---

[13] *Am. Waterways Operators v. Wheeler*, 427 F. Supp. 3d 95, 98–99 (D.D.C. 2019) (citing *Limnia, Inc. v. U.S. Dep't of Energy*, 857 F.3d 379, 387 (D.C. Cir. 2017)).
[14] Remand Order at 13.

Ptfs.' Mot. for Reconsideration and Clarification 5
*N. Alaska Envtl. Ctr. v. Haaland*, Case No. 3:20-cv-00187-SLG

Plaintiffs also request that the Court require BLM and NPS to provide prompt notice of any applications and authorizations for activities on federal lands related to the Ambler Road. Similarly, Plaintiffs request at least 45-days' notice in advance of any ground-disturbing activities occurring pursuant to the 404 permit or other authorizations. Plaintiffs request this notice to ensure that they have sufficient information upon which to make litigation decisions, and with sufficient advance notice to lessen the burden on the parties and the Court should Plaintiffs determine that it is necessary to seek interim relief or seek to demonstrate good cause to request a status conference during the remand.[15]

Respectfully submitted this 24th day of May, 2022.

s/ Suzanne Bostrom
Suzanne Bostrom (AK Bar No. 1011068)
Bridget Psarianos (AK Bar No. 1705025)
Brian Litmans (AK Bar No. 0111068)
TRUSTEES FOR ALASKA

s/ Roger Flynn (with consent)
Roger Flynn (CO Bar No. 21078) (*pro hac vice*)
WESTERN MINING ACTION PROJECT
P.O. Box 349; 440 Main St. #2
Lyons, CO 80540
(303) 823-5738
wmap@igc.org

*Attorneys for Plaintiffs*

---

[15] Remand Order at 21.

Ptfs.' Mot. for Reconsideration and Clarification 6
*N. Alaska Envtl. Ctr. v. Haaland*, Case No. 3:20-cv-00187-SLG

# CERTIFICATE OF SERVICE

      I certify that on May 24, 2022, I caused a copy of the Plaintiffs' MOTION FOR RECONSIDERATION AND CLARIFICATION REGARDING ORDER RE REMAND to be electronically filed with the Clerk of the Court for the U.S. District Court of Alaska using the CM/ECF system.

                                                  s/ Suzanne Bostrom
                                                  Suzanne Bostrom

Ptfs.' Mot. for Reconsideration and Clarification                                                                      7
*N. Alaska Envtl. Ctr. v. Haaland*, Case No. 3:20-cv-00187-SLG

Case 3:20-cv-00187-SLG    Document 145    Filed 05/24/22    Page 7 of 7