TODD KIM
Assistant Attorney General
United States Department of Justice
Environment and Natural Resources Division

SARAH A. BUCKLEY (Virginia State Bar No. 87350)
ELISABETH H. CARTER (New York State Bar No. 5733274)
Trial Attorneys, Environmental Defense Section
P.O. Box 7611 Washington, D.C. 20044
202-616-7554 (Buckley) || 202-305-8865 (fax)
202-514-0286 (Carter)
sarah.buckley@usdoj.gov
elisabeth.carter@usdoj.gov

PAUL A. TURCKE (Idaho Bar No. 4759)
Trial Attorney, Natural Resources Section
P.O. Box 7611 Washington, D.C. 20044
202-353-1389 || 202-305-0275 (fax)
paul.turcke@usdoj.gov

*Attorneys for Defendants*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| NORTHERN ALASKA ENVIRONMENTAL CENTER, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> DEBRA HAALAND, in her official capacity, *et al.*, <br><br> Defendants, <br> and <br><br> AMBLER METALS, LLC, *et al.*, <br><br> Intervenor-Defendants. | Case No. 3:20-cv-00187-SLG |

**DEFENDANTS' RESPONSE TO MOTION FOR RECONSIDERATION**

This case involves the proposed Ambler Road, a gravel surfaced roadway that would extend from milepost 161 of the Dalton Highway westward to the Ambler Mining District. *See* BLM_0000003. On May 17, 2022, the Court granted Defendants' motion for remand without vacatur, retained jurisdiction and ordered Defendants to provide status reports at 60-day intervals. *See* ECF No. 143. Defendants are now beginning to revisit the challenged agency action. Plaintiffs, meanwhile, have moved for reconsideration. *See* ECF No. 145. In accordance with the Court's order dated May 25, 2022 (ECF No. 146), Defendants respond that this Court should deny the motion for reconsideration because Plaintiffs neither articulate nor satisfy their heavy burden in seeking the extraordinary remedy of reconsideration.

"Local Civil Rule 7.3(h)(1) provides that a court 'will ordinarily deny a motion for reconsideration absent a showing of one of the following: (A) manifest error of the law or fact; (B) discovery of new material facts not previously available; or (C) intervening change in the law.'" *Lindfors v. State Farm Mut. Auto. Ins. Co.*, No. 3:20-CV-00178-SLG, 2021 WL 4860756, at *1 (D. Alaska Sept. 17, 2021). "Reconsideration is an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Blankenship v. First Nat'l Ins. Co. of Am.*, No. C21-5914 BHS, 2022 WL 1090554, at *1 (W.D. Wash. Mar. 22, 2022) (quoting *Kona Enterprises, Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)); *see also Alaska Oil & Gas Ass'n v. Jewell*, No. 3:11-CV-0025-RRB, 2013 WL 11897792, at *2 (D. Alaska May 15, 2013). The prospect of reconsideration does not exist "to provide litigants with

a second bite at the apple." *Blankenship*, 2022 WL 1090554, at *1.[1]  Similarly, reconsideration is not "to ask a court to rethink what the court had already thought through – rightly or wrongly."  *Id*. (citing *Defs. of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995) (rejecting a motion that "neither discloses any new facts, nor reveals any manifest error of law")).  "Whether or not to grant reconsideration is committed to the sound discretion of the court."  *Navajo Nation v. Confederated Tribes & Bands of the Yakima Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

Insofar as Plaintiffs contend the Court erred in finding they would not be prejudiced during remand, the argument fails because Plaintiffs have not shown any manifest error, and because they have not proffered any new material fact(s) not previously available.  Plaintiffs improperly seek to relitigate the purported risk that the Alaska Industrial Development and Export Authority ("AIDEA") will proceed with ground-disturbing activity on nonfederal lands.  First, these arguments rely entirely on materials, or Plaintiffs' interpretations of them, that were previously before the Court. *See* Pls.' Mot. for Recons. and Clarification 2-3, ECF No. 145 ("Pls.' Mot.").  Defendants explained that protections exist to address Plaintiffs' concerns, and the Court found these protections sufficiently likely to "prevent[ ] environmental harm during the

---

[1]    The *Blankenship* court extended these principles to motions for reconsideration under "the Local Civil Rules" or the "Federal Rules of Civil Procedure[.]"  *Blankenship*, 2022 WL 1090554, at *1.  There, the local rule similarly provides that "[m]otions for reconsideration are disfavored.  The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence."  W.D. Wash. Loc. Civ. R. 7(h).

reconsideration period [and] avoid prejudice to Plaintiffs." Order 14-15, ECF No. 143. Second, subsequent events corroborate Defendants' position, and the Court's earlier conclusion. *See* Ambler Access Project Meeting Minutes at 4:108-112, Decl. of Timothy La Marr ¶ 3, p. 6, Case No. 3:20-cv-00253-SLG, ECF No. 148-1. BLM has further advised AIDEA of the ongoing requirements of the PA, including on nonfederal lands, and that undertaking any portion of the 2022 proposed work plan without approval would constitute a violation of the PA. *Id*. ¶ 4, pp. 28-30.

