IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| NORTHERN ALASKA ENVIRONMENTAL CENTER, *et al.*,<br><br>　　　　　　Plaintiffs,<br>　v.<br><br>DEBRA HAALAND, in her official capacity as U.S. Secretary of the Interior, *et al.*,<br><br>　　　　　　Defendants,<br>　and<br><br>AMBLER METALS, LLC, *et al.*,<br><br>　　　　　　Intervenor-Defendants. | Case No. 3:20-cv-00187-SLG |

## DECLARATION OF ELLEN H. LYONS

1.　I, Ellen H. Lyons, declare under penalty of perjury that the following statements are true and correct to the best of my knowledge and belief and that they are based upon my personal knowledge, information contained in the records of the U.S. Army Corps of Engineers, or information supplied to me by Corps employees under my supervision. *See* 28 U.S.C. § 1746.

2.　I am the Section Chief for the North Branch of the U.S. Army Corps of Engineers. I have held this position since September 2019. My present duties include acting as the Supervisor to the Project Manager for the Ambler Mining District Industrial Access Project.

3. This declaration is filed in support of the United States' response to Plaintiffs' Motion for Reconsideration in the above-captioned case.

4. I have reviewed the pleadings submitted with Plaintiffs' motions for reconsideration in the above-captioned case, and the related case *Northern Alaska Environmental Center v. Haaland*, No. 3:20-cv-0187-SLG. I am familiar with the Ambler Mining District Industrial Access Project, including the Joint Record of Decision by the Bureau of Land Management and the Corps, as well as the Clean Water Act Section 404 Individual Permit No. POA-2013-00396 and National Historic Preservation Act Programmatic Agreement.

5. Following the Court's decision granting the United States' motion for remand, the U.S. Army Corps of Engineers is assessing whether action to modify or suspend the Section 404 permit under 33 C.F.R. § 325.7 is necessary or appropriate. Suspension or modification may be appropriate when circumstances relating to the authorized activity have changed since the permit was issued. The Corps is actively reviewing the project permit and waiting to assess any changes to the project following review by the Department of Interior and intends to provide a status update as to our review to the Court in the United States' next status report, due July 18, 2022.

6. I have reviewed Exhibits A and B filed with Plaintiffs' Motion for Reconsideration. The listed activities described in these exhibits are not subject to Permit No. POA-2013-00396 issued along with the Joint Record of Decision. For example, geotechnical drilling activities as proposed are covered under Nationwide Permit 6, Survey Activities which authorizes the discharge of fill to conduct various survey

activities including exploratory drilling. Activities within the scope of NWP 6, with adherence to appropriate general conditions result in no more than minimal impacts to Waters of the U.S. Other activities described in the exhibits, such as land surveys, fish studies, wetland investigations, geophysical surveys not resulting in ground disturbance and others, do not appear to be activities that would result in the discharge of dredged and/or fill material into waters of the United States, and thus would not require a Section 404 permit.

7. AIDEA must submit a Preconstruction Notification (PCN, i.e. application) prior to conducting the geotechnical drilling because the work has the potential to impact historic properties and all 106 consultations must be completed prior to the initiation of work under NWP 6, Survey Activities.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 1st day of June 2022.

_____
Ellen H. Lyons
North Section Chief
U.S. Army Corps of Engineers