Kyle W. Parker, ABA No. 9212124
Sarah C. Bordelon, NV Bar 14683 (*pro hac vice*)
HOLLAND & HART LLP
1029 W. 3rd Avenue, Suite 550
Anchorage, Alaska 99501
Telephone:    (907) 865-2600
Facsimile:    (907) 865-2680
kwparker@hollandhart.com
scbordelon@hollandhart.com

*Attorneys for Alaska Industrial Development
and Export Authority*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| NORTHERN ALASKA ENVIRONMENTAL COUNCIL, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DEBRA HAALAND, in her official capacity, et al., <br><br> Defendants, <br><br> and <br><br> AMBLER METALS, LLC, et al. <br><br> Intervenor-Defendants. | No. 3:20-cv-00187-SLG |
| ALATNA VILLAGE COUNCIL, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CHAD PADGETT, in his official capacity, et al., <br><br> Defendants, <br><br> and <br><br> AMBLER METALS, LLC, et al. <br><br> Intervenor-Defendants. | No. 3:20-cv-00253-SLG |

**JOINT OPPOSITION BY AMBLER METALS, LLC, NANA REGIONAL CORPORATION, INC., ALASKA INDUSTRIAL EXPORT AND DEVELOPMENT AUTHORITY, AND STATE OF ALASKA TO PLAINTIFFS' MOTION FOR RECONSIDERATION**

In accordance with this Court's Order of May 31, 2022 (ECF No. 148), Intervenor-Defendants Ambler Metals, LLC (Ambler Metals), NANA Regional Corporation, Inc. (NANA), Alaska Industrial Export and Development Authority (AIDEA), and the State of Alaska (Intervenor-Defendants) submit this joint response opposing Plaintiff Northern Alaska Environmental Council's (NAEC) motion for reconsideration[1] and Plaintiff Alatna Village Council's (AVC) joinder and supplement to motion for reconsideration.[2] For the reasons discussed in the Defendants' Response in Opposition to the Motion for Reconsideration (government's response), ECF No. 149 (NAEC, 20-0187), ECF No. 148 (AVC, 20-0253), Plaintiffs' motion fails to meet the standard for reconsideration under Local Rule 7.3(h), and therefore should be denied.

Plaintiffs' claims that they will be harmed by the effects of pre-construction work that "do not include any construction activities and are all being conducted solely for the purposes of collecting information and to guide environmental, engineering, and design of the Project," Case No. 20-0187, ECF No. 145-2, at 1,[3] should also be rejected. That work largely does not rely on any of the rights-of-way or Army Corps of Engineers (Corps) permits[4] challenged in their lawsuits; will occur almost entirely on state or Alaska Native Corporations (ANC)-owned land;

---

[1] *Northern Alaska Environmental Center v. Heinlein*, (D. Alaska) Case No. 20-0187, ECF No. 145.

[2] *Altatna Village Council v. Heinlein*, (D. Alaska) Case No. 20-0253, ECF No. 144.

[3] This document is the AIDEA description of proposed 2022 fieldwork activity prepared as part of a state permit application.

[4] The government acknowledged in its response that AIDEA's 2022 fieldwork does not require the Corps permit. Case No. 20-0187, ECF No. 149, at 5.

JOINT OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION
*Northern Alaska Environmental Center v. Bernhardt,* Case No. 3:20-cv-00187-SLG and
*Alatna Village Council v. Padgett,* Case No. 3:20-cv-00253-SLG
Page 2 of 15

Case 3:20-cv-00187-SLG   Document 150   Filed 06/03/22   Page 2 of 15

and is very limited in scope. Moreover, almost all of the preconstruction work Plaintiffs now cite to show how they will be harmed—AIDEA's efforts to characterize soils, delineate wetlands, count fish or survey for cultural resources—not only furthers the purposes of the National Environmental Policy Act (NEPA) and National Historic Preservation Act (NHPA), but is exactly the type of work they have claimed is necessary. In their summary judgment briefs, Plaintiffs argued that "these field studies and investigations are the exact type of critical information that must be collected in a baseline assessment prior to NEPA analysis," Case No. 20-00187, ECF No. 99, at 18–19 (NAEC), and that, with respect to cultural resources, the agencies "unlawfully postponed until the post-ROD period" the "process of gathering baseline data." Case No. 20-0253, ECF No. 99, at 73 (AVC). Now that the decisions are remanded, however, Plaintiffs take the position that this work cannot occur. The Court should reject this brazen "Heads I Win, Tails You Lose" strategy and deny the motion for reconsideration.

