Suzanne Bostrom (AK Bar No. 1011068)
Bridget Psarianos (AK Bar No. 1705025)
Victoria Clark (AK Bar No. 0401001)
TRUSTEES FOR ALASKA
121 W. Fireweed Lane, Suite 105
Anchorage, AK 99503
(907) 276-4244
sbostrom@trustees.org
bpsarianos@trustees.org
vclark@trustees.org

Roger Flynn (*pro hac vice*)
WESTERN MINING ACTION PROJECT
P.O. Box 349; 440 Main St. #2
Lyons, CO 80540
(303) 823-5738
wmap@igc.org

*Attorneys for Plaintiffs*

# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| NORTHERN ALASKA ENVIRONMENTAL CENTER, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> DOUG BURGUM, in his official capacity as Secretary of the Interior, *et al.*, <br><br> Defendants, <br><br> and <br><br> AMBLER METALS, LLC, *et al.*, <br><br> Intervenor-Defendants. | Case No. 3:20-cv-00187-SLG |

# PLAINTIFFS' MOTION FOR EXTENSION OF TIME AND TO SET CASE MANAGEMENT SCHEDULE

Plaintiffs Northern Alaska Environmental Center *et al.* (collectively "Plaintiffs") move to extend the deadline to respond in opposition to Defendant-Intervenor Alaska Industrial Development and Export Authority's (AIDEA) motion to terminate the Court's retention of jurisdiction and to set a schedule for next steps in this case.[1] As explained herein, Plaintiffs intend to file a motion to supplement their complaint to incorporate in Federal Defendants' recent actions to reinstate the agency decisions and permits Plaintiffs originally challenged in this litigation. Plaintiffs and Federal Defendants are continuing to confer about the next steps for this case, including whether Plaintiffs' motion to supplement may potentially obviate the need for the court to address AIDEA's motion. In light of that forthcoming action, Plaintiffs respectfully request this Court set a deadline of January 22, 2026, for Plaintiffs to file their motion to supplement and extend the deadline for all parties to respond to AIDEA's motion and Plaintiffs' motion to supplement to February 12. Doing so will allow for all issues related to the next steps for this litigation, as well as responses and replies thereto, to be put before this Court at one time.

---

[1] Mot. to Terminate Retention of Jurisdiction, ECF 230 [hereinafter AIDEA Motion]. AIDEA substantively appears to be moving to dismiss this case for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b) but cites no provision of the Rules as the basis for its motion.

Pls. Mot. for Extension of Time
*N. Alaska Envtl. Ctr. v. Burgum*, Case No. 3:20-cv-00187-SLG  Page 2

Plaintiffs' counsel sought to confer with counsel for other parties regarding this motion. Federal Defendants take no position on the motion for an extension, and reaffirm the statement in Defendants' Twenty-First Status Report[2] regarding the motion to terminate retention of jurisdiction while noting that additional time for responses may facilitate discussions between the parties that will resolve the motion or clarify next steps in this case. Defendant-Intervenors AIDEA, Ambler Metals, and the State of Alaska indicated that they may file responses to this motion; nonetheless, these parties consent to an extension through December 17, 2025, for Plaintiffs' response. Defendant-Intervenor NANA did not respond to Plaintiffs' counsel with its position by the time of filing.

Extending the timeframe for the parties to respond to AIDEA's motion until after Plaintiffs' forthcoming motion for leave to file a supplemental complaint would benefit the parties and the Court. AIDEA's motion prematurely attempts to rebut Plaintiffs' supplementation arguments before those matters are properly before the Court via Plaintiffs' motion to supplement.[3] Allowing the parties to respond to AIDEA's motion after Plaintiffs file their motion to supplement and proposed supplemental complaint would allow the parties and this Court to address these interrelated matters at one time.

Additional time is also necessary to give the parties an opportunity to confer and potentially recommend next steps in this case to the Court. In its September status report,

---

[2] ECF No. 231.
[3] *See* AIDEA Mot. at 5–10.

Pls. Mot. for Extension of Time
*N. Alaska Envtl. Ctr. v. Burgum*, Case No. 3:20-cv-00187-SLG                Page 3

Federal Defendants indicated that they would continue to provide timely updates to the parties regarding any steps taken to implement relevant Executive and Secretarial directions to reinstate the permits challenged in this case.[4] Federal Defendants also stated that "counsel anticipate conferring about how those steps affect, or provide a basis for further proceedings in, this litigation."[5] Plaintiffs received copies of the new Bureau of Land Management (BLM) and National Park Service authorizations from Federal Defendants on October 28 and did not receive the U.S. Army Corps of Engineers' (Corps) decision memorandum reinstating its 2020 Clean Water Act Section 404 permit until November 7, 2025.[6] Those decisions reinstate the original right-of-way and Clean Water Act authorizations challenged as part of this lawsuit with minor changes.[7] While counsel for Plaintiffs have been diligently reviewing the agency decisions and consulting with their clients, Plaintiffs need additional time to work through their next steps in this case.

