# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| NORTHERN ALASKA ENVIRONMENTAL CENTER, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> DOUG BURGUM, in his official capacity as Secretary of the Interior, *et al.,* <br><br> Defendants, <br><br> and <br><br> AMBLER METALS, LLC, *et al.*, <br><br> Intervenor-Defendants. | Case No. 3:20-cv-00187-SLG |
| ALATNA VILLAGE COUNCIL, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> KEVIN PENDERGAST, in his official capacity as Alaska State Director for the U.S. Bureau of Land Management, *et al*., <br><br> Defendants, <br><br> and <br><br> AMBLER METALS, LLC, *et al.*, <br><br> Intervenor-Defendants. | Case No. 3:20-cv-00253-SLG |

**ORDER ON MOTION TO TERMINATE JURISDICTION, MOTION FOR EXTENSION OF TIME, AND NOTICE OF INTENT TO DISMISS CASE 253**

Before the Court at Docket 230 in Case No. 3:20-cv-00187 ("Case 187") and

at Docket 235 in Case No. 3:20-cv-00253-SLG ("Case 253") is Defendant-Intervenor Alaska Industrial Development and Export Authority's ("AIDEA") Motion to Terminate Retention of Jurisdiction. Plaintiffs in Case 187 filed an opposition to AIDEA's motion at Docket 242. In Case 253, Tribal Plaintiffs filed an opposition to AIDEA's motion at Docket 246. Federal Defendants filed a single response in support of AIDEA's motion at Docket 243 in Case 187 and at Docket 247 in Case 253. AIDEA filed a single reply in both cases, which is at Docket 246 in Case 187 and at Docket 250 in Case 253.

On May 17, 2022, the Court remanded this matter back to Federal Defendants for reconsideration of the agencies' 2020 decisions to grant approval for the Ambler Road Project. The Court also granted the parties' request at that time to retain jurisdiction, at least during the pendency of the remand proceedings.[1] No final judgment was entered.

AIDEA's current motion seeks "an order terminating the retention of jurisdiction, and directing the Clerk to close these cases."[2] AIDEA maintains that "[w]ith the issuance of President Trump's October, 2025 Decision approving the Ambler Road," the administrative reconsideration proceedings "are now indisputably over, and so the retention of jurisdiction ordered in 2022 has come to

---

[1] Case 187, Docket 143 at 22.

[2] Case 187, Docket 230 at 2.

Case No. 3:20-cv-00187-SLG, *Alatna Village Council, et al. v. Pendergast, et al.*
Case No. 3:20-cv-00253-SLG, *Northern Alaska Environmental Center, et al. v. Burgum*, et al.
Order
Page 2 of 7
Case 3:20-cv-00187-SLG   Document 267   Filed 03/09/26   Page 2 of 7

its natural end."³  Federal Defendants concur. They maintain that Plaintiffs' Administrative Procedure Act ("APA") claims in their operative complaints are no longer viable, because the APA does not authorize review of the President's action, as "the President is not an 'agency.'"⁴

Plaintiffs in each case oppose.  In Case 187, those Plaintiffs assert that "AIDEA's motion prematurely attempts to attack Plaintiffs' ability to supplement their complaint."⁵  They ask that if AIDEA's motion is not denied, "any ruling on AIDEA's motion be held in abeyance until Plaintiffs' forthcoming motion to supplement the complaint is before this Court."⁶  And on January 22, 2026, Plaintiffs in Case 187 filed a Motion to Amend and Supplement Complaint and Amend Parties, which is currently pending before the Court.⁷  In Case 253, Tribal Plaintiffs oppose, and in their December 23, 2025 opposition, state that "Plaintiffs are working diligently to bring the supplemental claims promptly after the Presidential Decision was issued in October of this year."⁸  However, to date, Tribal Plaintiffs in Case 253 have not filed a motion to supplement or amend their

---

³ Case 187, Docket 230 at 2.

⁴ Case 187, Docket 243 at 3 (quoting *Dalton v. Specter*, 511 U.S. 462, 470 (1994) (citation omitted)).

⁵ Case 187, Docket 242 at 2.

⁶ Case 187, Docket 242 at 2.

⁷ Case 187, Docket 250.

⁸ Case 253, Docket 246 at 7.

Case No. 3:20-cv-00187-SLG, *Alatna Village Council, et al. v. Pendergast, et al.*
Case No. 3:20-cv-00253-SLG, *Northern Alaska Environmental Center, et al. v. Burgum*, et al.
Order
Page 3 of 7
Case 3:20-cv-00187-SLG   Document 267   Filed 03/09/26   Page 3 of 7

complaint. In its reply, AIDEA emphasizes that the Court's May 2022 order stated, "[g]iven that all parties agree that the Court should retain jurisdiction during the pendency of the reconsideration [i.e. during the remand proceedings before the agencies], the Court will exercise its discretion and do so here."[9] AIDEA maintains Plaintiffs in both cases misread the 2022 order, which it maintains clearly envisioned this Court's retention of jurisdiction would only last while the matter was pending before the agencies, and that Plaintiffs "are free to challenge the subsequent actions in a new lawsuit."[10]

The Court finds that the denial of AIDEA's motion to terminate jurisdiction at this time is warranted. The Court disagrees with AIDEA's assertion that this case is "equivalent" to the issue before the Court in *United Cook Inlet Drift Ass'n*.[11] In that case, which originated in 2013, the district court had entered a final judgment on the merits after the Ninth Circuit had reversed the district court's first ruling on the merits, which remanded the agency's decision on Amendment 12 back to the National Marine Fisheries Services ("NMFS") to develop a new amendment. A few years later, NMFS adopted Amendment 14, which was an entirely new management plan for the applicable fishery. In 2021, Plaintiffs filed a motion to

---

[9] Case 187, Docket 246 at 2 (quoting Case 187, Docket 143 at 21).

