**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| NORTHERN ALASKA ENVIRONMENTAL CENTER, *et al.*, | |
| Plaintiffs, | |
| v. | |
| DOUG BURGUM, in his official capacity as Secretary of the Interior, *et al.*, | Case No. 3:20-cv-00187-SLG |
| Defendants, | |
| and | |
| AMBLER METALS, LLC, *et al.*, | |
| Intervenor-Defendants. | |

| | |
|---|---|
| ALATNA VILLAGE COUNCIL, *et al.*, | |
| Plaintiffs, | |
| v. | |
| KEVIN PENDERGAST, in his official capacity as Alaska State Director for the U.S. Bureau of Land Management, *et al.*, | Case No. 3:20-cv-00253-SLG |
| Defendants, | |
| and | |
| AMBLER METALS, LLC, *et al.*, | |
| Intervenor-Defendants. | |

**<u>ORDER ON MOTIONS TO AMEND AND SUPPLEMENT COMPLAINT</u>**

Before the Court at Docket 250 in Case No. 3:20-cv-00187-SLG ("Case 187") is Plaintiffs Northern Alaska Environmental Center, *et al.*'s Motion to Amend and Supplement Complaint and Amend Parties and at Docket 257 in Case No. 3:20-cv-00253-SLG ("Case 253") is Tribal Plaintiffs Alatna Village Council, *et al.*'s Motion to Amend and Supplement Complaint. In Case 187 at Docket 261 and in Case 253 at Docket 263, Intervenor-Defendant Alaska Industrial Development and Export Authority's ("AIDEA") responded in opposition. In Case 187 at Docket 263 and in Case 253 at Docket 265, Intervenor-Defendant Ambler Metals, LLC joined AIDEA in opposition. In Case 187 at Docket 264, Intervenor-Defendant NANA Regional Corporation ("NANA") filed a response in opposition and in Case 253 at Docket 267 NANA took no position on Tribal Plaintiffs' motion. In Case 187 at Docket 268, Defendants Doug Burgum, *et al.* responded in opposition, and in Case 253 at Docket 268, Defendants Kevin Pendergast, *et al.* responded in opposition. In Case 187, Plaintiffs replied at Docket 265 and Docket 272. In Case 253, Tribal Plaintiffs replied at Docket 270. Oral argument was not requested for either motion and was not necessary to the Court's determination.

Based upon the Court's review of the parties' filings, the Court finds that permitting the amendment and supplementation of the complaints in each action is warranted. While the parties opposing the supplementation of the complaints assert that the October 6, 2025 President's Order and Federal Defendants' actions following

Case No. 3:20-cv-00187-SLG, *Northern Alaska Environmental Center, et al. v. Burgum, et al.*
Case No. 3:20-cv-00253-SLG, *Alatna Village Council, et al. v. Pendergast, et al.*
Order on Motions to Amend and Supplement Complaint
Page 2 of 5

Case 3:20-cv-00187-SLG     Document 273     Filed 05/18/26     Page 2 of 5

the President's Order are "new, independent action[s]"[1] distinct from the 2020 and 2021 agency actions, the Court disagrees. The proposed supplemental claims clearly have some relationship to the subject of the original action; the Section 1106 Order of the President was by statute an "appeal" in the course of the Ambler Road permitting process,[2] and directed the agencies to "reissue" and "reinstate" their previous approvals of the Ambler Road Project—the same approvals that formed the basis of Plaintiffs' original complaints in this action.[3] As such, Plaintiffs in Case 187 seek to add the President as a Defendant. The Ninth Circuit instructs that when proposed supplemental claims have some relationship to the subject of the original action, supplementation "ought to be allowed as of course, unless some particular reason for disallowing them appears."[4] No such particular reason exists here, particularly as the Court has yet to reach the merits of these cases, no final judgment has been issued in either case, and this Court recently declined to terminate jurisdiction pending review of the proposed supplemental complaints.[5] The Circuit has also held that "[w]hile some relationship must exist between the newly alleged

---

[1] Case 253, Docket 263 at 17.

[2] *See* 16 U.S.C. § 3166(a)(1)(B).

[3] *See* Decision of the President and Statement of Reasons, 90 Fed. Reg. 48167, 48190-92 (Oct. 6, 2025).

[4] *Keith v. Volpe*, 858 F.2d 467, 473 (9th Cir. 1988) (quoting *New Amsterdam Cas. Co. v. Waller*, 323 F.2d 20, 28-29 (4th Cir. 1963).

[5] Case 187, Docket 267.

Case No. 3:20-cv-00187-SLG, *Northern Alaska Environmental Center, et al. v. Burgum, et al.*
Case No. 3:20-cv-00253-SLG, *Alatna Village Council, et al. v. Pendergast, et al.*
Order on Motions to Amend and Supplement Complaint
Page 3 of 5

matters and the subject of the original action, they need not all arise out of the same transaction."[6]  Accordingly, because each of the proposed amended and supplemental complaints may proceed, this Court will retain jurisdiction in each of these cases.  Further, the Court does not find that any of the parties opposing the new complaints has demonstrated that permitting these amended pleadings would be futile.  Rather, whether the President's Order and the agency actions following the Presidential Order are reviewable are issues better addressed on the merits, particularly as the interpretation of Section 1106 appears to present a question of first impression.

For the foregoing reasons, Plaintiffs' Motion to Amend and Supplement Complaint and Amend Parties in Case 187 at Docket 250 and Tribal Plaintiffs' Motion to Amend and Supplement Complaint in Case 253 at Docket 257 are each **GRANTED**.  Each set of Plaintiffs is directed to file a clean copy of its Amended and Supplemental Complaint **within 7 days** of the date of this order.  In Case 187, Plaintiff Alaska Wilderness League is added as a Plaintiff and National Audubon Society and Alaskans for Wildlife are removed as Plaintiffs, with prejudice.  President Donald Trump is added to Case 187 as a Defendant, with the case caption amended to have Donald J. Trump, in his official capacity as President of the United States, appearing as the first-listed Defendant.

---

[6] *Keith*, 858 F.2d at 474.

Case No. 3:20-cv-00187-SLG, *Northern Alaska Environmental Center, et al. v. Burgum, et al.*
Case No. 3:20-cv-00253-SLG, *Alatna Village Council, et al. v. Pendergast, et al.*
Order on Motions to Amend and Supplement Complaint
Page 4 of 5

Case 3:20-cv-00187-SLG     Document 273     Filed 05/18/26     Page 4 of 5

Plaintiffs in Case 187 are direct to promptly effectuate service on the newly added Defendant, unless such service is waived.

All other Defendants and Intervenor-Defendants shall answer or otherwise respond to each Amended and Supplemental Complaint **within 21 days** of the date of this order.

The parties are directed to meet and confer and file a proposed briefing schedule in each case **within 21 days** of the date of this order.

DATED this18th day of May, 2026, at Anchorage, Alaska.

/s/ Sharon L. Gleason
UNITED STATES DISTRICT JUDGE

Case No. 3:20-cv-00187-SLG, *Northern Alaska Environmental Center, et al. v. Burgum, et al.*
Case No. 3:20-cv-00253-SLG, *Alatna Village Council, et al. v. Pendergast, et al.*
Order on Motions to Amend and Supplement Complaint
Page 5 of 5

Case 3:20-cv-00187-SLG    Document 273    Filed 05/18/26    Page 5 of 5