In sum, the Court already considered prejudice as a factor in determining whether to vacate the challenged decisions, and it determined that no such prejudice exists. *See* Order 18 ("the Court finds that vacatur is unnecessary to avoid prejudice to Plaintiffs and environmental harm during the reconsideration period"). Plaintiffs' motion, therefore, does nothing more than ask the Court to "rethink what it has already thought through[.]" *Defs. of Wildlife*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995)

Insofar as Plaintiffs' motion purports to seek "clarification," Pls.' Mot. 2, 4-5, the argument similarly fails because Plaintiffs fail to make any of the requisite showings. As an initial matter, Plaintiffs are not genuinely asking the Court to clarify any aspect of the Order. They instead ask the Court to revisit and reconsider the portion of the Order that remanded the Clean Water Act Section 404 permit issued by the U.S. Army Corps of Engineers ("the Corps"), because the Corps has not yet taken action to suspend that permit. *See* Pls.' Mot. 4 (asking the Court to "reconsider and clarify that the remand order does not apply to the Corps"). Accordingly, they must show a "(A) manifest error of the law or fact; (B) discovery of new material facts not previously available; or (C)

intervening change in the law." *Lindfors*, 2021 WL 4860756, at *1 (citing Local Civ. Rule 7.3(h)(1)).

Consistent with the representations in the United States' remand motion, the Corps is considering what action, including suspension, may be needed with respect to the Section 404 permit. *See* Defs.' Mot. for Voluntary Remand 3 n.1, Case No. 3:20-cv-00253-SLG, ECF No. 111 (explaining the Corps "will consider what action is needed with respect to the Section 404 permit in light of the Court's ruling" on the motion for voluntary remand); Decl. of Ellen H. Lyons ¶ 5, ECF No. 149-1. The Corps will follow the process outlined in its regulations at 33 C.F.R. § 325.7, and intends to update the Court in the United States' next status report. *See id*. Notably, the activities described in the "2022 Fieldwork Activities Project Description" attached to Plaintiffs' Motion are not activities covered by the permit at issue in this suit. *Id*. ¶ 6. Rather, those activities are essentially investigatory, non-construction actions that either do not require a 404 permit because they do not involve the discharge of dredged or fill material into waters of the United States or involve minor impacts covered by a separate nationwide permit. *Id*. AIDEA must submit a Preconstruction Notification and complete NHPA Section 106 consultations prior to conducting certain work under that permit. *Id*. ¶ 7.

Regardless, Plaintiffs' fear that the Corps will not "revisit its 404 permit or the EIS analysis it relied on to issue that permit during the remand process," Pls.' Mot 4, is simply incorrect. The Corps' permit decision relied on and incorporated the EIS and PA for which the Department of the Interior was the lead agency. As those documents are reconsidered, the Corps will also consider the effect of any supplemental analysis or

authorization changes on the 404 permit. Until reconsideration is complete, further action is premature.

Plaintiffs do not demonstrate the Court has committed a manifest error of law or fact, they provide no material facts not previously available, and they point to no intervening change in law. Therefore, they offer no plausible basis for reconsideration. The Court should deny Plaintiffs' motion for reconsideration.

Respectfully submitted this 1st day of June 2022.

>TODD KIM
>Assistant Attorney General
>United States Department of Justice
>Environment and Natural Resources Division
>
>SARAH A. BUCKLEY
>ELISABETH H. CARTER
>Trial Attorneys
>Environmental Defense Section
>P.O. Box 7611 Washington, D.C. 20044
>202-616-7554 (Buckley) || 202-305-8865 (fax)
>202-514-0286 (Carter)
>sarah.buckley@usdoj.gov
>elisabeth.carter@usdoj.gov
>
>*/s/ Paul A. Turcke*
>PAUL A. TURCKE
>Trial Attorney
>Natural Resources Section
>P.O. Box 7611 Washington, D.C. 20044
>202-353-1389 || 202-305-0275 (fax)
>paul.turcke@usdoj.gov
>
>*Attorneys for Defendants*

Of Counsel:

ELIZABETH GOBESKI
Attorney Advisor

Office of the Regional Solicitor, Alaska Region
U.S. Department of the Interior
4230 University Drive, Suite 300
Anchorage, AK 99508
907-271-4186
elizabeth.gobeski@sol.doi.gov

## CERTIFICATE OF SERVICE

I hereby certify that on June 1, 2022, a copy of the foregoing was served by electronic means on all counsel of record by the Court's CM/ECF system.

<u>/s/ Paul A. Turcke</u>
Paul A. Turcke