### 1. Plaintiffs have not satisfied the standard for reconsideration.

Reconsideration is "an extraordinary remedy, to be used sparingly and in the interests of finality and conservation of judicial resources."[5] District of Alaska Local Rule 7.3(h) governs motions for reconsideration, which are ordinarily denied unless movants make a showing as to: (A) manifest error of the law or fact; (B) discovery of new material facts not previously available; or (C) intervening change in the law. L. Civ. R. 7.3(h)(1). These three circumstances

---

[5] *Keating v. Nordstrom*, No. 3:17-cv-00030-SLG, 2019 WL 7160383 at *2 (D. Alaska Oct. 8, 2019) (*citing Carroll v. Nakatani*, 342 F.3d 934, 935 (9th Cir. 1993)).

JOINT OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION
*Northern Alaska Environmental Center v. Bernhardt,* Case No. 3:20-cv-00187-SLG and
*Alatna Village Council v. Padgett*, Case No. 3:20-cv-00253-SLG
Page 3 of 15

are the only grounds for granting a motion for reconsideration.[6]

Here, it is unclear whether Plaintiffs are moving for reconsideration under Local Rules 7.3(h)(1)(A) (alleging a manifest error of law or fact) or 7.3(h)(1)(B) (alleging new material facts not previously available), but they have failed to meet their burden to justify reconsideration under either. AVC's joinder cites to previous docket entries that describe the fieldwork it alleges will harm its members. ECF No. 144, n.4 (AVC, No. 20-0187). A motion for reconsideration will not be granted "if it simply repeats arguments" made "when the Court reached its original decision."[7] The movant "must show more than a disagreement with the Court's decision," and restating "arguments considered by the court before rendering its original decision fails to carry the moving party's burden."[8]

The government's response (Case No. 20-0187, ECF No. 149 and Case No. 20-0253, ECF No. 148) aptly demonstrates how Plaintiffs have failed to meet the demanding burden to justify reconsideration. Plaintiffs' Motion should be denied.

2. **The work AIDEA hopes to undertake this year is largely non-invasive, other than limited brush-clearing to permit helicopter landings and possible geotechnical drilling.**

As AIDEA has been forced to postpone, revise, and limit aspects of the work initially planned for 2022 due to repeated, prolonged Bureau of Land Management (BLM) delays, it provides the Court with an updated summary of its planned 2022 field-work through Jeffrey

---

[6] *Blakney v. Prasad*, No. 3:18-cv-00098, 2019 WL 3253961 at *1 (D. Alaska June 19, 2019), *aff'd*, 817 F. App'x 504 (9th Cir. 2020).

[7] *Richey v. Borough*, No. 3:14-cv-00170, 2015 WL 1962880 at *1 (D. Alaska April 30, 2015).

[8] *Blakney*, 2019 WL 3253961 at *1.

JOINT OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION
*Northern Alaska Environmental Center v. Bernhardt,* Case No. 3:20-cv-00187-SLG and
*Alatna Village Council v. Padgett,* Case No. 3:20-cv-00253-SLG
Page 4 of 15