---

[4] Defs.' Twentieth Status Report, ECF No. 226 (Sept. 12, 2025).
[5] *Id.*
[6] AIDEA stated that it received its reinstated permits as recently as November 5, 2025. AIDEA Mot. at 5 n.14.
[7] Ex. A, Letter from Donald Striker, Nat'l Park Serv., to Randy Ruaro, AIDEA (Oct. 19, 2025); Ex. B, Nat'l Park Serv., U.S. Dep't of the Interior, Right-of-Way Permit for Alaska Industrial Development and Export Authority (AIDEA): Right-of-Way Permit No.: RW GAAR-25-001 (Oct. 21, 2025); Ex. C, Letter from Kevin Pendergast, BLM, to Randy Ruaro, AIDEA (Oct. 21, 2025); Ex. D, Bureau of Land Mgmt., U.S. Dep't of the Interior, Right-of-Way Grant: F-97112/AKAK106233530 (Oct. 21, 2025); Ex. E, Letter from Jeffrey Palazzini, Alaska District, U.S. Army Corps of Eng'rs, to Mark Davis, AIDEA (Oct. 22, 2025).

Pls. Mot. for Extension of Time
*N. Alaska Envtl. Ctr. v. Burgum*, Case No. 3:20-cv-00187-SLG    Page 4

Case 3:20-cv-00187-SLG    Document 233    Filed 11/26/25    Page 4 of 7

Plaintiffs have also been conferring with Federal Defendants as part of this process. However, as this Court is aware, civil proceedings against the United States were held abeyance for an extended period due to the lapse in congressional appropriations.[8] The abeyance, which extended seven days after the restoration of appropriations, lapsed on November 20—one day before AIDEA filed its motion. Due to the lapse in appropriations and the recency of AIDEA's permits being reinstated, as well as the need to confer with clients, counsel for Plaintiffs were not in a position to begin coordinating with Federal Defendants' counsel until November 19.

Plaintiffs and Federal Defendants have now begun to confer regarding the impact of the Defendant agencies' actions to substantively reinstate the permits that are challenged in this litigation. Additional time would provide the parties with an opportunity to propose next steps for the Court, which the Court may consider in conjunction with any decision to resolve AIDEA's motion. Such an approach could also result in judicial efficiencies by allowing the Court to resolve all matters related to the impact of the federal agencies' reinstatement of the decisions challenged and next steps in this case at one time.[9]

---

[8] *See* Miscellaneous General Order 25-14 (Oct. 20, 2025).

[9] In the event the court denies this motion, Plaintiffs request a 12-day extension, until December 17, 2025, to respond to AIDEA's motion and ask that any ruling on AIDEA's motion be held in abeyance until Plaintiffs' forthcoming motion to supplement the complaint is before this Court. AIDEA filed its motion shortly before a national holiday and when Plaintiffs' counsel and support staff will be out of the office for a significant

Pls. Mot. for Extension of Time
*N. Alaska Envtl. Ctr. v. Burgum*, Case No. 3:20-cv-00187-SLG　　　　　Page 5

Case 3:20-cv-00187-SLG　　Document 233　　Filed 11/26/25　　Page 5 of 7

In conclusion, Plaintiffs respectfully request that the Court adopt a scheduling order allowing Plaintiffs to file their motion to supplement their complaint and proposed supplemental complaint by January 22, 2026; extend the deadline for all responses to AIDEA's motion and to Plaintiffs' motion to supplement to February 12; and set Plaintiffs' reply deadline for any oppositions to the motion to supplement at February 19.

Respectfully submitted this 25th day of November, 2025.

    s/ Suzanne Bostrom
Bridget Psarianos (AK Bar No. 1705025)
Suzanne Bostrom (AK Bar No. 1011068)
Victoria Clark (AK Bar No. 0401001)
TRUSTEES FOR ALASKA

    s/ Roger Flynn (consent)
Roger Flynn (*pro hac vice*)
WESTERN MINING ACTION PROJECT

*Attorneys for Plaintiffs*

---

period, and therefore require additional time to prepare a response. Because it is unclear what rule AIDEA is moving under, *supra* note 1, out of an abundance of caution Plaintiffs base this extension request on this Court's 14-day time limit for "oppositions to all other motions." Local Civ. R. 7.2(b).

Pls. Mot. for Extension of Time
*N. Alaska Envtl. Ctr. v. Burgum*, Case No. 3:20-cv-00187-SLG    Page 6

Case 3:20-cv-00187-SLG    Document 233    Filed 11/26/25    Page 6 of 7

# CERTIFICATE OF SERVICE

      I certify that on November 26, 2025, I caused a copy of PLAINTIFFS' MOTION FOR EXTENSION OF TIME AND TO SET CASE MANAGEMENT SCHEDULE to be electronically filed with the Clerk of the Court for the U.S. District Court of Alaska using the CM/ECF system which will send electronic notification of such filings to the attorneys of record in this case.

                                              s/Bridget Psarianos
                                              Bridget Psarianos

Pls. Mot. for Extension of Time
*N. Alaska Envtl. Ctr. v. Burgum*, Case No. 3:20-cv-00187-SLG         Page 7

Case 3:20-cv-00187-SLG    Document 233    Filed 11/26/25    Page 7 of 7