[10] Case 187, Docket 246 at 3.

[11] Case 187, Docket 230 at 9 (citing *United Cook Inlet Drift Ass'n v. Nat'l Marine Fisheries Servs.*, Case No. 3:13-cv-00104-TMB, 2021 WL 5410890 (D. Alaska Nov. 18, 2021)).

Case No. 3:20-cv-00187-SLG, *Alatna Village Council, et al. v. Pendergast, et al.*
Case No. 3:20-cv-00253-SLG, *Northern Alaska Environmental Center, et al. v. Burgum*, et al.
Order
Page 4 of 7

supplement or amend their complaint in the 2013 case (without filing a motion to set aside the judgment) seeking to challenge Amendment 14. At the same time, Plaintiffs filed a new action challenging Amendment 14. In denying Plaintiffs' motion in the 2013 case, the Court quoted controlling Ninth Circuit authority that provides "after final judgment has been entered, a Rule 15(a) motion [to amend pleadings] may be considered only if the judgment is first reopened under Rule 59 or 60."[12]

Here, in contrast, no final judgment has been entered, and Plaintiffs maintain "[t]he agencies have now reinstated the very decisions that Plaintiffs challenged in this case and for which there is not yet a Court ruling on the merits."[13] And AIDEA's motion would have this Court terminate jurisdiction without considering the proposed supplemental complaints of Plaintiffs. But the Court finds that in these circumstances, whether to proceed with this litigation on the merits is best addressed in the context of determining Plaintiffs' motions to amend or supplement their complaints.

As noted above, in Case 187, Plaintiffs filed a motion to amend and

---

[12] *Cook Inlet*, 2021 WL 5410890, at *4 (quoting *Navajo Nation v. Dep't of Interior,* 876 F.3d 1144, 1173 (9th Cir. 2017)). *See also United Cook Inlet Drift Ass'n, et al. v. Nat'l Marine Fisheries Serv., et al.*, Case No. 3:21-cv-00255-SLG, Docket 143 (D. Alaska Sept. 27, 2024) (denying UCIDA's motion to enforce a new Amendment 16 in the case regarding Amendment 14 and requiring a new action to be filed challenging the newest amendment).

[13] Case 187, Docket 242 at 5-6.

Case No. 3:20-cv-00187-SLG, *Alatna Village Council, et al. v. Pendergast, et al.*
Case No. 3:20-cv-00253-SLG, *Northern Alaska Environmental Center, et al. v. Burgum*, et al.
Order
Page 5 of 7
Case 3:20-cv-00187-SLG    Document 267    Filed 03/09/26    Page 5 of 7

supplement their complaint in January 2026.[14] Intervenor-Defendants AIDEA, Ambler Metals, and NANA have all filed responses in opposition to that motion.[15] Federal Defendants filed a motion for extension of time to file their response to the motion "no later than 14 days after the Court's ruling" on AIDEA's motion to terminate.[16] Plaintiffs in Case 187 filed an opposition to Federal Defendants' motion at Docket 256. Federal Defendants did not file a reply to that opposition; did not seek expedited consideration of their extension request; and did not file an opposition to Plaintiffs' motion to amend the complaint. Nonetheless, the Court will grant Federal Defendants' motion for extension of time at Docket 253 in Case 187 and accord them 14 days from the date of this order to file their response to Plaintiffs' motion to amend the complaint in that case.

In Case 253, Tribal Plaintiffs have not filed a motion to amend or supplement their complaint, despite their assertion on December 23, 2025, of a "stated intent to supplement the complaint" and that "[s]upplementation, not premature dismissal, would be the appropriate next step in this case."[17] In light of the foregoing, the Court gives notice of its intent to dismiss Case 253 for lack of prosecution under Rule 41(b) of the Federal Rules of Civil Procedure for failure to

---

[14] Case 187, Docket 250.

[15] Case 187, Dockets 261, 263, 264.

[16] Case 187, Docket 253-1.

[17] Case 253, Docket 246 at 5.

Case No. 3:20-cv-00187-SLG, *Alatna Village Council, et al. v. Pendergast, et al.*
Case No. 3:20-cv-00253-SLG, *Northern Alaska Environmental Center, et al. v. Burgum*, et al.
Order
Page 6 of 7
Case 3:20-cv-00187-SLG   Document 267   Filed 03/09/26   Page 6 of 7

prosecute, unless, within 21 days of the date of this order, Tribal Plaintiffs file a motion to file an amended and/or supplemental complaint.

For the foregoing reasons,

1. AIDEA's Motions to Terminate Retention of Jurisdiction at Docket 230 in Case 187 and at Docket 235 in Case No. 253 are DENIED. The Court intends to determine whether to retain jurisdiction in this matter when determining whether to allow Plaintiffs leave to file an amended complaint at this time.

2. Federal Defendants' Motion for Extension of Time to File Response at Docket 253 in Case 187 is GRANTED as set forth above.

3. The Court gives notice of its intent to dismiss Case 253 for lack of prosecution unless Tribal Plaintiffs file a motion to amend and/or supplement the complaint in that case within 21 days of the date of this order.

DATED this 9th day of March, 2026, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:20-cv-00187-SLG, *Alatna Village Council, et al. v. Pendergast, et al.*
Case No. 3:20-cv-00253-SLG, *Northern Alaska Environmental Center, et al. v. Burgum*, et al.
Order
Page 7 of 7
Case 3:20-cv-00187-SLG    Document 267    Filed 03/09/26    Page 7 of 7