Case 3:20-cv-00187-SLG   Document 150   Filed 06/03/22   Page 4 of 15

Phillip San Juan's second declaration attached hereto. *See* Second Declaration of Jeffrey Phillip San Juan (San Juan Second Decl.) ¶¶ 11-13. As Mr. San Juan's prior declaration (submitted during briefing of the remand motion) explained, BLM's delays forced AIDEA to cancel geotechnical work planned to occur in March. 2021[9] and also "effectively cancelled the season with respect to *federal lands*" (emphasis added) because AIDEA was not willing to secure resources for $30.8 million worth of activities given the uncertainty that any such work on federal lands might be possible. San Juan Second Decl. ¶ 12; First Declaration of Jeffrey Philip San Juan, ECF No. 130-1 (Case No. 20-0253), ECF No. 126-1 (Case No. 20-0187) ¶ 13. These delays also cause severe difficulties in planning, contracting, and securing resources, and, at this point, AIDEA is unlikely to be able to complete the full scope of its originally planned activities even on State and private lands. San Juan Second Decl. ¶ 11-12.

---

[9] Among the many reasons that BLM cited, and the Court referenced, for the lack of environmental harm during the remand was the fact that AIDEA had been forced to defer geotechnical drilling and had effectively cancelled the bulk of its planned 2022 fieldwork. Although, in reality, AIDEA likely has already lost the opportunity to conduct the bulk of its planned 2022 fieldwork, AIDEA's declarant specified that the 2022 work effectively cancelled was that *on federal land*. *See* San Juan First Decl. ¶ 13. AIDEA was also forced to cancel geotechnical drilling planned for March, as the planned drilling was season-dependent, requiring frozen surroundings. San Juan First Decl. ¶ 13. In any event, BLM has yet to approve geotechnical drilling, either for areas where drilling is to occur when the environment is frozen, or other locations. Nevertheless, were BLM to approve geotechnical work, because that work is so essential to so many future project activities, AIDEA would assess whether reinitiating retention of contractors, marshalling of equipment and personnel, and other necessary and costly efforts to prepare for such work would be feasible given timing, site conditions, and other constraints. *See, e.g.,* San Juan Second Decl. ¶¶ 11, 13(j). Irrespective of any such approval or other potential 2022 activities, however, Plaintiffs' claims of harms are unsupported given the nature of the pre-construction work being considered for what remains of the 2022 season. As discussed in Mr. San Juan's declaration, any such work would be limited and unlikely to present any material impacts. San Juan Second Decl. ¶¶ 4-6, 12-13.

JOINT OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION
*Northern Alaska Environmental Center v. Bernhardt,* Case No. 3:20-cv-00187-SLG and
*Alatna Village Council v. Padgett,* Case No. 3:20-cv-00253-SLG
Page 5 of 15

Case 3:20-cv-00187-SLG   Document 150   Filed 06/03/22   Page 5 of 15

AIDEA's planned 2022 field work is limited to preconstruction activities and information collection, and is typical of scientific environmental base line work performed prior to construction on infrastructure or mineral resource projects in the vicinity. San Juan Second Decl. ¶ 4. Not only is AIDEA committed to using the results of data collection during the 2022 field season to minimize potential impacts to cultural resources (San Juan Second Decl. ¶ 6), but the cultural resource surveys to be conducted are specifically "designed and executed for the purpose of identifying and characterizing archaeological and/or historic objects or sites which may be located within the Project's future construction footprint." ECF No. 145-2, at 3 (NAEC, No. 20-0187) ("Ambler Access Project 2022 Fieldwork Activities"); *see also* Second Declaration of Elizabeth A. Cravalho (Cravalho Second Decl.) ¶ 7 (AIDEA's field work on NANA lands "will also include the performance of cultural resource surveys which are fundamental to achieving the goals of Section 106 of the National Historic Preservation Act (NHPA) and to preserving the Iñupiat heritage that is integral to the current way of life for NANA's shareholders.").

The 2022 field work for the most part will not be ground-disturbing, and will proceed only if AIDEA receives written permit approval from each of the appropriate authorities and landowners. San Juan Second Decl. ¶¶ 4-5, 7-8, 13. Much of it furthers AIDEA's commitment to collect information about site-specific conditions, which will be used to refine the engineering design of the Project and mitigate impacts when construction begins. San Juan Second Decl. ¶¶ 4, 6, 13. During the 2022 field season, AIDEA employees and others with whom AIDEA has contracted (including NANA shareholders) would enter state and private lands on foot to the extent authorized by the relevant land use authorizations to: survey and document cultural resources (alongside a tribal liaison); collect data regarding fish habitat; detect wetlands and

JOINT OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION
*Northern Alaska Environmental Center v. Bernhardt,* Case No. 3:20-cv-00187-SLG and
*Alatna Village Council v. Padgett,* Case No. 3:20-cv-00253-SLG
Page 6 of 15

waters, record invasive and sensitive species, and document incidental wildlife information; collect hydrologic data; perform land surveys; clear limited brush to allow helicopter landing (short of uprooting vegetation); and perform geophysical surveys using hand-held data collection instruments. San Juan Second Decl. ¶ 13. In addition to these pedestrian activities, engineering reconnaissance and bird nest survey work may require overview flights to supplement on-the-ground visual reconnaissance, and AIDEA may install weather data collection devices, conduct geotechnical probing, and consider non-weather dependent geotechnical drilling at certain project components, should it receive the appropriate approvals. San Juan Second Decl. ¶¶ 11, 13. The 2022 field season is limited to pre-construction activities, and as such will not include blasting, earthwork, ice roads, gravel pads, or extensive brush clearing, and will not leave a permanent footprint. *Id.* ¶¶ 4-5.

The types of work included in AIDEA's 2022 plan, although it may involve walking on the right-of-way (but not on federal lands), for the most part is not ground-disturbing. Even for the small subset of work that has impacts, however, courts have recognized that narrowly circumscribed geotechnical work does not cause irreparable injury sufficient to warrant a preliminary injunction.[10] While Plaintiffs have not brought an injunction motion, and cannot

---

[10] *Nat. Res. Def. Council v. Kempthorne*, 525 F. Supp. 2d 115, 125 (D.D.C. 2007) (denying preliminary injunction where drilling of gas wells would have limited impact "given the relatively small size of the area affected"); Order, *Bartell Ranch LLC v. McCullough*, No. 3:21-cv-00080, at 20 (D. Nev. Sept. 3, 2021) ("digging between two and 25 holes by hand at each of the 21 precontact historic sites and digging seven mechanical trenches . . . . of up to a few meters deep and 40 meters long," to implement historic preservation treatment plan, did not justify injunction); *Protecting Arizona's Res. & Child. v. Fed. Highway Admin.*, No. CV-15-00893, 2015 WL 12618411, at *6 (D. Ariz. July 28, 2015) (declining to find irreparable harm from geotechnical testing); *HonoluluTraffic.com v. Fed. Transit Admin.*, 742 F.3d 1222, 1228 (9th Cir.
(continued...)

JOINT OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION
*Northern Alaska Environmental Center v. Bernhardt,* Case No. 3:20-cv-00187-SLG and
*Alatna Village Council v. Padgett,* Case No. 3:20-cv-00253-SLG
Page 7 of 15

Case 3:20-cv-00187-SLG   Document 150   Filed 06/03/22   Page 7 of 15

procedurally seek the same through an ill-conceived motion for reconsideration, that type of work would otherwise not warrant an injunction and should not be a basis for reconsidering this Court's decision.

### 3. The work in AIDEA's 2022 fieldwork plan is almost entirely on non-federal lands and does not fill any jurisdictional waters.

The 2022 fieldwork, except for work that may ultimately be authorized under pending federal applications, will occur on non-federal land. San Juan Second Decl. ¶ 12. For instance, AIDEA's planned work includes work on approximately 235 acres of NANA lands pursuant to a revocable license granted by NANA. Cravalho Decl. ¶ 4. This work is proceeding under permits issued by the landowners (the State, NANA, and Doyon), which have authorized this work as part of their sovereign (in the case of the State) or private land-owner (in the case of the ANCs) authority over land use, and in no way requires the federal rights-of-way authorizations or Clean Water Act permit that have been suspended.

In joining NAEC's motion for reconsideration, Plaintiffs in the *Alatna Village Council* case have asked this Court to go beyond the scope of relief requested by NAEC, and to effectively enjoin the continued operational effect of the Programmatic Agreement (PA) issued by the BLM under NHPA Section 106. The Advisory Council on Historic Preservation's regulations interpreting the NHPA allow (but do not require) an applicant to use a PA to satisfy

---

(...continued)
2014) (issuing injunction but exempting "Phase 4 engineering and design plans, conduct geotechnical training, and conduct other preconstruction activities, including any activities that are appropriate to complete the additional analysis required by the Summary Judgment Order.").

JOINT OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION
*Northern Alaska Environmental Center v. Bernhardt,* Case No. 3:20-cv-00187-SLG and
*Alatna Village Council v. Padgett,* Case No. 3:20-cv-00253-SLG
Page 8 of 15

the statute's requirements under certain circumstances.[11] As applied here, the regulations authorize BLM to utilize a phased identification and evaluation process when the activity it is authorizing consists of "corridors or large land areas" and when the effects on historic properties cannot be fully determined prior to approval of an undertaking (in this case, the issue of the ROWs).[12] Properly understood, the PA is simply an agreement as to how to administer the obligations imposed under NHPA Section 106 and is not—as Tanana Chiefs Conference (TCC) characterizes it—a "permit" or license of any sort.[13] Although the PA is itself not an entitlement and cannot authorize activity on either federal or non-federal lands, TCC asks this Court to enjoin the PA's continuing effect as part of their attempt to halt everything and anything having to do with the Project, including the cultural resource identification investigatory and identification work that Plaintiffs have insisted was deficient.

Federal Defendants have acknowledged that the work on state and ANC-owned lands does not require the Corps permit either because it comprises "investigatory, non-construction actions that either do not require a 404 permit because they do not involve the discharge of

---

[11] 36 C.F.R. § 800.14(b)(1) (listing circumstances where PA "*may* be used" (emphasis added)).

[12] *See* 36 C.F.R. § 800.4 (b)(2); 36 C.F.R. § 800.14(b).

[13] BLM sent a letter to AIDEA on May 27, 2022, as cited in and attached to the government's response brief, (Case No. 20-0253, ECF No. 148-1, pp. 28-30), and reattached hereto as part of Exhibit 1, asserting that the PA applies even to work conducted on non-federal and state lands, such that undertaking any portion of the proposed 2022 Annual Work Plan prior to receiving BLM authorization would constitute a violation of the PA. AIDEA recently responded to BLM's letter, citing various concerns, including the timing of BLM's assertion following numerous and prolonged delays in BLM's approval of preconstruction work and the extent of BLM's jurisdiction to prohibit work on non-federal lands. *See* Exhibit 1 (AIDEA Letter to Timothy LaMarr, dated June 3, 2022).

JOINT OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION
*Northern Alaska Environmental Center v. Bernhardt,* Case No. 3:20-cv-00187-SLG and
*Alatna Village Council v. Padgett,* Case No. 3:20-cv-00253-SLG
Page 9 of 15

Case 3:20-cv-00187-SLG   Document 150   Filed 06/03/22   Page 9 of 15

dredged or fill material into waters of the United States" or because it "involve[s] minor impacts covered by a separate nationwide permit." Case No. 20-0187, ECF No. 149, at 5 (NAEC).

> 4. **To the extent that AIDEA has sought a Notice to Proceed for work on federal lands, that work is consistent with NHPA and NEPA regulations, and furthers the goals of those statutes.**

Regulations implementing the NHPA and NEPA specifically provide for these types of pre-construction efforts (often applicant-led), which inform and improve the environmental analysis, to occur before the agency reaches a final decision.[14] Even action by the agency—again, not required for the work on state and local lands contemplated under the work plan here—is permitted.[15] As NANA's Vice President of Lands explains, "[i]nstead of harming traditional cultural properties (TCPs) and sensitive cultural resources, the planned fieldwork on NANA lands will promote the goals of Section 106 of the NHPA by facilitating the discovery and protection of any TCPs and sensitive cultural resources that may exist in the AAP Corridor." Cravalho Second Decl. ¶ 10.

Ironically, much of this is the same work Plaintiffs faulted the federal agencies for not doing before reaching their decisions. Case No. 20-0187, ECF No. 99, at 18 (NAEC) (faulting agencies for not having done "'[g]eotechnical investigations . . . on the specific sizes, grades, and

---

[14] 36 C.F.R. § 800.4(b)(1) (efforts to identify historic properties "may include background research, consultation, oral history interviews, sample field investigation, and field survey."); 40 C.F.R. § 1506.1(b) (NEPA "does not preclude development by applicants of plans or designs or performance of other activities necessary to support an application for Federal, State, Tribal, or local permits or assistance.").

[15] *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 145 (2010) ("Even if a particular agency proposal requires an EIS, applicable regulations allow the agency to take at least some action in furtherance of that proposal while the EIS is being prepared.").

JOINT OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION
*Northern Alaska Environmental Center v. Bernhardt,* Case No. 3:20-cv-00187-SLG and
*Alatna Village Council v. Padgett,* Case No. 3:20-cv-00253-SLG
Page 10 of 15

actual quantities' to verify gravel sites"); *id*. at 19 (faulting agencies and AIDEA for failure to complete "[g]eotechnical field studies and detailed thermal modeling" to analyze permafrost; identification of rare plants; and "studies and surveys to determine the location of" archaeological, historical, and cultural resources); Case No. 20-0253, ECF No. 99, at 73–79 (AVC) (faulting agencies for insufficient ethnographic research, archaeological surveys and cultural resource investigations). Plaintiffs cannot credibly argue, on the one hand, that the agencies' decision-making is flawed under NEPA and the NHPA because of the agencies' failure to complete these investigations before granting the rights-of-way, and on the other, that AIDEA now cannot do the work while the decision is remanded.

Plaintiffs' litigation strategy is at best puzzling, and at worst demonstrates that they are attempting to hamstring concerted efforts to advance the goals of the statutes, including the NHPA and NEPA, which they claim to be protecting.[16] The activity TCC now seeks to enjoin includes the pre-construction investigatory work that it claims was missing from the Joint Record of Decision. Indeed, the very purpose of the PA is to ensure that historic and cultural resources are investigated, identified, and protected before any significant land disturbing activities take place. BLM_0016396 (PA "was developed . . . to establish an alternative process for implementing Section 106 in a phased approach"); *see also* Cravalho Second Decl. ¶ 5 (fieldwork on NANA lands "is integral to NANA's goals of protecting both subsistence and the

---

[16] Although Federal Defendants have indicated that they view the PA as having some defects, the sole alleged NHPA violation that Plaintiffs briefed was TCC's argument, in its summary judgment brief, that the one-mile-wide Area of Potential Effects determined by the agency was arbitrary and capricious. Case No. 20-0253, ECF No. 99, at 57-59.

JOINT OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION
*Northern Alaska Environmental Center v. Bernhardt,* Case No. 3:20-cv-00187-SLG and
*Alatna Village Council v. Padgett,* Case No. 3:20-cv-00253-SLG
Page 11 of 15

Case 3:20-cv-00187-SLG   Document 150   Filed 06/03/22   Page 11 of 15

environment while pursuing economic opportunities that can benefit shareholders and communities. This work also promotes the overall subsistence goals articulated under the Alaska National Interest Lands Conservation Act (ANILCA), and the specific subsistence protections imposed for the Ambler Access Project (AAP)."). The work that the *Alatna Village Council* Plaintiffs seek to enjoin includes preliminary investigatory work to identify sensitive cultural resources and properties that will also aid BLM in its remand efforts, including cultural resource inventory and evaluation surveys. The Court should see Plaintiffs' latest round of motion practice for what this is—an effort to block *any* activities in furtherance of the Project, including even activity that is designed to further the goals of the statutes that Plaintiffs' lawsuits purportedly seek to vindicate. The Court should deny the motion to reconsider.

Dated: June 3, 2022                      **HOLLAND & HART LLP**

                                                                */s/ Kyle W. Parker*
Kyle W. Parker, ABA No. 9212124
Sarah C. Bordelon, NV Bar 14683 (*Pro Hac Vice*)
1029 W. 3rd Avenue, Suite 550
Anchorage, Alaska 99501
Telephone: (907) 865-2600
Facsimile: (907) 865-2680
kwparker@hollandhart.com
scbordelon@hollandhart.com

*Attorneys for Alaska Industrial Development and Export Authority*

**PERKINS COIE LLP**

By: */s/ Stacey Bosshardt*
     Stacey Bosshardt (*Pro Hac Vice*)
     DC Bar No. 458645

JOINT OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION
*Northern Alaska Environmental Center v. Bernhardt,* Case No. 3:20-cv-00187-SLG and
*Alatna Village Council v. Padgett,* Case No. 3:20-cv-00253-SLG
Page 12 of 15

Case 3:20-cv-00187-SLG   Document 150   Filed 06/03/22   Page 12 of 15

Kerensa Gimre (*Pro Hac Vice*)
DC Bar No. 1780406
SBosshardt@perkinscoie.com
KGimre@perkinscoie.com
700 Thirteenth Street, N.W., Suite 800
Washington, D.C. 20005-3960
Telephone: 202.654.6200
Facsimile: 202.654.6211

Eric B. Fjelstad
EFjelstad@perkinscoie.com
James N. Leik
JLeik@perkinscoie.com
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
Telephone: 907.279.8561

*Attorneys for Intervenor-Defendant Ambler Metals, LLC*

**STOEL RIVES LLP**

By: *s/ Beth S. Ginsberg*
James E. Torgerson (Bar No. 8509120)
Connor R. Smith (Bar No. 1905046)
STOEL RIVES LLP
510 L Street, Suite 500
Anchorage, AK 99501
Telephone: 907.277.1900
Facsimile: 907.277.1920
Email: jim.torgerson@stoel.com
connor.smith@stoel.com

Beth S. Ginsberg (*Pro Hac Vice*)
James C. Feldman (Bar No. 1702003)
600 University Street, Suite 3600
Seattle, WA 98101
Phone: 206.386.7581
Facsimile: 206.386.7500
Email: beth.ginsberg@stoel.com

JOINT OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION
*Northern Alaska Environmental Center v. Bernhardt,* Case No. 3:20-cv-00187-SLG and
*Alatna Village Council v. Padgett,* Case No. 3:20-cv-00253-SLG
Page 13 of 15

Case 3:20-cv-00187-SLG   Document 150   Filed 06/03/22   Page 13 of 15

james.feldman@stoel.com

*Attorneys for Intervenor-Defendant
NANA Regional Corporation, Inc.*

**TREG R. TAYLOR
ATTORNEY GENERAL**

By: */s/ Ronald W. Opsahl*
Ronald W. Opsahl
(Alaska Bar No. 2108081)
Assistant Attorney General
Alaska Department of Law
1031 West Fourth Avenue, Suite 200
Anchorage, Alaska 99501
Phone: (907) 269-5100
Facsimile: (907) 276-3697
Email: ron.opsahl@alaska.gov

*Attorney for State of Alaska*

JOINT OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION
*Northern Alaska Environmental Center v. Bernhardt,* Case No. 3:20-cv-00187-SLG and
*Alatna Village Council v. Padgett*, Case No. 3:20-cv-00253-SLG
Page 14 of 15

Case 3:20-cv-00187-SLG   Document 150   Filed 06/03/22   Page 14 of 15

# CERTIFICATE OF SERVICE

I hereby certify on June 3, 2022, I caused to be electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification and electronic service of the same to all counsel of record.

HOLLAND & HART LLP

/s/ Kyle W. Parker

19032038_v1

JOINT OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION
*Northern Alaska Environmental Center v. Bernhardt,* Case No. 3:20-cv-00187-SLG and
*Alatna Village Council v. Padgett*, Case No. 3:20-cv-00253-SLG
Page 15 of 15

Case 3:20-cv-00187-SLG   Document 150   Filed 06/03/22   Page 15 of 15